**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, <br><br>        Plaintiffs, <br><br>      v. <br><br> CINRAM INTERNATIONAL INC., CINRAM INC., CINRAM MANUFACTURING INC., and John Does No. 1 through 100, <br><br>        Defendants. | Civil Action No. <br> 08 CV 00515 (CLB)(MDF) |

## SUPPLEMENTAL FED. R. CIV. P. 26(f) REPORT AND STIPULATED SCHEDULING ORDER

Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively "Philips") and Cinram International, Inc., Cinram Inc., and Cinram Manufacturing Inc. (collectively "Cinram") hereby submit this Supplemental Fed. R. Civ. P. 26(f) Report and Stipulated Scheduling Order, addressing issues considered by the parties but not covered by the Court's form for Civil Case Discovery Plan and Scheduling Order.

### I.    PARTIES' MEET AND CONFER

The parties, through counsel, met and conferred in a series of communications between March 6 and 26, 2008.

### II.    PROPOSED SCHEDULE

1.    Fact and expert discovery and deadlines:  The parties plan to conduct discovery relating to all of the claims and defenses set forth in the First Amended Complaint, Answer, Counterclaims (if any) and on such other issues that may arise as the action proceeds.  The

parties propose the schedule set forth in the following chart.

      2.     The parties have agreed to the dates set forth below, although Defendants note that the need for a claim construction hearing may be obviated if the relevant issues are more efficiently resolved as a part of a summary judgment.

| Event | Joint Proposal |
|---|---|
| Parties exchange list of claim terms requiring construction, and each list shall include the party's proposed claim construction, as well as the intrinsic and extrinsic evidence on which the party will rely to support its proposed construction. | 7/22/08 |
| Joint or individual technical tutorials to the Court, should the Court wish to have them. | On or about 8/1/08 |
| Each side files simultaneous opening claim construction briefs. | 8/12/08 |
| Each side files simultaneous responses to opening claim construction briefs. | 8/26/08 |
| Claim Construction Hearing. | On or about 9/17/08 |
| Post-Discovery Status Conference. | 1/19/09 |
| Each party serves expert witness disclosures on issues on which it bears the burden of proof. | 11/10/08 |
| Each party serves expert witness disclosures on issues on which the opposing party bears the burden of proof. | 12/1/08 |
| Each party serves rebuttal expert witness disclosures. | 12/15/08 |

| Event | Joint Proposal |
|---|---|
| Expert depositions to be completed. | 1/19/09 |
| Dispositive and Non-Dispositive Motions. | Motions:  1/26/09<br>Oppositions: 2/16/09<br>Reply: 2/26/09 |
| Trial Ready Date. | 4/20/09 |

III.     **Proposed Changes to Requirements of Federal Rules of Civil Procedure and  Local Rules**

1.      The parties do not propose changing the form or requirements for disclosures under Fed. R. Civ. P. 26.  Such disclosures were made or will be made on March 28, 2008, by agreement of the parties.

2.      The parties agree that service by fax or email to all counsel of record shall be required, and shall be the same as service by first class mail under Fed. R. Civ. P. 6.

IV.     **Limitations on Discovery**

1.      The parties agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure and the Local Civil Rules.

2.      The parties have agreed that discovery must be served and depositions must be noticed sufficiently in advance of the date designated in the concurrently filed Civil Case Discovery Plan and Scheduling Order as the close of fact discovery so that responses are due, and depositions are completed, on or before the close of fact discovery.  Motions to compel may be filed after the date designated as the close of fact discovery.

3.      The parties agree that the limitations set forth in the Federal Rules of Civil

Procedure with respect to the number of regular interrogatories is appropriate for this action. With respect to depositions, the parties agree that (a) each side is limited to 15 fact depositions (including depositions of third parties), (b) each separately noticed deposition under Fed. R. Civ. P. 30(b)(6) shall be counted as one deposition, (c) each 30(b)(6) witness produced by any party may be deposed a maximum of seven hours on the topics for which he/she has been designated, and (d) each witness who testifies in a language other than English may be deposed for a maximum of 14 hours. Defendants' position is that plaintiffs should produce in this venue the foreign witnesses who are within plaintiffs' control.

4.     The parties agree that requests for admissions relating to the merits shall be limited to 25 per side and contention interrogatories shall be limited to 15 per side (which shall be in addition to 25 regular interrogatories), and that such requests for admissions and contention interrogatories shall be served no later than January 26, 2009. Requests for admissions for purposes of document authentication shall be limited to 150 in number per side and shall be served so that responses are due on or before February 20, 2009.

5.     The parties anticipate the need for the entry of a protective order to protect their confidential information, and are negotiating a Stipulated Protective Order for entry by the Court.

## V.     Electronic Discovery

The parties have discussed the preservation of discoverable information. Each party believes it is taking adequate steps to preserve such information. The parties have also discussed the forms in which electronically stored information shall be produced, but have not agreed on the form in which such information shall be produced. Philips' position is that electronically

stored information shall be produced according to the attached technical specifications (Exhibit A), unless otherwise specified in a particular discovery request (subject to objections of the producing party), or otherwise agreed by the parties. Defendants' position is that each party be able to obtain documents in the form in which they are maintained in the ordinary course of business, as specified in Fed. R.Civ.P. 34(b)(2)(E)(i). The parties believe this issue need not be resolved by the Court at this time, but wish to make clear that each party believes that its position is intended to be consistent with Fed. R. Civ. P. 26 and 34 with respect to electronically stored information.

**VI.    Production of Privileged Information**

The parties agree that the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) relating to the production of privileged, work product, and/or trial preparation materials should not be varied in this action, and that such material dated after the filing date of this action need not be logged.

