UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | : : : | |
| Plaintiffs, | : : | Civil Action No.08-cv-0515 (CLB)(MDF) |
| v. | : : | ECF Case |
| CINRAM INTERNATIONAL INC., CINRAM INC., CINRAM MANUFACTURING INC., and John Does No. 1 through 100, | : : : : : | **AMENDED ANSWER AND COUNTERCLAIM** |
| Defendants and Counterclaim Plaintiffs, | : : : | |
| v. | : : | |
| PHILIPS INTELLECTUAL PROPERTY AND STANDARDS, | : : : | |
| Counterclaim Defendants. | : : | |

Defendants Cinram International Inc., Cinram Inc., and Cinram Manufacturing Inc. (collectively referred to as "Cinram"), hereby respond to the First Amended Complaint by Koninklijke Philips Electronics N.V. ("Philips N.V.") and U.S. Philips Corporation ("U.S. Philips") (collectively referred to as "Philips") by and through their counsel as follows:

1.      The allegations contained in Paragraph 1 appear to characterize the nature of this case.   To the extent a response is required, Cinram denies the allegations contained in Paragraph 1.

**THE PARTIES**

2.      Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and, therefore, denies them.

1

3.      Cinram admits the allegations contained in Paragraph 3.

4.      Cinram admits the allegations contained in Paragraph 4.

5.      Cinram admits the allegations contained in Paragraph 5.

6.      Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and, therefore, denies them.

## JURISDICTION AND VENUE

7.      Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and, therefore, denies them.

8.      Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and, therefore, denies them.

9.      The allegations contained in Paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 9.

10.      The allegations contained in Paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 10.

11.      Cinram denies the allegations contained in Paragraph 11.

## FACTS RELATED TO PHILIPS

12.      Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies them.

13.      Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies them.

14. Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies them.

15. Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies them.

16. Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies them.

17. Cinram admits Exhibit A to the Amended Complaint is a purported copy of the '846 patent but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, therefore, denies them, and specifically denies that the '846 was duly and legally issued after full and fair examination or that it is valid and subsisting.

18. Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies them.

## FACTS RELATED TO CINRAM

19. Cinram admits that Philips N.V. and Cinram are parties to a license agreement which bears the title "CD Disc Patent License Agreement" ("License Agreement") and that Exhibit B to the Amended Complaint purports to be a copy of that License Agreement, which states that it was entered into on December 1, 2004, but denies the remaining allegations contained in numbered Paragraph 19.

20. Cinram admits that Philips N.V. and Cinram are parties to a "Side Letter" and that Exhibit C to the Complaint purports to be a copy of that Side Letter, which states that it has "an effective date of December 1, 2004" and that it was signed by Cinram on December 22, 2004, but denies the remaining allegations contained in numbered Paragraph 20

21.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 21.

22.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 22.

23.     Cinram admits that the '846 patent is and was listed in Annex A1 but denies the remaining allegations contained in Paragraph 23.

24.     Cinram admits that ¶1.23 of the Agreement refers to Philips N.V. commissioning an independent expert to review the patents listed in Annexes A1 through A8 to determine whether each patent is "essential", but denies the remaining allegations contained in Paragraph 24.

25.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 25.

26.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies them.

27.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 27.

28.     Cinram denies Philips' characterization of the Agreement and the remaining allegations contained in Paragraph 28.

29.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 29.

30.     Cinram admits that the agreement contains the quoted language but denies the remaining allegations contained in Paragraph 30.

31.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies them.

32.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 32.

33.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 33.

34.      The allegations contained in Paragraph 34 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 34.

35.     Cinram admits that the agreement contains the quoted language but denies the remaining allegations contained in Paragraph 35.

36.     The allegations contained in Paragraph 36 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 36.

### FACTS RELATING TO BREACH OF CONTRACT CLAIM

37.     Cinram admits that the Agreement contains the quoted language but denies Philips' characterization of the Agreement and the remaining allegations contained in Paragraph 37.

