# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KONINKLIJKE PHILIPS ELECTRONICS N.V.
and U.S. PHILIPS CORPORATION,

      Plaintiffs and Counterclaim
      Defendants,

   v.

CINRAM INTERNATIONAL INC., CINRAM
INC., CINRAM MANUFACTURING INC., and
John Does No. 1 through 100,

      Defendants and Counterclaim
      Plaintiffs.

ECF Case

Civil Action No. 08 CV 00515 (CLB)(MDF)
The Honorable Charles L. Brieant

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PHILIPS' MOTION TO DISMISS
CINRAM'S PATENT MISUSE AND
TORTIOUS INTERFERENCE
COUNTERCLAIMS AND TO DROP
PHILIPS INTELLECTUAL PROPERTY
STANDARDS AS A COUNTERCLAIM
DEFENDANT**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION    1

II.   ARGUMENT    2

    A.    Cinram's Counterclaim For Patent Misuse Should Be Dismissed    2

    B.    Cinram Fails To Plead Necessary Elements of Tortious Interference    3

        1.    Cinram Fails To Allege That Any Specific Contracts Or Business Relationships Have Been Damaged    3

        2.    Cinram Fails To Plead Knowledge And Intentional Interference    4

        3.    Cinram Fails To Plead Facts Supporting The Third Element: Malice    5

        4.    Cinram Cannot State A Tortious Interference Claim Based On Philips' Alleged Acts    6

    C.    Because Philips IPS Is Not An Independent Legal Entity, Cinram May Not Maintain Claims Against It    9

III.  CONCLUSION    10

# TABLE OF AUTHORITIES

**Page**

## CASES

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87, 98 (2d Cir. 2007) ......................................................................................2,5

*Bell Atlantic Corp. v. Twombly*,
__ U.S. __, 127 S. Ct. 1955 (2007) ..............................................................................2,4,5

*Carvel Corp. v. Noonan*,
818 N.E.2d 1100 (N.Y.2004) ...........................................................................................5

*Darby v. Pasadena Police Dept.*,
939 F.2d 311 (5th Cir. 1991) ............................................................................................9

*Discover Group, Inc. v. Lexmark Int'l, Inc.*,
333 F. Supp. 2d 78 (E.D.N.Y. 2004) ................................................................................3

*Envirosource, Inc. v. Horsehead Res. Dev. Co.*,
No. 95 Civ. 5106(TPG), 1997 WL 525403 (S.D.N.Y. Aug. 21, 1997) ..............................4

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
362 F.3d 1367 (Fed. Cir. 2004) .........................................................................................7

*Goldhirsh Group, Inc. v. Alpert*,
107 F.3d 105 (2d Cir. 1997)) .............................................................................................3

*GP Indus., Inc. v. Eran Indus., Inc.*,
500 F.3d 1369 (Fed. Cir. 2007) ...................................................................................6,7,8

*Iqbal v. Hasty*,
490 F.3d 143 (2d Cir. 2007) ...........................................................................................2,5

*Judkins v. HT Window Fashion Corp.*,
No. 2007-1434, 2008 WL 930501 (Fed. Cir. April 8, 2008) ............................................7

*Maalouf v. Salomon Smith Barney, Inc.*,
No. 02 Civ. 4770 (SAS), 2003 WL 1858153 (S.D.N.Y. Apr. 10, 2003) .........................3,4

*Roby v. Corp. of Lloyd's*,
796 F. Supp. 103 (S.D.N.Y. 1992) ....................................................................................9

*Ruha v. Guior*,
717 N.Y.S.2d 35 (N.Y. App. Div. 2000) ...........................................................................5

## TABLE OF AUTHORITIES

**Page**

*Susskind v. Ipco Hosp. Supply Corp.,*
373 N.Y.S.2d 627 (N.Y. App. Div. 1975) ...............................................................5

*U.S. Philips Corp. v. Int'l Trade Comm'n,*
424 F.3d 1179 (Fed. Cir. 2005) ..........................................................................2,3

*U.S. Philips Corp. v. Princo Corp.,*
Nos. 02 Civ. 246, 04 Civ. 2825, slip op. (S.D.N.Y. Jan. 24, 2005) .......................7,8

*Va. Panel Corp. v. MAC Panel Co.,*
133 F.3d 860 (Fed. Cir. 1997) ...............................................................................6

