UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> CINRAM INTERNATIONAL INC., CINRAM INC., CINRAM MANUFACTURING INC., and John Does No. 1 through 100, : <br> : <br> Defendants. : | Civil Action No.08-cv-0515 (CLB)(MDF) <br><br> ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NON-PARTIES
COOPER & DUNHAM LLP AND IVAN S. KAVRUKOV, ESQ.
TO QUASH PLAINTIFFS' SUBPOENAS *DUCES TECUM*
PURSUANT TO RULES 26 AND 45(c)(3), FED.R.CIV.P.**

# **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    The Applicable Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

    B.    The Philips Subpoenas Should Be Quashed As They Seek Privileged Documents, Including Documents Regarding Firm Clients That Are Not Involved In This Action Or Related Actions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C.    The Philips Subpoenas Should Be Quashed As The Information They Seek Is Overbroad, Unduly Burdensome And Irrrelevant To The Claims And Defenses Of The Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.    The Philips Subpoenas Should Be Quashed As They Subject Cooper & Dunham And Attorney Kavrukov To An Undue Burden Because Philips Has Not Exhausted All Other Available Means Prior To Seeking Any Information From Cooper & Dunham And Attorney Kavrukov . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    E.    The Court Should Award Cooper & Dunham & Attorney Kavrukov Attorneys Fees Incurred In Bringing This Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Audiotext Communications Network, Inc. v. Connections, USA, Inc.*,
1994 U.S. Dist. LEXIS 185 (S.D.N.Y. January 11, 1994) *aff'd,* 29 F.3d 620 (2d Cir. 1994). . . . .8

*Concord Boat Corp. v. Brunswick Corp.*,
169 F.R.D. 44 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Elliott Associates, L.P. v. The Republic of Peru*,
176 F.R.D. 93 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Estate of Yaron Ungar v. The Palestinian Authority*,
400 F.Supp.2d 541 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Haworth, Inc. v. Herman Miller, Inc.*,
998 F.2d 975 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re EchoStar Commc'n Corp.*,
448 F.3d 1294 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*In re Seagate Tech.*,
LLC, 497 F.3d 1360, 2007 U.S. App. LEXIS 19768 (Fed. Cir. 2007),
*cert. denied*, 128 S. Ct. 1445 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Night Hawk Ltd. v. Briarpatch Ltd., L.P.*,
2003 U.S. Dist. LEXIS 23179 (S.D.N.Y. December 23, 2003) . . . . . . . . . . . . . . . . . . . . .5, 6, 10

*Nova Biomedical Corp. v. i-Stat Corp.*,
182 F.R.D. 419 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 7

*Upjohn Co. v. US*,
449 U.S. 383 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


**Rules**

Fed.R.Civ.P. 26(b)(2)(C)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed.R.Civ.P. 26(b)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed.R.Civ.P. 26(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

Fed.R.Civ.P. 45(c)(3)(A)(iii-iv) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

Non-parties Cooper & Dunham LLP ("Cooper & Dunham") and Ivan S. Kavrukov, Esq. ("Attorney Kavrukov") respectfully submit this memorandum in support of their motion to quash Plaintiffs Koninklijke Philips Electronics, N.V.'s and U.S. Philips Corporation's (collectively referred to as "Philips") Subpoenas *Duces Tecum* (collectively referred to as "Philips Subpoenas"), each served on May 23, 2008.[1]

## I. INTRODUCTION

On May 23, 2008, non-party and defense counsel in this action, Cooper & Dunham and Attorney Kavrukov were each served with the Philips Subpoenas. The Philips Subpoenas seek broad categories of privileged and irrelevant information from trial counsel. Specifically, the Philips Subpoenas seek from defense counsel in this action the following documents:

- All Documents relating to U.S. Patent No. 5,068,846 ("the '846 Patent") (Request No. 1);

- Communications between Cooper & Dunham or Attorney Kavrukov[2] and any other person regarding the '846 Patent (Request No. 2);

