UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,<br><br>      Plaintiffs,<br><br>    v.<br><br>CINRAM INTERNATIONAL INC., CINRAM INC., CINRAM MANUFACTURING INC., and John Does No. 1 through 100,<br><br>      Defendants. | Civil Action No.<br>08 CV 00515 (CLB)(MDF) |

**PLAINTIFFS' RESPONSE TO MOTION OF NON-PARTIES
COOPER & DUNHAM LLP AND IVAN S. KAVRUKOV, ESQ. TO QUASH
PLAINTIFFS' SUBPOENAS *DUCES TECUM***

Case 7:08-cv-00515-CS-MDF   Document 35   Filed 06/16/2008   Page 1 of 10

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................ 4

II.   BACKGROUND ................................................................................................................. 4

III.   ARGUMENT ....................................................................................................................... 6

    A.   Cooper & Dunham and Mr. Ivan Kavrukov Admit That They Possess Relevant Documents ........ 6

    B.   The Opinions Must Be Produced If They Are Non-Privileged Documents .................................... 8

    C.   Mr. Kavrukov and Cooper & Dunham Must Produce a Clear Privilege Log ................................. 9

IV.   CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

### CASES

*Akeva L.L.C. v. Mizuno Corp.*, 243 F. Supp. 2d 418 (M.D.N.C. 2003)..........................................................7

*Hickman v. Taylor*, 329 U.S. 495 (1947)..........................................................................................6

*In re EchoStar Commc'ns Corp.*, 448 F.3d 1294 (Fed. Cir. 2006).................................................6

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) ...........................................................6

*Murata Mfg. Co., Ltd. v. Bel Fuse Inc.*, 2007 WL 1174826 (S.D.N.Y. Apr. 20, 2007)................7

*Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396 (D. Del. 2002) ..........................7

*Vicinanzo v. Brunschweig & Fils, Inc.*, 739 F. Supp. 891 (S.D.N.Y. 1990)...................................6

## I. INTRODUCTION

Cooper & Dunham LLP and Ivan Kavrukov admit that they have analyzed U.S. Patent No. 5,068,846 ("the '846 patent"), prepared opinions about the patent, and communicated such opinions to the Defendants, Cinram International Inc., Cinram Inc., and Cinram Manufacturing Inc. (collectively "Cinram").  They refuse to produce the opinions, however, claiming that the opinions are privileged.  To the extent that the opinions are privileged, Cinram must be compelled to declare whether it is relying on the opinions as a defense to Koninklijke Philips Electronics N.V.'s and U.S. Philips Corporation's (collectively "Philips") contentions of willful infringement.  If so, then Cooper & Dunham LLP and Ivan Kavrukov must produce these relevant documents.

Moreover, if Cooper & Dunham LLP and Ivan Kavrukov have communicated such opinions to non-clients, which appears to have happened, then these documents must be produced immediately.

## II. BACKGROUND

The '846 Patent covers the fundamental structure of a technology known to and used by all of us for well over two decades: the Compact Disc (CD).  The applications for this fundamental patent was initially filed at the U.S. Patent and Trademark Office ("PTO") in 1973.  The applications saw a long prosecution before the PTO, but the merits of the claims were ultimately appealed and approved in 1991 by Circuit Judge Rich at the United States Court of Appeals for the Federal Circuit.

Philips and Sony Corporation ("Sony") are generally credited with developing the fundamental technology for CD discs and players.  They also developed a set of CD Standard Specifications to promote interoperability across manufacturers.

Eventually Philips and Sony pooled their CD patents, including the '846 Patent, and initiated their licensing program . Over 150 companies have been licensed under Philips' CD Disc patent license agreements and these companies have successfully manufactured and sold billions of CDs worldwide. Indeed, Cinram itself was once a successful licensee under Philips' CD Disc patent license agreements and the '846 Patent. To this day, Cinram continues to be successful because it continues to use the '846 Patent, they just refuse to continue to pay for it.

The standard CD Disc patent license agreement provides that Philips may select a neutral evaluator to determine the "essentiality" of a patent to the CD Standard Specifications. As the Court knows, this "essentiality" determination involves an evaluation of whether a CD manufactured in accordance with the CD Standard Specifications would necessarily infringe the patent under consideration. The '846 Patent was found to be "essential" by neutral evaluator Dr. Kenneth Rubenstein of Proskauer Rose L.L.P. in January 2003.

