## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KONINKLIJKE PHILIPS ELECTRONICS
N.V. and U.S. PHILIPS CORPORATION,

       Plaintiffs,

    v.

CINRAM INTERNATIONAL INC., CINRAM
INC., CINRAM MANUFACTURING INC.,
and John Does No. 1 through 100,

       Defendants.

Civil Action No.
08 CV 00515 (CLB)(MDF)

ECF Case

### DECLARATION OF SAMUEL CUMMINGS BASS IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION OF NON-PARTIES COOPER & DUNHAM LLP AND IVAN S. KAVRUKOV, ESQ. TO QUASH PLAINTIFFS' SUBPOENAS *DUCES TECUM*

I, Samuel Cummings Bass, declare as follows:

1.     I am an associate at the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner. Unless otherwise specified, I have personal knowledge of all facts set forth in this Declaration, and I would and could testify competently thereto if called upon to do so.

2.     I am admitted *pro hac vice* and currently represent Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively "Philips") in this case.

3.     Attached as Exhibit A is a true, correct, and authentic copy of an email I received from Gregory Carbo of Cooper & Dunham LLP, counsel for Defendants, on May 23, 2008 at 2:22 PM.

4.     Attached as Exhibit B is a true, correct, and authentic copy of a letter from Howard Hoyt, Director of Engineering, American Media International, LLC, to Vincent P. Kovalick of Finnegan, Henderson, Farabow, Garrett & Dunner LLP, counsel for Plaintiffs, dated January 24, 2008.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of June, 2008 at Washington, District of Columbia.

Samuel Cummings Bass

# EXHIBIT A

# COOPER & DUNHAM LLP

### ATTORNEYS AT LAW

1185 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10036

TELEPHONE: (212) 278-0400

IVAN S. KAVRUKOV
PETER D. MURRAY
WILLIAM E. PELTON
ROBERT D. KATZ
PAUL TENG
WENDY E. MILLER
PETER J. PHILLIPS
RICHARD F. JAWORSKI
BRIAN J. AMOS
GREGORY J. CARBO
MICHAEL LIN*
JENNIFER RAK

NORMAN H. ZIVIN
JOHN P. WHITE
ROBERT B. G. HOROWITZ
ERIC D. KIRSCH
GARY J. GERSHIK
ROBERT T. MALDONADO
RICHARD S. MILNER
AUDE GERSPACHER
TONIA A. SAYOUR
HINDY M. DYM
LETITIA A. DEGRASSE*

*NEW YORK STATE BAR ADMISSION PENDING

May 23, 2008

FACSIMILE: (212) 391-0525
(212) 391-0526
(212) 391-0630
(212) 391-0631
(212) 627-0247

OF COUNSEL
CHRISTOPHER C. DUNHAM

SCIENTIFIC ADVISOR
JAMES R. MAJOR, D. PHIL.
PAMELA J. SAVAGE, PH.D.
JACK ROSA, PH.D.

REGISTERED PATENT AGENT
ANDREW CHUNG, R.E.

FOUNDED 1887
www.cooperdunham.com

**BY E-MAIL**

Samuel C. Bass, Esq.
Finnegan Henderson Farabow
  Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Re:  Koninklijke Philips Electronics N.V., et al. v. Cinram International Inc. et al.,
     Civil Action No.: 08-00515 (CLB)

Dear Sam:

Further to your May 20, 2008 letter requesting production of all documents concerning the design, configuration, structure, specifications, manufacture, replication or mastering of any CD-Disc, Cinram repeats the objections that it set forth in its response to Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation's First Request for the Production of Documents and Things. For instance, Cinram did not produce irrelevant, outdated, publicly available information such as the document entitled "Plant Tour of How Compact Discs Are Made" nor is Cinram required to produce such documents. Moreover, many of plaintiffs' requests pertain to documents that are completely unrelated to this lawsuit, such as documents concerning the mastering of CDs. Furthermore, it is unclear from plaintiffs' vague, generalized requests exactly what types of documents are being sought. In any event, Cinram expects to produce additional documents.

Cinram has not determined whether or not it will rely on an "advice of counsel" defense at this time. Moreover, despite plaintiffs' contentions, Cinram need not disclose any such defense at this time as discovery has only just begun. Nonetheless, Cinram will include confidential opinions relating to the '846 Patent on its privilege log and will notify plaintiffs if Cinram plans to rely on any such opinions.

Finally, Cinram requested, inter alia, all documents regarding the "essentiality" of the '846 patent, as well as documents sufficient to identify the corporate structure that

Samuel C. Bass, Esq.
May 23, 2008
Page 2

includes the plaintiffs, parents thereof, and subsidiaries of the parents and of plaintiffs, yet has not received them.  As Cinram has already made numerous requests for these documents to no avail, please let us know when plaintiffs intend to produce these documents.

Sincerely,

Gregory J. Carbo

Cc: Edward D. Johnson, Esq. (by e-mail)
     Christopher P. Houpt, Esq. (by e-mail)

# EXHIBIT B

FEB-04-2008  16:01     AMI3362228867                    3362228867    P.01



Howard Hoyt  –  Director of Engineering

American Media International, LLC.
2608 Tucker Street, Burlington, NC 27215

Phone: 336.229.5554 x103   Fax: 336.228.1409   hoyth@ami-media.com

January 24, 2008


Vincent P. Kovalick
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

### Re: Communication regarding U.S. Patent No. 5,068,846

Dear Mr. Kovalick

I am replying to your assertion that AMI has somehow been operating in a manner intended to actively deny the applicability of Philips' U.S. Patent No. 5,068,846 to Compact Discs manufactured at our facility.