**VII.    Procedures for Claims Construction Hearing**

1.    The parties wish to maintain the option of presenting live testimony, subject to cross examination, at the claims construction hearing.

2.    The order of presentation at the claims construction hearing shall be determined by the Court.

3.    The parties agree that if either party presents expert opinions or testimony, or testimony of fact witnesses, in documents submitted to the Court relating to claims construction or at the claims construction hearing, the other party shall have the opportunity to depose such expert(s) and/or fact witnesses prior to the claims construction hearing.

**VIII.    Magistrate and Special Master**

1.    The parties agree, at this time, that they do not consent to have this matter tried by a United States Magistrate Judge.

2.    The parties agree that the Court will not need to appoint a special master at the present time.

## IX.    SETTLEMENT

The parties have made settlement proposals but are presently not engaged in any active settlement or dispute resolution discussions.

*Attorneys for Philips*

By: /s/ Christopher J. Houpt
Christopher J. Houpt
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel: (212) 506-2380
Fax: (212) 849-5830

*Attorneys for Cinram*

By: /s Ivan Kavrukov
Ivan Kavrukov
William Pelton
Tonia Sayour
Gregory Carbo
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 278-0400
Fax: (212) 391-0525

*Of Counsel:*

Vince P. Kovalick (*pro hac vice*)
John F. Hornick (*pro hac vice*)
Samuel C. Bass (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Tel: (650) 331-2000

Fax: (650) 331-2060

# Exhibit A

Documents shall be produced by any party in the following form:

Single page tiffs with a IPRO load file (LFP) and Opticon load file (OPT). To load documents into Concordance please use the concordance default (dat).

Image file format

Unless otherwise stated in the project instructions, images must be single page TIFF group IV format imaged at 300dpi.

Each filename must be unique and match the image key.

Volume Names

Each volume must have its own unique name and a consistent naming convention (e.g., ZZZ_001 or SMITH001) must be used for every media delivery. The CD volume name should consist of no more than 8 characters.

The media format (e.g., CD, DVD, hard drive) must be agreed upon by all parties.

If CDs or DVDs are being produced, each must be labeled with the volume name physically on the media, not just the media container.

Media content and structure

Each media delivery must be consistent in structure.

The root folder must be named the same as the volume name.

All images should reside under D:\<Volume name>\Images

Depending on volume, images may reside in subfolders within the Images directory. The subfolder names should be consistent and zero-filled (e.g., 0001,0002â€¦0010). Empty or skipped folders are not acceptable.

No more than 9,999 images should reside in any one subfolder.

Documents should not be split across directories if the deliverable is for Summation.

| D:\<Volume name>\OCR | Should contain OCR, if applicable |
| D:\<Volume name>\Data | Should contain load files, database, coding if applicable |

| D:\<Volume name>\Native | Any native files should be contained in this folder |
|---|---|

Each media delivery must contain the appropriate â€œloadâ€ files and must be self-contained. Load files should reference only the data on that piece of media.

Data files

The name of the data files must match the CD volume name.

We require an LFP (IPRO) cross reference file.

Example:

IM,XY0022167,D,0,@XYPROD04;IMAGES\0001;XY0022167.TIF;2

IM,XY0022168, ,0,@XYPROD04;IMAGES\0001;XY0022168.TIF;2

IM,XY0022169, ,0,@XYPROD04;IMAGES\0001;XY0022169.TIF;2

IM,XY0022170,D,0,@XYPROD04;IMAGES\0001;XY0022170.TIF;2

IM,XY0022171, ,0,@XYPROD04;IMAGES\0001;XY0022171.TIF;2

IM,XY0022172,D,0,@XYPROD04;IMAGES\0001XY0022172.TIF;2

IM,XY0022173, ,0,@XYPROD04;IMAGES\0001;XY0022173.TIF;2

The LFP must contain document boundaries (as referenced by the D in the example above).

We also require an OPT (Opticon or Concordance Image) load file:

CR002-000001,CR003,D:\IMAGES\00\00\CR002-000001.TIF,Y,,,4

CR002-000002,CR003,D:\IMAGES\00\00\CR002-000002.TIF,,,,

CR002-000003,CR003,D:\IMAGES\00\00\CR002-000003.TIF,,,,

CR002-000004,CR003,D:\IMAGES\00\00\CR002-000004.TIF,,,,

CR002-000005,CR003,D:\IMAGES\00\00\CR002-000005.TIF,Y,,,2

CR002-000006,CR003,D:\IMAGES\00\00\CR002-000006.TIF,,,,

CR002-000007,CR003,D:\IMAGES\00\00\CR002-000007.TIF,Y,,,3

CR002-000008,CR003,D:\IMAGES\00\00\CR002-000008.TIF,,,,

CR002-000009,CR003,D:\IMAGES\00\00\CR002-000009.TIF,,,,

CR002-000010,CR003,D:\IMAGES\00\00\CR002-000010.TIF,Y,,,4

We require a text file containing the beginning and ending document numbers. The file should be named <volume name>.DAT. The following delimiters (Concordance default) should be used:

Comma (020), Quote (254), Newline (174).

Example:

Ã¾BBATESÃ¾   Ã¾EBATESÃ¾

Ã¾XY0600112Ã¾   Ã¾XY0600112Ã¾

Ã¾XY0622773Ã¾   Ã¾XY0622773Ã¾

Ã¾XY0622775Ã¾   Ã¾XY0622776Ã¾

Ã¾XY0622781Ã¾   Ã¾XY0622781Ã¾

Summation load files

If we request a load file for Summation (DII), it should contain the following standard tokens:

@FULLTEXT (if applicable)

@C Enddoc#

@C PGCount

Database must be sorted in ascending order by Bates number.