38.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 38.

39.     Cinram denies the allegations contained in Paragraph 39.

40.     Cinram admits that it has paid royalties for CD-Discs but denies the remaining allegations contained in Paragraph 40.

41.     Cinram admits that it manufactures CD-Discs at two U.S. plants, Olyphant, PA ("Olyphant") and Richmond, IN ("Richmond"), and in Canada, but denies the remaining allegations contained in Paragraph 41.

42.     Cinram denies the allegations contained in Paragraph 42.

43.     Cinram denies the allegations contained in Paragraph 43.

44.     Cinram denies the allegations contained in Paragraph 44.

45.     Cinram denies the allegations contained in Paragraph 45.

46.     Cinram admits that CD-Discs it makes are sold in the United States but denies the remaining allegations contained in Paragraph 46.

47.     Cinram denies the allegations contained in Paragraph 47.

48.     Cinram denies the allegations contained in Paragraph 48.

## FACTS RELATING TO PATENT INFRINGEMENT CLAIM

49.     Cinram denies the allegations contained in Paragraph 49.

50.     The allegations contained in Paragraph 50 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 50.

51.     Cinram denies the allegations contained in Paragraph 51.

52.     Cinram denies the allegations contained in Paragraph 52.

53.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and, therefore, denies them.

## COUNT I
## BREACH OF CONTRACT

54.     Cinram repeats and reasserts all responses to Paragraphs 1 through 53 as if they were stated in full herein.

55.     Cinram admits that it has not terminated the Agreement and Side Letter with Philips N.V. but denies the remaining allegations contained in Paragraph 55.

56.     The allegations contained in Paragraph 56 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 56.

57.     The allegations contained in Paragraph 57 are legal conclusions to which no response is required.  To the extent a response is required, Cinram admits that the Agreement contains language to the effect that Philips is bound to seek resolution of any disputes related to the Agreement in the Courts of New York but denies the remaining allegations contained in Paragraph 57.

58.     Cinram denies the allegations contained in Paragraph 58.

59.     Cinram denies the allegations contained in Paragraph 59.

60.     Cinram denies the allegations contained in Paragraph 60.

61.     Cinram denies the allegations contained in Paragraph 61.

62.     Cinram lacks denies Philips' characterization of the Agreement and denies the remaining allegations contained in Paragraph 62.

63.     The allegations contained in Paragraph 63 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies Philips' characterization of the Agreement and denies the remaining allegations contained in Paragraph 63.

64.     Cinram denies the allegations contained in Paragraph 64.

## COUNT II
## PATENT INFRINGEMENT

65.     Cinram repeats and reasserts all responses to Paragraphs 1 through 64 as if they were stated in full herein.

66.     Cinram denies the allegations contained in Paragraph 66.

67.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and, therefore denies them.

68.     Cinram denies the allegations contained in Paragraph 68.

69.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and, therefore denies them.

70.     Cinram admits that records show that a Reexamination Request for the '846 patent was filed in the Patent Office on December 8, 2004 and that Exhibit D to the Amended Complaint purports to be a copy of a Reexamination Certificate but denies the allegations contained in Paragraph 70.

71.     Cinram admits that the '846 patent has been listed in Annex 1 of the Agreement but denies the remaining allegations contained in Paragraph 71.

72.     Cinram denies the allegations contained in Paragraph 72.

73.     Cinram denies the allegations contained in Paragraph 73.


## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Cinram has not directly or contributorily infringed any claim of the patent-in-suit, nor has it induced others to infringe the patent-in-suit.

## SECOND AFFIRMATIVE DEFENSE

The patent-in-suit is unenforceable due to Philips' patent misuse, prosecution laches, and inequitable conduct, namely, Philips' intentional failure to timely inform the Patent Examiner of material prior art and other information known to Philips, including by Philips abandoning an allowed patent application in favor of a continuing patent application with the same claims, and by Philips submitting prior art in a reexamination proceeding in a manner ensuring that the Patent Office would not consider it on the merits.