*Virtue v. Creamery Package Mfg. Co.,*
227 U.S. 8, 33 S. Ct. 202, 57 L.Ed. 393 (1913) ......................................................6

## STATUTES

35 U.S.C. § 287.....................................................................................................6

15 U.S.C. §1125(a) ...............................................................................................7

Fed. R. Civ. P. 12(b)(6)....................................................................................1,9,10

Fed. R. Civ. P. 21 ............................................................................................1,9,10

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively, "Philips") move to dismiss the counterclaim for patent misuse and the two counterclaims for tortious interference with a business relationship filed by Cinram International, Inc., Cinram Inc., and Cinram Manufacturing Inc. (collectively "Cinram").

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 21, and Cinram's agreement, Philips further moves to drop Philips Intellectual Property Standards ("Philips IPS") as a Counterclaim Defendant.

## I.    INTRODUCTION

Count III of Cinram's Amended Counterclaims (Dkt. 20) accuses Philips of misusing the patent in suit, No. 5, 068,846 ("the '846 patent"), by falsely claiming that the patent is necessary for compliance with Plaintiffs' Standard Specifications for CD-Discs, and requests a declaratory judgment that the patent is unenforceable based on such alleged misuse. In Count IV of its Amended Counterclaims, Cinram accuses Philips of tortious interference with a business relationship, based on letters Philips allegedly sent to unidentified entities that purchased CD-Discs from Cinram stating that royalties were owed to Philips on those CD-Discs. In Count V of its Amended Counterclaims, Cinram accuses Philips and Philips IPS of tortious interference with a business relationship based on the alleged removal of Cinram from a list of licensed CD-Disc manufacturers maintained on Philips' website. Cinram fails to state such claims, nor can it do so under applicable law, and therefore Counterclaim Counts III, IV, and V should be dismissed with prejudice.

Further, Cinram's Amended Counterclaim Count V names Philips IPS as a Counterclaim Defendant. Because Philips IPS is not a legal entity capable of being sued, Cinram has agreed to

drop Philips IPS as a Counterclaim Defendant. For these reasons, Philips IPS should be dropped from this case.

## II.    ARGUMENT

### A.    Cinram's Counterclaim For Patent Misuse Should Be Dismissed

Cinram's counterclaim for declaratory judgment of patent misuse should be dismissed because Cinram fails to plead the elements necessary to support such a claim, or supporting facts. In determining the existence of patent misuse, "the key inquiry is whether, by imposing conditions that derive their force from the patent, the patentee has impermissibly broadened the scope of the patent grant with anticompetitive effect." *U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1184 (Fed. Cir. 2005). Moreover, the U.S. Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007), requires plaintiffs to plead sufficient facts to make claims plausible on their face. The Second Circuit has adopted *Bell Atlantic* for all cases. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Iqbal v. Hasty*, 490 F.3d 143, 155-58 (2d Cir. 2007). Cinram's counterclaim fails to allege the elements of patent misuse, or supporting facts.

Cinram alleges only that Philips misused its patent rights by claiming that the '846 Patent is necessary for compliance with the Standard Specifications, and that as a result of alleged manufacturing innovations by Cinram, the '846 Patent is no longer "essential" for manufacturing CD-Discs that meet the Standard Specifications. (Cinram's Counterclaims ¶¶ 25-27.) Philips' alleged act cannot be the basis for a claim of patent misuse, and Cinram's alleged innovation is irrelevant to the elements of a misuse claim. The Court of Appeals for the Federal Circuit has explained that a claim for patent misuse cannot be based on questions raised by technological advancements as to whether a particular patent within a package license is still "essential" for

compliance with the relevant standards. *U.S. Philips Corp.*, 424 F.3d at 1189-90, 1196-98. Moreover, Cinram fails to allege an anticompetitive effect, or facts supporting such an allegation.

For these reasons, Cinram's counterclaim for declaratory judgment of patent misuse should be dismissed.

### B.    Cinram Fails To Plead Necessary Elements Of Tortious Interference

Because Cinram fails to plead necessary elements of a tortious interference claim, Counts IV and V of its Counterclaims should be dismissed.