- Communications between Cooper & Dunham or Attorney Kavrukov and any other person who is not a client regarding the '846 Patent (Request No. 3);

- All Documents relating to the licensing of patented technology for the manufacture of CDs, including, but not limited to, any documents relating to the licensing of patented CD technology by Philips or the validity and/or unenforceability of the '846 Patent (Request No. 4);

- Communications between Cooper & Dunham or Attorney Kavrukov and any other person relating to the licensing of

---

[1] The documents requested by each subpoena are identical. Copies of each subpoena are attached as Exhibits A and B to the Declaration of Gregory J. Carbo, filed concurrently herewith.

[2] For each Philips Subpoena, Cooper & Dunham and Attorney Kavrukov are defined broadly to include their employees, agents, representatives, all persons acting on their behalf, and any and all persons associated or affiliated with, or controlled by them with respect to the subject matter of this litigation.

2

     patented technology for the manufacture of CDs, including, but not limited to, communications relating to the licensing of patented CD technology by Philips or the validity and/or enforceability of the '846 Patent (Request No. 5);

- Communications between Cooper & Dunham or Attorney Kavrukov and any person who is not a client relating to the licensing of patented technology for the manufacture of CDs, including, but not limited to, communications relating to the licensing of patented CD technology by Philips or the validity and/or enforceability of the '846 Patent (Request No. 6);

- Communications between Cooper & Dunham or Attorney Kavrukov and any other person regarding the licensing of patented technology for the manufacture of CDs, including, but not limited to, Philips' CD licensing program (Request No. 7)[3];

- Each analysis of the '846 Patent by Cooper & Dunham or Attorney Kavrukov or by any other person, including, but not limited to opinions of counsel, prior art references, and drafts of, and revisions to, opinions of counsel (Request No. 8); and

- Each analysis of patented technology for manufacture of CDs by Cooper & Dunham or Attorney Kavrukov or by any other person, including, but not limited to opinions of counsel, prior art references, and drafts of, and revisions to, opinions of counsel (Request No. 9).

  Attorney Kavrukov is a member of the law firm Cooper & Dunham and is lead counsel for Defendants Cinram International Inc., Cinram Inc., and Cinram Manufacturing Inc. (collectively referred to as "Cinram") in this action. Over the years, Cooper & Dunham has represented Cinram and several other compact disc replicators in various matters, including matters relating to the patent-in-suit and other matters. During the course of the various representations, documents were created that reflected or contained attorney mental impressions, conclusions,

---

[3] In a letter dated June 5, 2008, Philips offered to limit one of the requests to communications between Cooper & Dunham and Attorney Kavrukov and any other person regarding Philips' CD licensing program. However, this limitation does not address Cooper & Dunham and Attorney Kavrukov's concerns.

opinions, and/or legal theories that are protected by the attorney-client privilege and/or work product or other exemptions and protections. Subpoenas seeking such privileged and otherwise protected matter from counsel must be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iii). Indeed, the Philips Subpoenas impermissibly seek to compel trial counsel to provide documents without showing any need to seek them from counsel.

Moreover, the Philips Subpoenas call for privileged information that is irrelevant to the claims and defenses of the parties in this action, seek information on who counsel's clients might be that are not parties to this lawsuit or related lawsuits, and similarly impose an undue and expensive burden that is not permitted under Fed.R.Civ.P. 45(c)(1). Indeed, the non-privileged information possibly pertaining to this action that Philips seeks could be obtained through alternative means, namely, from Cinram and the defendants in related actions. To seek such materials from Cooper & Dunham and Attorney Kavrukov imposes a palpably improper and undue burden on Cooper & Dunham and Attorney Kavrukov.

Accordingly, the Court should quash the Philips Subpoenas issued to Cooper & Dunham and Attorney Kavrukov.

## II.    ARGUMENT

### A. The Applicable Standard

Rule 26(c) of the Federal Rules of Civil Procedure provides that a Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had." Fed.R.Civ.P. 26(c)(1).