Cinram, Mr. Ivan Kavrukov, and Cooper & Dunham, L.L.P. apparently, however, decided that they knew better. As Mr. Kavrukov and Cooper & Dunham admit in the Motion to Quash (Defs.' Mem. in Supp. of Mot. to Quash 5-6), they performed their own analysis of the '846 Patent and determined that it was not essential to the CD Standard Specifications. Based on that analysis, Cinram breached its license agreement with Philips and stopped paying royalties under the '846 Patent and CD Disc patent license agreement. Cooper & Dunham LLP and Mr. Kavrukov have apparently peddled their opinions across the industry, convincing several other CD manufacturers to breach their licenses as well.

Being obligated to its licensees in good standing, Philips had no choice but to pursue these legal claims for breach of contract and willful patent infringement.

**III.     ARGUMENT**

    **A.     Cooper & Dunham and Mr. Ivan Kavrukov Admit That They Possess Relevant Documents**

Philips and its counsel have full appreciation and respect for the attorney-client privilege and work product doctrine. As this Court knows well, however, patent infringement cases involve a unique privilege issue, because reliance on an opinion of counsel as a defense to allegations of willful infringement waives any privilege in such opinion and related documents. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1370 (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 1445 (2008) (citing *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1299, 1302-03 (Fed. Cir. 2006)); *see also Vicinanzo v. Brunschweig & Fils, Inc.*, 739 F. Supp. 891, 894 (S.D.N.Y. 1990) (Brieant, C.J.).

Mr. Kavrukov and Cooper & Dunham do not deny that they analyzed the '846 Patent, prepared opinions, and communicated those opinions to Cinram and others. Instead, they argue that Philips must first pursue such documents from Cinram and the other defendants. Mr. Kavrukov and Cooper & Dunham fail to advise the Court, however, that Philips already requested these documents from Cinram, and was told by Cooper & Dunham that Cinram will not disclose whether it is relying on the opinions as a defense to willful infringement and will not produce the documents. (Bass Decl., Ex. A.)

Accordingly, this issue is ripe for consideration by the Court at the forthcoming hearing on June 27, 2008. Philips is asking the Court to compel Cinram to declare whether it is relying on the opinions to rebut willfulness, which is exactly what this Court's precedent requires. *See Vicinanzo*, 739 F. Supp. at 894 (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Factual matters reasonably likely to lead to the discovery of admissible evidence must be produced upon request so that 'civil trials in the federal courts no longer need to be carried on in the dark.'")). If

Cinram is relying on those opinions, then Cinram, Mr. Kavrukov, and Cooper & Dunham must produce the opinions and related documents in accordance with the subpoenas and well known patent litigation practice.

In this regard, Mr. Kavrukov's and Cooper & Dunham's suggestion is meaningless that the subpoenas are burdensome because they are trial counsel. This situation is self-imposed. Cinram voluntarily engaged Mr. Kavrukov and Cooper & Dunham as trial counsel after it engaged Mr. Kavrukov as opinion counsel. Given the unique privilege and waiver issues in patent cases, courts have repeatedly cautioned law firms and lawyers about taking on the dual roles of both opinion counsel and trial counsel. *See, e.g. Murata Mfg. Co., Ltd. v. Bel Fuse Inc.*, 2007 WL 1174826, at *2 (S.D.N.Y. Apr. 20, 2007) (explaining that defendants "should not be able to avoid inquiry into a relevant subject by choosing for trial the same attorney who provided the advice-of counsel Opinion on which the party relies."); *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396, 399 (D. Del. 2002) ("Eon has not only elected to engage in the unconventional and risky arrangement of having opinion counsel and trial counsel from the same law firm, but Eon's opinion counsel, Mr. Pontani, has actually entered an appearance in this matter. Because the Court cannot differentiate between opinion and trial counsel, the Court will grant Novartis' Motion to Compel to the extent it seeks the production of all legal advice Eon received from the Cohen, Pontani law firm relating to the subject matter of Mr. Pontani's opinion."); *see also Akeva L.L.C. v. Mizuno Corp.*, 243 F. Supp. 2d 418, 424 (M.D.N.C. 2003) ("The Court finds that the broad waiver rule requiring full disclosure for documents, even if they were not given to the client, is best suited to the situation where the opinion counsel is trial counsel."). By naming its opinion counsel as trial counsel, Cinram potentially exposed Mr. Kavrukov and Cooper & Dunham to the discovery process. Mr. Kavrukov's and Cooper &