AMI has at no time neither denied nor acted to deny the applicability of U.S. Patent No. 5,068,846 to Compact Discs manufactured at our facility. Our discs are manufactured with strict adherence to Sony & Philips applicable standards as described in the various specification books issued to AMI under terms of our license. As such we agree that our Compact Disc metallization process is covered under U.S. Patent No. 5,068,846 which we license from Philips.

As any engineer active in the Optical Disc industry will acknowledge, the lower limit of the reflectivity of a Red Book CD is set at >70%[1]. The upper limit is defined as the ultimate reflectivity of aluminum at 780 nM minus double pass transmission losses through 1.2mm of polycarbonate substrate. In practical terms, the upper limit is in the mid to high 80% range. All of AMIs Compact Disc substrates are metallized within this >70% to 85% range. This range of metallization is clearly covered by the U.S. Patent No. 5,068,846. Since AMI is licensed by Philips to utilize the technology described in this patent I am confused as to the nature or applicability of the statements made in your claim against us.

No representative of AMI has signed any agreements or taken any professional counsel from Ivan Kavrukov or any other representative of Cooper & Dunham LLP with respect to this issue other than an initial letter from him describing the proposed

---

[1] Royal Philips Electronics, 'Compact Disc Digital Audio. System Description'. . ned. 8.4. version March 2006

CONFIDENTIAL                    PH-NY00107277

alternative description of the reflectivity patent. After reviewing his proposal we decided based on the language in the original Philips patent that we disagreed with his alternative interpretation, and did not take any further steps.

We object to having AMI listed in association with any who may have agreed with Mr. Kavrukov's interpretation of the Philips patent. We disagree with the claims made by Mr. Kavrukov that there is an interpretation of the U.S. Patent No. 5,068,846 which allows for a partially reflective Compact Disc to not be covered under the patent. As such being associated with those who may or may not have acted in a manner other than that stipulated in agreements with Philips is disappointing to say the least, infuriating to be quite blunt. We have acted entirely in the spirit and letter of our agreement with Philips on this matter.

At no time have I been aware of any attempt here at AMI to deny accounting to Philips as required under our contract of 2002 for discs which fall under the U.S. Patent No. 5,068,846. If there are specific instances of discs which were allegedly manufactured at AMI in an attempt to skirt U.S. Patent No. 5,068,846, I have no knowledge of them. As a representative of AMI, I request and require evidence of this activity before replying to this claim in any specific manner.

CONFIDENTIAL

# EXHIBIT B



**AMI**
American Media International, LLC.
2608 Tucker Street, Burlington, NC 27215

Howard Hoyt  -  Director of Engineering

Phone: 336.229.5554 x103   Fax: 336.228.1409   hoyth@ami-media.com

January 24, 2008


Vincent P. Kovalick
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413


**Re: Communication regarding U.S. Patent No. 5,068,846**


Dear Mr. Kovalick

    I am replying to your assertion that AMI has somehow been operating in a manner intended to actively deny the applicability of Philips' U.S. Patent No. 5,068,846 to Compact Discs manufactured at our facility.

    AMI has at no time neither denied nor acted to deny the applicability of U.S. Patent No. 5,068,846 to Compact Discs manufactured at our facility. Our discs are manufactured with strict adherence to Sony & Philips applicable standards as described in the various specification books issued to AMI under terms of our license. As such we agree that our Compact Disc metallization process is covered under U.S. Patent No. 5,068,846 which we license from Philips.

    As any engineer active in the Optical Disc industry will acknowledge, the lower limit of the reflectivity of a Red Book CD is set at >70%[1]. The upper limit is defined as the ultimate reflectivity of aluminum at 780 nM minus double pass transmission losses through 1.2mm of polycarbonate substrate. In practical terms, the upper limit is in the mid to high 80% range. All of AMIs Compact Disc substrates are metallized within this >70% to 85% range. This range of metallization is clearly covered by the U.S. Patent No. 5,068,846. Since AMI is licensed by Philips to utilize the technology described in this patent I am confused as to the nature or applicability of the statements made in your claim against us.

    No representative of AMI has signed any agreements or taken any professional counsel from Ivan Kavrukov or any other representative of Cooper & Dunham LLP with respect to this issue other than an initial letter from him describing the proposed

---

[1] Royal Philips Electronics. 'Compact Disc Digital Audio. System Description'. . part. 8.4. version March 2006

CONFIDENTIAL                                              PH-NY00107277

alternative description of the reflectivity patent. After reviewing his proposal we decided based on the language in the original Philips patent that we disagreed with his alternative interpretation, and did not take any further steps.

We object to having AMI listed in association with any who may have agreed with Mr. Kavrukov's interpretation of the Philips patent. We disagree with the claims made by Mr. Kavrukov that there is an interpretation of the U.S. Patent No. 5,068,846 which allows for a partially reflective Compact Disc to not be covered under the patent. As such being associated with those who may or may not have acted in a manner other than that stipulated in agreements with Philips is disappointing to say the least, infuriating to be quite blunt. We have acted entirely in the spirit and letter of our agreement with Philips on this matter.

At no time have I been aware of any attempt here at AMI to deny accounting to Philips as required under our contract of 2002 for discs which fall under the U.S. Patent No. 5,068,846. If there are specific instances of discs which were allegedly manufactured at AMI in an attempt to skirt U.S. Patent No. 5,068,846, I have no knowledge of them. As a representative of AMI, I request and require evidence of this activity before replying to this claim in any specific manner.

CONFIDENTIAL                                                     PH-NY00107278