## THIRD AFFIRMATIVE DEFENSE

The patent-in-suit is invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by waiver.

## EIGHTH AFFIRMATIVE DEFENSE

If plaintiffs suffered damages as alleged, plaintiffs failed to mitigate such damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff U.S. Philips Corporation lacks standing to assert breach of contract claims because it is not the licensing entity, and plaintiff Koninklijke Philips Electronics N.V. lacks

standing to assert patent infringement or contract claims under the '846 patent because it does not own the licensed patent.

### TENTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim on which relief may be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

Philips is estopped to construe the claims to of the '846 Patent to cover any products made, used, sold, offered for sale or imported by Cinram because of statements, amendments, or actions taken during the prosecution of the '846 Patent.

### TWELVTH AFFIRMATIVE DEFENSE

The claims of the '846 Patent cannot be construed to cover any product made, used, sold, offered for sale or imported by Cinram and avoid the prior art.

### THIRTEENTH AFFIRMATIVE DEFENSE

Philips is not entitled to an injunction or any other equitable remedy because it has an adequate remedy at law.

### COUNTERCLAIMS

Cinram counterclaims against Philips and Philips Intellectual Property Standards ("Philips IPS") as follows:

### EXISTENCE OF ACTUAL CONTROVERSY

1.     These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§2201(a) and 2202.

2.     An actual justiciable controversy, as set forth in this counterclaim, exists between Cinram and Philips concerning the validity, enforceability and infringement of the patent-in-suit.

## THE PARTIES

3.      Plaintiff-in-Counterclaim, Cinram International Inc. is a corporation organized under the laws of Canada with a place of business at 2255 Markham Road, Scarborough, Ontario, Canada.

4.      Plaintiff-in-Counterclaim, Cinram Inc. is a corporation organized under the laws of Delaware with a place of business at 1600 Rich Road, Richmond, Indiana.

5.      Plaintiff-in-Counterclaim, Cinram Manufacturing Inc. is a corporation organized under the laws of Delaware with a place of business at 1400 East Lackawanna Ave., Olyphant, Pennsylvania.  Cinram International Inc., Cinram Inc., and Cinram Manufacturing Inc. are collectively referred to as "Cinram".

6.      Upon information and belief, Defendant-in-Counterclaim Koninklijke Philips Electronics N.V. is a corporation organized under the laws of The Netherlands with its place of business in Amsterdam, the Netherlands.

7.      Upon information and belief, Defendant-in-Counterclaim U.S. Philips Corporation is a corporation organized under the laws of Delaware with places of business at 1251 Avenue of the Americas, New York, New York, and at 345 Scarborough Rd., Briarcliff Manor, New York.  Defendants-in-Counterclaim Koninklijke Philips Electronics N.V. and U.S. Philips Corporation are collectively referred to as "Philips".

8.      Upon information and belief, Defendant-in-Counterclaim Philips Intellectual Property Standards has places of business in Eindhoven, the Netherlands and 345 Scarborough Rd., Briarcliff Manor, New York.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over Cinram, Philips and Philips IPS, and over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201 and 2202 and under the doctrines of pendent and supplemental jurisdiction.

10.     By filing its Complaint, Philips has consented to the personal jurisdiction of this Court.

11.     Venue is proper in this Court under 28 U.S.C. §§1391(b) and 1400(b).

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

12.     Cinram repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

13.     Cinram has not infringed, nor does it now infringe, any claim of the patent-in-suit.

14.     Cinram has not induced, nor does it now induce, infringement of any claim of the patent-in-suit.

15.     Cinram has not contributorily infringed, nor does it now contributorily infringe, any claim of the patent-in-suit.