Under New York law, to plead a valid claim of tortious interference with business relations, Cinram must allege that "(1) there is a business relationship between the plaintiff and a third party; (2) the defendant, knowing of that relationship, intentionally interferes with it; (3) the defendant acts with the sole purpose of harming the plaintiff, or, failing that level of malice, uses dishonest, unfair, or improper means; and (4) the relationship is injured." *Discover Group, Inc. v. Lexmark Int'l, Inc.,* 333 F. Supp. 2d 78, 86 (E.D.N.Y. 2004) (quoting *Goldhirsh Group, Inc. v. Alpert,* 107 F.3d 105, 108-09 (2d Cir. 1997)).

Cinram's counterclaims for tortious interference with a business relationship should be dismissed for three independent reasons, namely, that Cinram (1) fails to identify any specific contracts that have been breached or specific business relationships that have been damaged due to Philips' alleged actions, (2) fails to allege that Philips had knowledge of contracts or business relationships and intentionally interfered with them, and (3) fails to plead malice.

### 1.    Cinram Fails To Allege That Any Specific Contracts Or Business Relationships Have Been Damaged

To satisfy the first element of a claim for tortious interference with a business relationship, Cinram must allege a valid third party contract that was breached or a specific business relationship it claims was damaged as a result of Philips' conduct. *Maalouf v. Salomon*

*Smith Barney, Inc.*, No. 02 Civ. 4770 (SAS), 2003 WL 1858153, at *8 (S.D.N.Y. Apr. 10, 2003);

*Envirosource, Inc. v. Horsehead Res. Dev. Co.*, No. 95 Civ. 5106(TPG), 1997 WL 525403, at *2

(S.D.N.Y. Aug. 21, 1997) (finding vague allegation that party interfered with "at least 5

prospective customers" inadequate as a matter of law).  Again, *Bell Atlantic* requires enough

facts to make the claim plausible on its face.  127 S. Ct. at 1974.

Cinram has not and cannot plead such facts.  Cinram fails to allege that even one contract

was breached or that any specific business relationship was damaged as the result of Philips'

alleged letters.  In fact, Cinram fails to name a single customer with whom Philips allegedly

interfered.  Because Cinram fails to identify any third party contracts or specific business

relationships, Cinram's counterclaims for tortious interference with a business relationship

should be dismissed on this basis alone.

### 2.    Cinram Fails To Plead Knowledge And Intentional Interference

Cinram completely fails to plead the second element of a tortious interference claim,

namely, that Philips knew of the relationship identified under the first element and intentionally

interfered with it.  The Amended Counterclaims contain no allegations and no facts showing that

Philips knew of the specific contracts or relationships that Cinram fails to identify under the first

element of the claim.  Although paragraph 30 of Count IV of the Amended Counterclaims

alleges that Philips sent a letter to a Cinram customer, the Amended Counterclaims fail to

identify such alleged customer, contain no allegations that Philips knew that the addressee of

such alleged letter was a Cinram customer, and contain no facts to support such allegations.[1]

---

[1]  Paragraph 31 of the Amended Counterclaims says even less:  it refers to the unnamed
addressee of Philips' alleged letter as an "indirect customer of Cinram."

Cinram also fails to plead intentional interference with the specific contracts or relationships that Cinram fails to identify under the first element of the claim. Although paragraphs 33 and 39 of the Amended Counterclaims allege that Philips "tortiously interfered with Cinram's business relationships," the Amended Counterclaims contain no allegations of intentional interference with specific contracts or relationships, and no facts to support such allegations.

Cinram's two tortious interference counterclaims should be dismissed on this basis alone.

**3.     Cinram Fails To Plead Facts Supporting The Third Element:  Malice**

Cinram's tortious interference counterclaims rely on Philips' alleged malice (see Cinram's Counterclaims ¶¶ 32 and 38, containing conclusory allegations that Philips acted with the sole purpose of harming Cinram). New York courts require that allegations of malice as part of a claim for tortious interference be pled with specificity. *Ruha v. Guior*, 717 N.Y.S.2d 35, 36 (N.Y. App. Div. 2000) ("plaintiff's bare allegations of malice do not suffice"); *Susskind v. Ipco Hosp. Supply Corp.*, 373 N.Y.S.2d 627 (N.Y. App. Div. 1975). Moreover, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1974, requires plaintiffs to plead sufficient facts to make claims plausible on their face. The Second Circuit has adopted *Bell Atlantic* for all cases. *ATSI Commc'ns,* 493 F.3d at 98; *Iqbal*, 490 F.3d at 155-58. With respect to the third element of the claim, Cinram must plead either that Philips acted with the **sole** purpose of inflicting intentional harm on Cinram or that Philips' conduct amounts to a criminal or independently tortious act, **and** sufficient facts to support such allegations. *See Carvel Corp. v. Noonan*, 818 N.E.2d 1100, 1103 (N.Y. 2004). Cinram's counterclaims fail to provide any such allegations and facts and cannot do so. Philips' legitimate interest in protecting its intellectual property rights and its financial