Rule 45(c)(3) of the Federal Rules of Civil Procedure states that a Court must quash a subpoena if the subpoena "requires disclosure of privileged or other protected matter . . . or . . . subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iii-iv). The determination of

4

whether a subpoena is overly burdensome or unreasonable is in the Court's discretion. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

The party issuing the subpoena must demonstrate that non-privileged material is unavailable elsewhere. *See* Fed.R.Civ.P. 26(b)(2)(C)(i). Such a party must also demonstrate that the non-privileged material is relevant and material to the allegations and claims at issue in the proceedings. *See Night Hawk Ltd. v. Briarpatch Ltd.*, *L.P.*, 2003 U.S. Dist. LEXIS 23179, at *23 (S.D.N.Y. December 23, 2003). "Whether a subpoena imposes an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Nova Biomedical Corp. v. i-Stat Corp.*, 182 F.R.D. 419, 422-23 (S.D.N.Y. 1998) (citation omitted).

### B. The Philips Subpoenas Should Be Quashed As They Seek Privileged Documents, Including Documents Regarding Firm Clients That Are Not Involved In This Action Or Related Actions

Philips' attempt to obtain documents from Cooper & Dunham and Attorney Kavrukov violates Fed.R.Civ.P. 45(c)(3)(A)(iii) because, on the facts of the present case, it encroaches impermissibly on the attorney-client and work-product privileges and impermissibly seeks documents on the identities and other information regarding firm clients who are not involved in this action or related actions.

The attorney-client privilege extends over communications between a client and his or her attorney when legal advice or counsel is sought. *Upjohn Co. v. US*, 449 U.S. 383, 397-402 (1981). The attorney work-product privilege also protects against the disclosure of "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed.R.Civ.P. 26(b)(3)(B).

Cooper & Dunham and Attorney Kavrukov have provided legal advice to several CD

5

replicators, some of which are parties to this suit and related suits pending in this Court. This advice has been provided during the course of Cooper & Dunham's and Attorney Kavrukov's representation, both prior to the instant lawsuits, in connection with each of the lawsuits and in connection with other matters relating to the CD technology not pertinent to Plaintiffs. The documents in Cooper & Dunham's and Attorney Kavrukov's files contain the "mental impressions, conclusions, opinions and legal theories" concerning the litigation. These are precisely the sort of matters which fall under the attorney-client privilege and work product or other protections.

The requests are designed to sweep into disclosure the identities and advice given to non-parties in this suit by Cooper & Dunham and Attorney Kavrukov. This information is both privileged and has no relevance to this action. To the extent the requested documents relate to individuals or entities that are not parties to any lawsuit, their identities are protected by the attorney-client privilege. *See Elliott Associates, L.P. v. The Republic of Peru*, 176 F.R.D. 93, 99 (S.D.N.Y. 1997) (finding that "[t]he grounds for exempting a client's identity . . . from the scope of the attorney-client privilege rarely apply where, as here, the client is a non-party."). Indeed, if Philips' intent is to gather information for use in proceedings other than the pending suit, their request should be denied. *See Night Hawk*, 2003 U.S. Dist. LEXIS 23179, at * 24.

To the extent the requests seek privileged information from the parties in this suit, relevant privileged documents in the possession of the defendants dated prior to the filing of each lawsuit can be logged accordingly on a privilege log in response to overlapping Rule 34 document requests.

Accordingly, the Court should quash the Philips Subpoenas.