Dunham's decision to wear both hats as opinion and trial counsel in this case cannot be used to avoid discovery or stall for time.

### B. The Opinions Must Be Produced If They Are Non-Privileged Documents

Apart from any potentially privileged communications, and contrary to Cooper & Dunham's and Mr. Kavrukov's representations to the Court, Mr. Kavrukov communicated his analysis and opinions to non-client companies. Any such communications are not privileged, and arguably waive any privilege in such opinions. For example, Mr. Kavrukov communicated with American Media International, LLC ("AMI") concerning the '846 Patent and his opinions and analysis. As AMI made clear in its letter to Philips' counsel, AMI rejected Mr. Kavrukov's and Cooper & Dunham's position and even admitted to infringement:

> AMI has at no time neither denied nor acted to deny the applicability of U.S. Patent No. 5,068,846 to Compact Discs manufactured at our facility. Our discs are manufactured with strict adherence to Sony & Philips applicable standards as described in the various specification books issued to AMI under terms of our license. As such we agree that our Compact Disc metallization process is covered under U.S. Patent No. 5,068,846 which we license from Philips.
> . . .
> No representative of AMI has signed any agreements or taken any professional counsel from Ivan Kavrukov or any other representative of Cooper & Dunham LLP with respect to this issue <u>other than an initial letter from him describing the proposed alternative description of the reflectivity patent</u>. After reviewing his proposal we decided based on the language in the original Philips patent that we disagreed with his alternative interpretation, and did not take any further steps.

Letter from Howard Hoyt, Director of Engineering, AMI, to Vincent P. Kovalick (January 24, 2008) (emphasis added) (Bass Decl., Ex. B). Without question, at the time of this communication, AMI was not a client of Mr. Kavrukov or Cooper & Dunham. As such, no privilege existed. Consequently, this communication and the underlying opinions referred to therein must be produced, as well as similar communications made by Mr. Kavrukov or Cooper & Dunham with others when no attorney-client relationship had been established, if ever.

8

Moreover, Mr. Kavrukov and Cooper & Dunham cannot possibly argue privilege with respect to the contents of their "initial letter" to AMI, or to any other non-client company, even if any such companies eventually became their clients. Thus, such letters and underlying opinions, and any other documents containing the substance of such letters and opinions, must be produced.

### C. Mr. Kavrukov and Cooper & Dunham Must Produce a Clear Privilege Log

Under both the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Mr. Kavrukov and Cooper & Dunham are obligated to prepare and produce a privilege log. Mr. Kavrukov's and Cooper & Dunham's failure to acknowledge the above-referenced non-privileged communications, and their disposition to overstate all of their communications as privileged, makes their representations about privilege unreliable. Therefore, in addition to immediately producing the non-privileged documents, Mr. Kavrukov and Cooper & Dunham must prepare clear privilege logs that allow the Court and Philips to ascertain what communications were made, with whom, and when, and the full scope of any waiver of any privileged communications.

## IV. CONCLUSION

For the foregoing reasons, Cooper & Dunham LLP's and Ivan Kavrukov's Motion to Quash should be denied, and Plaintiffs' subpoenaed documents should be produced.

Date:   June 16, 2008  /s/  Edward D. Johnson

Christopher J. Houpt
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel: (212) 506-2380
Fax: (212) 849-5830

Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Tel: (650) 331-2000
Fax: (650) 331-2060

*Of Counsel*:
Vince P. Kovalick (*pro hac vice*)
John F. Hornick (*pro hac vice*)
Samuel C. Bass (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

*Attorneys for Plaintiffs
Koninklijke Philips Electronics N.V. and
U.S. Philips Corporation*