16.     Cinram is entitled to a declaratory judgment that it has not directly, contributorily, or by inducement, infringed any claim of the patent-in-suit.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY)

17.     Cinram repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

18.     The patent-in-suit is invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

19.    On information and belief, Philips repeatedly delayed issuance of the '846 patent by unreasonable and unexplained delays in the prosecution of the chain of continuing patent applications commencing with the initial filing in 1973 culminating in the issuance of the patent in 1991 and an Ex Parte Reexamination Certificate in 2006, making the patent unenforceable because of prosecution laches.

20.    On information and belief, Philips unreasonably delayed submitting prior art to the Patent Examiner, or withheld prior art from the Patent Examiner, making it impractical or impossible for the Patent Examiner to fully consider such prior art and thereby rendering the '846 patent unenforceable.

21.    Cinram is entitled to a declaratory judgment that the patent-in-suit is invalid.

## COUNT III
## (DECLARATORY JUDGMENT OF PATENT MISUSE)

22.    Cinram repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

23.    On information and belief, Philips imposed Standards Specifications as a *de facto* requirement in the CD industry for the manufacture of CD-Discs.

24.    Philips declared that the '846 patent was "essential" for compliance with the Standard Specifications by all CD-Discs.

25.    The '846 patent is not "essential" for manufacturing CD-Discs that meet the Standard Specifications.

26.    Manufacturing innovations made by Cinram make it possible to manufacture CD-Discs that meet the Standard Specifications without use of the '846 patent

27.    Philips has misused its patent rights by claiming that the use of the '846 patent is necessary for compliance with the Standard Specifications when in fact it is not.

28.     The '846 patent is unenforceable based on Philips' misuse of this patent, and Cinram is entitled to a declaration as such.

## COUNT IV
## (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP)

29.     Cinram repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

30.     On January 31, 2008, Philips sent a letter to Cinram customers for CD-Discs, misleadingly alleging that a royalty was owed on the customers' CDs because they were purchased from manufacturers who do not pay Philips CD Disc royalties.  However, Cinram does pay Philips CD Disc royalties when they are required under other patents pursuant to the License Agreement.  Further, Philips misleadingly alleged in the same letter that the CD-Discs that the customer had purchased infringe a patent that is not in suit and, according to material published by Philips, does not apply to CD-Discs of the type that the customer had purchased.

31.     On February 13, 2008, Philips sent a letter to another, indirect customer of Cinram, misleadingly alleging that all of the CDs purchased by the customer went unreported and unpaid, when in fact CDs covered by existent patents were both reported and paid for.  In addition, Philips improperly attempted to divert the customer to another supplier of CD Discs based on the allegations made in its February 13 letter.

32.     On information and belief, Philips made the statements in its January 31 and February 13, 2008 letters knowing that theses statements were false and misleading.  On information and belief, Philips made these statements with the sole purpose of harming Cinram. As a direct result of Philips' knowingly false and misleading allegations, Cinram's business relationship with its customers has been harmed causing Cinram damages of a currently unknown amount.

33.    Philips has tortiously interfered with Cinram's business relationships, and Cinram is entitled to a declaration as such, along with monetary and injunctive relief.

## COUNT V
## (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP)

34.    Cinram repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

35.    On information and belief, Philips IPS is involved in the formulation of formal standards and regulations as well as the licensing of intellectual property.  Philips IPS maintains a website with a searchable database of manufacturers who are licensed to make CDs.

36.    On information and belief, Cinram's existing and prospective customers periodically check Philips IPS' database of licensed manufacturers to confirm that Cinram has a subsisting "joint" patent license from Philips.

37.    As of at least April 3, 2008, Philips and Philips IPS removed Cinram from the database of licensed CD manufacturers for the U.S. Territory even though the CD License Agreement between Philips N.V. and Cinram is subsisting and has not been canceled by Philips nor by Cinram, as stated in ¶55 of Philips' Amended Complaint.