interest in collecting unpaid royalties are unmistakably clear in the First Amended Complaint (Dkt. 4).

Because Cinram pled no facts to support its allegations, and because the very acts Cinram accuses of interfering with its business relationships explicitly demonstrate a purpose other than a sole purpose to harm Cinram, Cinram's claim is legally insufficient and should be dismissed on this basis alone.

### 4. Cinram Cannot State A Tortious Interference Claim Based On Philips' Alleged Acts

Cinram's tortious interference counterclaims appear to be based on Philips' letters notifying third parties of Philips' patent rights, and such third parties' infringement of such rights. Such letters cannot be the basis of a tortious interference claim. For the reasons set forth below, Cinram fails to state claims for tortious interference and the legal deficiency of such claims cannot be fixed.

The U.S. patent laws not only permit, but *encourage*, the patent owner to makes its rights known. *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007) ("the patent laws permit a patentee to inform a potential infringer of the existence of its patent"); *see also* 35 U.S.C. § 287 (authorizing a patentee to "give notice to the public" of a patent); *Virtue v. Creamery Package Mfg. Co.,* 227 U.S. 8, 37-38, 33 S. Ct. 202, 57 L.Ed. 393 (1913) ("Patents would be of little value if infringers of them could not be notified of the consequences of infringement or proceeded against in the courts."); *Va. Panel Corp. v. MAC Panel Co.,* 133 F.3d 860, 869 (Fed. Cir. 1997) ("[A] patentee must be allowed to make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction."). Indeed, "[t]his Court recognizes a patent holder's property interest in its lawful

monopoly. . . . Because of the excessive transactional costs of litigation, including attorney's fees, loss of a company's good will and other potential risks to business, *attempts to resolve claims or disputes by demand letter prior filing suit are encouraged*." *U.S. Philips Corp. v. Princo Corp.*, Nos. 02 Civ. 246, 04 Civ. 2825, slip op. at 9-10 (S.D.N.Y. Jan. 24, 2005) (emphasis added).

Recognizing the importance of such communications, the Federal Circuit requires that a "plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were *objectively baseless*." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004) (emphasis added); *Judkins v. HT Window Fashion Corp.*, No. 2007-1434, 2008 WL 930501, at *7 (Fed. Cir. April 8, 2008) (citing *Globetrotter's* objectively baseless standard with approval and affirming denial of preliminary injunction against a patent owner accused of violating § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), by sending patent infringement notice letters to defendants' actual and prospective customers). To meet this standard, a plaintiff must set forth "convincing objective factors" to show that the communication complained of lacked any objective basis. *GP Indus.*, 500 F.3d at 1375 ("subjective considerations and unconvincing objective factors" are not sufficient). According to the Federal Circuit, "objectively baseless" means that "no reasonable litigant could realistically expect to prevail in a dispute over infringement of the patent." *Judkins*, 2008 WL 930501, at *3.

Here, Cinram not only fails to acknowledge the "objectively baseless" standard, but also fails to allege the "convincing objective factors" necessary to state a claim. *See GP Indus.*, 500 F.3d at 1375. Instead of alleging facts showing why Philips is not a reasonable litigant and cannot realistically expect to prevail in infringement actions against recipients of its patent

infringement notice letters, Cinram makes vague, conclusory, and subjective allegations about Philips' communications with "Cinram's existing and prospective customers" (Cinram's Counterclaims ¶ 36). Cinram also asserts that Philips made such communications *subjectively* "knowing that [the statements were] false and misleading". (Cinram's Counterclaims ¶¶ 32, 38.) However, the mere allegation that communications were made "in disregard of the truth or falsity of the purported infringement" is not sufficient to show that the assertions were objectively baseless. *GP Indus.*, 500 F.3d at 1375. As the Federal Circuit explained: "Subjective considerations of bad faith are irrelevant if the assertions are not objectively baseless." *Id*.