### C. The Philips Subpoenas Should Be Quashed As The Information They Seek Is Overbroad, Unduly Burdensome And Irrelevant To The Claims And Defenses Of The Parties

The Court should also quash the Philips Subpoenas because they impose an undue burden on Cooper & Dunham and Attorney Kavrukov in violation of Fed.R.Civ.P. 45(c)(3)(A)(iv). A Court may quash a subpoena for undue burden, where, as here, the subpoena is palpably overbroad. *Nova*, 182 F.R.D. at 423 (quashing subpoena for undue burden because the requests were overbroad). The Philips Subpoenas are overbroad and unduly burdensome for trial counsel because they seek documents that are broad in scope from counsel's files without restriction as to time and include documents that are irrelevant to the claims and defenses of the parties. *See Concord Boat*, 169 F.R.D. at 50 ("[t]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable.") (internal citations omitted). For example, Request Nos. 5-6 seek communications "relating to the licensing of patented technology for the manufacture of CDs" which encompass an extraordinary and mostly irrelevant scope of documents, the entirety of which are attorney-client privileged or protected under the work-product doctrine. *See e.g., Estate of Yaron Ungar v. The Palestinian Authority*, 400 F.Supp.2d 541, 554 (S.D.N.Y. 2005) (quashing subpoena issued to law firm where there was an "excessive number of documents requested, . . . [an] unlikelihood of obtaining relevant information, and . . . [an] existence of attorney-client privilege for all documents.").

Accordingly, because the Philips Subpoenas would require a needless review of documents, for among other things, privilege and work product, as well as needless production of irrelevant material, they should be quashed.

**D. The Philips Subpoenas Should Be Quashed As They Subject Cooper & Dunham And Attorney Kavrukov To An Undue Burden Because Philips Has Not Exhausted All Other Available Means Prior To Seeking Any Information From Cooper & Dunham And Attorney Kavrukov**

Philips has failed to comply with its obligations to minimize the burden on trial counsel because Philips can seek the information addressed in the Philips Subpoenas from the parties in this action and in the other related actions. In general, discovery must be sought first from the parties before burdening third parties. *See e.g., Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993); *Audiotext Communications Network, Inc. v. Connections, USA, Inc.*, 1994 U.S. Dist. LEXIS 185, at * 3 (S.D.N.Y. January 11, 1994), *aff'd,* 29 F.3d 620 (2d Cir. 1994); Fed.R.Civ.P. 26(b). The Philips subpoenas seek non-privileged information from trial counsel that could be obtained in the first instance from the parties in this action (and from the parties in the three other pending actions in this Court).

Discovery in this proceeding is in its initial stages and Philips has failed to exhaust other available means of obtaining the documents they prematurely and impermissibly seek from Cooper & Dunham and Attorney Kavrukov, particularly with respect to Request Nos. 1-2, 4-5, and 7-9. *See* Fed.R.Civ.P. 26(b)(2)(i) (discovery shall be limited if it is "unreasonably cumulative or duplicative, or is obtainable from some other source that it more convenient, less burdensome or less expensive."). Philips did not take any depositions of Cinram prior to serving the subpoenas on trial counsel. Indeed, Philips' First Set of Document Requests to Cinram sought some of the same documents that it now requests from trial counsel. (Carbo Decl., Exh C). On May 15, 2008, Cinram served its responses stating that it would produce all non-privileged responsive documents to the extent found after a reasonable search.[4] (Carbo Decl, Exh. D).

---

[4] Of course, Cinram's documents are to be listed in a privilege log to be provided to Philips in due course.

Philips has obtained or will obtain responsive non-privileged documents from defendants in this action and should not be burdening trial counsel with a subpoena that seeks information that would be cumulative and duplicative of other information that may be in the possession of Cinram, particularly where trial counsel's documents are protected by both the attorney-client privilege and work product and other immunities.[5]

Similarly, the other three pending lawsuits in this District (Civil Action Nos. 08-cv-04068; 08 cv-04070; and 08-cv-04071) are in their initial stages and involve several defendants also represented by Cooper & Dunham and Attorney Kavrukov. Defendants have not yet filed Answers in any of these three cases and no Scheduling Order has been entered by the Court. Philips can seek its requested discovery from these defendants at the appropriate time instead of burdening trial counsel to prematurely look for documents in its files that would be merely cumulative and duplicative to information likely to be in the possession of these parties or would be protected by privileges and immunities.