38.    On information and belief, Philips and Philips IPS publicly asserted that Cinram is not a licensed manufacturer of CDs in the U.S., by removing Cinram from the list of licensed CD manufacturers maintained on Philips IPS' website, knowing that this assertion is false and misleading.  On information and belief, Philips and Philips IPS made this assertion with the sole purpose of harming Cinram.  As a direct result of Philips and Philips IPS' knowingly false and misleading allegations, Cinram's business relationship with its customers has been harmed, causing Cinram damages of a currently unknown amount.

39.    Philips and Philips IPS have tortiously interfered with Cinram's business relationships, and Cinram is entitled to a declaration as such, along with monetary and injunctive relief.

## EXCEPTIONAL CASE

40.    This is an exceptional case entitling Cinram to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. §285, as a result of, *inter alia*, Philips' assertion of the '846 patent against Cinram with the knowledge that the '846 patent is not infringed and/or is invalid.

## REQUEST FOR RELIEF

WHEREFORE, Cinram respectfully requests that:

1.    The First Amended Complaint be dismissed with prejudice as to Cinram and Cinram be awarded its costs for this action;

2.    Judgment be entered declaring that the patent-in-suit is not infringed by Cinram and is invalid and unenforceable;

3.    Judgment be entered declaring that Cinram has not contributorily infringed the patent-in-suit, and has not induced others to infringe the patent-in-suit;

4.    Judgment be entered declaring that Philips has tortiously interfered with Cinram's business relationships and Cinram be awarded damages as well as an injunction prohibiting Philips from sending further false and misleading communications to Cinram's customers.

5.    Judgment be entered declaring that Philips and Philips IPS have tortiously interfered with Cinram's business relationships and Cinram be awarded damages as well as an injunction prohibiting Philips and Philips IPS from falsely stating on its website that Cinram is not a licensed manufacturer of CDs in the U.S..

6.    Judgment be entered declaring this to be an exceptional case under 35 U.S.C. §285, and Cinram be awarded its attorneys' fees and expert fees incurred for defending  this action and prosecuting its counterclaim; and

7.    Cinram be granted such other relief as the Court deems just and proper.

## **JURY TRIAL**

Cinram requests a jury trial on all its claims.


Dated: April 9, 2008                         Respectfully submitted,


                                         S/ Gregory J. Carbo_____
                                        Ivan Kavrukov
                                        William E. Pelton
                                        Tonia A. Sayour
                                        Gregory J. Carbo
                                        COOPER & DUNHAM LLP
                                        1185 Avenue of the Americas
                                        New York, New York 10036
                                        Tel:  (212) 278-0400
                                        Fax:  (212) 391-7550
                                        ikavrukov@cooperdunham.com
                                        gcarbo@cooperdunham.com

                                        Attorneys for Defendants
                                        Cinram International Inc., Cinram Inc.,
                                        And Cinram Manufacturing Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of April, 2008, I electronically filed the foregoing

AMENDED ANSWER AND COUNTERCLAIM with the Clerk of the Court using the CM/ECF

system, which will send notification of such filing to the following:

        Edward D. Johnson
        MAYER BROWN LLP
        Two Palo Alto Square, Suite 300
        3000 El Camino Real
        Palo Alto, California 94306-2112
        wjohnson@mayerbrown.com

        Vince P. Kovalick
        John F. Hornick
        Samuel C. Bass
        FINNEGAN, HENDERSON, FARABOW,
          GARRETT & DUNNER, L.L.P.
        901 New York Avenue, N.W.
        Washington, D.C. 20001
        vince.kovalick@finnegan.com
        John.Hornick@finnegan.com
        Samuel.Bass@finnegan.com

        Christopher J. Houpt
        MAYER BROWN LLP
        1675 Broadway
        New York, New York 10019
        choupt@mayerbrown.com

                        <u>S/ Gregory J. Carbo</u>
                        Gregory J. Carbo