Cinram's vague and conclusory statements—for example, that it pays royalties "when they are required" (Cinram's Counterclaims ¶ 30)—are not the convincing allegations of objective fact necessary to show that Philips' communications were objectively baseless. *See GP Indus.*, 500 F.3d at 1375. Similarly, Cinram's allegations in Count V of the Counterclaims that Philips de-listed Cinram from a licensee database also are inadequate.

As this Court has recognized, conclusory claims are insufficient to establish that customer communications are unlawful. *Princo*, slip op. at 10. In short, Cinram has not made the allegations necessary to challenge "the essential fact that Philips is permitted to protect its property interest in its patents by communicating with alleged infringers and informing them that Philips may pursue litigation if they do not stop their infringing activities." *Id.* Nor can Cinram do so.

For these reasons, Cinram's two tortious interference counterclaims should be dismissed, and leave to amend should not be granted because Cinram cannot plead facts to support the objectively baseless standard no matter how its counterclaims are styled.[2]

### C. Because Philips IPS Is Not An Independent Legal Entity, Cinram May Not Maintain Claims Against It

In Count V of its counterclaims, Cinram alleges that Philips IPS has tortiously interfered with Cinram's business relationships.  However, Philips IPS is not an independent legal entity, and therefore is incapable of being sued.  *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 314 (5th Cir. 1991); *Roby v. Corp. of Lloyd's*, 796 F. Supp. 103, 111 (S.D.N.Y. 1992).  Because Philips IPS is incapable of being sued, Count V of Cinram's counterclaims fails to state a claim against an entity as to which relief can be granted.  Cinram's counterclaim against Philips IPS therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

As Philips IPS is incapable of being sued, it is also an improper party and should be dropped from this case under Federal Rule of Civil Procedure 21.  In an email dated April 15, 2008 (Exhibit A, Bass Declaration), Cinram agreed to drop its counterclaim against Philips IPS, and in two emails dated April 18, 2008 (Exhibits B and C, Bass Declaration) Cinram agreed to drop Philips IPS as a counterclaim Defendant.  Despite Cinram's agreement that Philips IPS should be dropped from this case, however, Cinram has to date refused Philips' requests to file a

---

[2]  Cinram's Counterclaim Count V is directed to Philips' alleged removal of Cinram from a list of licensed CD-Disc manufacturers maintained on Philips' website, not Philips' patent infringement notice letters, as in Count IV.  Because the absence of a CD-Disc manufacturer from Philips website provides notice that such manufacturer is not licensed, and therefore is infringing one or more Philips patents, the objectively baseless standard, and Cinram's failure to plead sufficient facts to meet it, apply equally to Philips' motion to dismiss Cinram's Counterclaim Count V.

joint notice of misjoinder as to Philips IPS.  Accordingly, Philips moves to drop Philips IPS

pursuant to Federal Rules of Civil Procedure 12(b)(6) and 21.

## III.     CONCLUSION

Cinram's counterclaim seeking a declaration of patent misuse and its two counterclaims

for tortious interference with a business relationship should be dismissed because Cinram has

pled incomplete and conclusory allegations rather than each element of such claim and

supporting facts.  Nor can Cinram allege such facts, and therefore Counterclaim Counts III, IV,

and V should be dismissed with prejudice.  Further, Philips IPS is an improper party and should

be dropped from this action.


Date:   April 23, 2008                          /s/  Edward D. Johnson
                                                Edward D. Johnson (EJ5259)
                                                MAYER BROWN LLP
                                                Two Palo Alto Square, Suite 300
                                                3000 El Camino Real
                                                Palo Alto, CA  94306-2112
                                                Tel: (650) 331-2000
                                                Fax: (650) 331-2060

                                                Christopher J. Houpt
                                                MAYER BROWN LLP
                                                1675 Broadway
                                                New York, NY  10019
                                                Tel: (212) 506-2380
                                                Fax: (212) 849-5830

*Of Counsel*:
Vince P. Kovalick (*pro hac vice*)
John F. Hornick (*pro hac vice*)
Samuel C. Bass (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

*Attorneys for Plaintiffs*
*Koninklijke Philips Electronics N.V. and*
*U.S. Philips Corporation*