In short, any non-privileged information in Cooper & Dunham's or Attorney Kavrukov's possession, custody or control would be cumulative and duplicative of information that can be sought from the parties in this action and the other pending actions. Until Philips exhausts its efforts to obtain the appropriate discovery from the parties, Philips' Subpoenas to Cinram's counsel are impermissible and should be quashed.

---

[5] Cinram has not yet decided whether it will rely on the advice of counsel defense in the instant action and as a result, waive the attorney-client privilege with respect thereto. Even if Cinram chooses to rely on this defense, their reliance certainly does not waive the work-product immunity for (1) documents analyzing the law, facts, trial strategy and other issues, which documents were not given to Cinram, (2) information that was not communicated to Cinram, and (3) documents and information that do not address the subject matter of any opinion that was given to Cinram. *In re EchoStar Commc'n Corp.*, 448 F.3d 1294 (Fed. Cir. 2006); *See also, In re Seagate Tech.*, LLC, 497 F.3d 1360, 2007 U.S. App. LEXIS 19768 (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 1445 (2008).

**E. The Court Should Award Cooper & Dunham & Attorney Kavrukov Attorneys Fees Incurred In Bringing This Motion**

Under Fed.R.Civ.P. 45(c)(1), "[s]anctions are properly imposed and attorney's fees are awarded where . . . the party improperly issu[ed] the subpoena [and] refused to withdraw it, requiring the non-party to institute a motion to quash." *Night Hawk*, 2003 U.S. Dist. LEXIS 23179, at * 26.  In this case, Cooper & Dunham and Attorney Kavrukov sent a letter to counsel for Philips requesting that they withdraw their improper subpoenas. (Carbo Decl, Exh. F). In response, during a telephone conference, Counsel for Philips declined to do so. (Carbo Decl, ¶8). They later agreed to narrow only one of the requests, however, this limitation does not address Cooper & Dunham and Attorney Kavrukov's concerns. (Carbo Decl, Exh. G). Because Philips has not taken reasonable steps to avoid imposing an undue burden on trial counsel, Cooper & Dunham and Attorney Kavrukov request that the Court sanction Philips and award the fees incurred in bringing this motion to quash.

**III. CONCLUSION**

For the foregoing reasons, non-parties Cooper & Dunham and Attorney Kavrukov respectfully request that the Court issue an order quashing the Philips Subpoenas in their entireties, and granting such further and other relief as the Court may deem appropriate.

Respectfully submitted,

COOPER & DUNHAM LLP

Dated: June 6, 2008

/s/ William E. Pelton
Ivan Kavrukov (IK 4452)
William E. Pelton (WP 1850)
Tonia A. Sayour (TS 7208)
Gregory J. Carbo (GC 8459)
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 278-0400
Fax: (212) 391-7550
ikavrukov@cooperdunham.com

10

                                        wpelton@cooperdunham.com
                                        tsayour@cooperdunham.com
                                        gcarbo@cooperdunham.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, 2008, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NON-PARTIES COOPER & DUNHAM LLP AND IVAN S. KAVRUKOV, ESQ. TO QUASH PLAINTIFFS' SUBPOENAS *DUCES TECUM* PURSUANT TO RULES 26 AND 45(c)(3), FED.R.CIV.P.** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Edward D. Johnson
>MAYER BROWN LLP
>Two Palo Alto Square, Suite 300
>3000 El Camino Real
>Palo Alto, California 94306-2112
>wjohnson@mayerbrown.com
>
>Vince P. Kovalick
>John F. Hornick
>Samuel C. Bass
>FINNEGAN, HENDERSON, FARABOW,
>GARRETT & DUNNER, L.L.P.
>901 New York Avenue, N.W.
>Washington, D.C. 20001
>vince.kovalick@finnegan.com
>John.Hornick@finnegan.com
>Samuel.Bass@finnegan.com
>
>Christopher J. Houpt
>MAYER BROWN LLP
>1675 Broadway
>New York, New York 10019
>choupt@mayerbrown.com

>>/s/ William E. Pelton
>>William E. Pelton