UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | |
| Plaintiffs, | Civil Action No.08-cv-0515 (CLB)(MDF) |
| v. | ECF Case |
| CINRAM INTERNATIONAL INC., CINRAM INC., CINRAM MANUFACTURING INC., and John Does No. 1 through 100, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NON-PARTIES COOPER & DUNHAM LLP AND IVAN S. KAVRUKOV, ESQ. TO QUASH PLAINTIFFS' SUBPOENAS *DUCES TECUM* PURSUANT TO RULES 26 AND 45(c)(3), FED.R.CIV.P.**

Non-parties Cooper & Dunham LLP ("Cooper & Dunham") and Ivan S. Kavrukov, Esq. ("Attorney Kavrukov") respectfully submit this reply memorandum in support of their motion to quash Plaintiffs Koninklijke Philips Electronics, N.V.'s and U.S. Philips Corporation's (collectively referred to as "Philips") Subpoenas *Duces Tecum* (collectively referred to as "Philips Subpoenas").

## I.  INTRODUCTION

In their opposition, Philips contends that because Cinram has refused to produce an opinion of counsel as a defense to the allegation of willful infringement, their trial counsel must produce any such opinion. Philips further contends that any opinions given to replicators were not privileged. As further explained below, both contentions are without merit.

## II.  ARGUMENT

### A.  Philips' Characterizations In The "Background" Section Of Their Opposition Are Without Merit

Philips' characterization that Cinram improperly stopped paying royalties under the CD Disc patent license agreement is wrong. Philips has not terminated its license with Cinram because Cinram pays royalties on CDs not at issue in this litigation. The license with Philips specifically provides that no royalties are due for patents that are not used. Because Cinram is not using the '846 Patent in its improved CDs, Cinram properly does not pay royalties solely attributable to the '846 Patent.

Philips seeks royalties for the '846 Patent on the basis that it is "essential" in the manufacture of CDs. However, the "essentiality" of the '846 Patent is based on an obsolete opinion of an "independent" expert, Dr. Kenneth Rubenstein, retained by Philips in 2003. (Philips' Opposition, pg. 5). Cinram improved its manufacturing process in late 2004 and one of the results was that the improved CDs did not use the invention claimed in the '846 Patent.

Philips does not have an opinion that the '846 Patent is "essential" in light of Cinram's improved CDs. Moreover, Philips' retained expert is not infallible. The ITC recently found that not all patents on which Philips relied in a CD-R/RW patent pool, that the same expert found were essential were, in fact, essential. *In re Certain Recordable Compact Discs & Rewritable Compact Discs*, Inv. No. 337-TA0474 (Int'l Trade Comm'n Mar. 25, 2004) (rev'd on other grounds, *U.S. Philips v. ITC*, 424 F.3d 1179 (Fed. Cir. 2005).

**B. Even If Cooper & Dunham And Attorney Kavrukov Possess Relevant Documents, Such Documents Are Privileged And It Is Up To Cinram And The Parties In The Related Lawsuits Whether They Choose To Waive Their Privilege**

Philips contends that Cooper & Dunham and Attorney Kavrukov possess relevant documents,[1] but the requested documents remain privileged. Thus, the Philips Subpoenas which seek privileged and otherwise protected matter from Cooper & Dunham and Attorney Kavrukov must be quashed pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iii).

Philips also contends that Cinram should be compelled to declare their intention to rely on the advice of counsel defense to rebut willfulness. (Philips Opposition, pg. 6). But the Philips Subpoenas do not and cannot address the question. Only if Cinram waives its privilege will some documents at issue here become discoverable, and Cinram has already indicated it has not decided to waive its privilege:

> Cinram has not determined whether or not it will rely on an "advice of counsel" defense <u>at this time</u>. Moreover, despite plaintiffs' contentions, Cinram need not disclose any such defense <u>at this time as discovery has only just begun</u>. Nonetheless, <u>Cinram will include confidential opinions relating to the '846 Patent on its privilege log and will notify plaintiffs if Cinram plans to rely on any such opinions</u>.

(Bass Decl., Exh. A) (emphasis added). Discovery is still in its initial stages and will not be

---

[1] Philips does not even address the fact that their Subpoenas request information that has no relevance to the claims and defenses of the parties in this lawsuit.

3

completed until January 19, 2009, seven months from now. Philips has not moved for an order compelling Cinram to declare whether it will rely on opinions of counsel. Such an order would be premature. As indicated, unless Cinram waives its privilege, the Philips Subpoenas on Cinram's trial counsel are improper.[2]

Moreover, the Federal Circuit has deemphasized the value of an attorney opinion in the context of defending against a claim of willful infringement. Specifically, in *In re Seagate,* 497 F.3d 1360, 1370 (Fed. Cir. 2007), *cert denied*, 128 S.Ct. 1445 (2008) the Federal Circuit abandoned the affirmative duty of due care for willful infringement and determined that the proper minimum standard for willfulness is "objective recklessness" where "[t]he state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* at 1371. In order to meet that standard, Philips "must show by clear and convincing evidence that the [Cinram] . . . acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* Based on this new standard the Court held that "there is no affirmative obligation to obtain [an] opinion of counsel." *Id.* Given this new standard, Philips' insistence at this stage of the case that Cinram disclose its intent to rely on an opinion of counsel is unwarranted.

Finally, the cases cited by Philips in support of their contention that Cinram exposed Cooper & Dunham and Attorney Kavrukov to the discovery processes are inapposite to the facts in this case. Not only were the cases decided before *In re Seagate,* but in each case, unlike the present case, the client had produced an opinion of counsel and voluntarily agreed to waive its privilege with respect thereto. The question in these cases was the scope of the waiver, a question not ripe here where there has been no waiver. *See Murata Mfg. Co., Ltd. v. Bel Fuse,*

---

[2] Similarly, the parties in the other related actions can make their own conclusions as to whether or not they choose to rely on the advice of counsel defense to Philips' willfulness claims. Indeed, to the extent that those parties obtained opinions from Cooper & Dunham, those opinions will also be included on a privilege log from each party.

*Inc.*, 2007 WL 1174826 at *1 (S.D.N.Y. April 20, 2007); *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D 396, 396 (D.Del. 2002); A*keva L.L.C. v. Mizuno Corp.*, 243 F.Supp.2d 418, 424 (M.D.N.C. 2003).

Accordingly, because the information that Philips seeks from Cooper & Dunham and Attorney Kavrukov is privileged and available from Cinram and other parties in related actions, the Court should quash the Philips Subpoenas.

### C. The AMI Letter Relied On By Philips Does Not Show That Cooper & Dunham Or Attorney Kavrukov Communicated Any Analysis Or Opinion To Non-Client Companies

In an effort to represent that Cooper & Dunham and Attorney Kavrukov communicated analyses or opinions to alleged non-clients, and that the privilege no longer exists, Philips relies on a letter by Howard Hoyt from American Media International, LLC ("AMI"). However, as clarified by the Declaration of Mr. Hoyt, filed concurrently herewith, Mr. Hoyt was mistaken about an "initial letter" from Mr. Kavrukov or anyone else from Cooper & Dunham. (Hoyt Decl., ¶ 4). Upon reviewing the letter and his files and refreshing his recollection, he states that there was no such letter from Mr. Kavrukov or anyone else from Cooper & Dunham to AMI or any representative of AMI. *Id.* Indeed, as demonstrated in the Declaration of Richard Clark, filed concurrently herewith, AMI sought legal advice from Mr. Kavrukov and is represented by Mr. Kavrukov and Cooper & Dunham in connection with this litigation. (Clark Decl., ¶¶3-4).

Accordingly, Philips' reliance on any "initial letter" as non-privileged or a waiver of any privilege is misplaced.

### D. The Scope Philips' Request For A Privilege Log Violates The Attorney-Client Privilege

Philips ignores that its broad request for a privilege log including information such as the identities of individuals or entities that are not parties to any lawsuit, violates the attorney-client

privilege.  *See Elliott Associates, L.P. v. The Republic of Peru*, 176 F.R.D. 93, 99 (S.D.N.Y. 1997) (finding that "[t]he grounds for exempting a client's identity . . . from the scope of the attorney-client privilege rarely apply where, as here, the client is a non-party.").  Philips' request for a privilege log that includes information protected by the attorney-client privilege that is beyond the scope of this litigation should be denied in its entirety.

### III.   CONCLUSION

For the foregoing reasons, non-parties Cooper & Dunham and Attorney Kavrukov respectfully request that the Court issue an order quashing the Philips Subpoenas in their entireties, and granting such further and other relief as the Court may deem appropriate.

Respectfully submitted,

COOPER & DUNHAM LLP

Dated:  June 17, 2008

 /s/ William E. Pelton
Ivan Kavrukov (IK 4452)
William E. Pelton (WP 1850)
Tonia A. Sayour (TS 7208)
Gregory J. Carbo (GC 8459)
1185 Avenue of the Americas
New York, New York 10036
Tel:  (212) 278-0400
Fax:  (212) 391-7550
ikavrukov@cooperdunham.com
wpelton@cooperdunham.com
tsayour@cooperdunham.com
gcarbo@cooperdunham.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 17th day of June, 2008, I electronically filed the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NON-PARTIES COOPER & DUNHAM LLP AND IVAN S. KAVRUKOV, ESQ. TO QUASH PLAINTIFFS' SUBPOENAS *DUCES TECUM* PURSUANT TO RULES 26 AND 45(c)(3), FED.R.CIV.P.** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Edward D. Johnson
    MAYER BROWN LLP
    Two Palo Alto Square, Suite 300
    3000 El Camino Real
    Palo Alto, California 94306-2112
    wjohnson@mayerbrown.com

    Vince P. Kovalick
    John F. Hornick
    Samuel C. Bass
    FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
    901 New York Avenue, N.W.
    Washington, D.C. 20001
    vince.kovalick@finnegan.com
    John.Hornick@finnegan.com
    Samuel.Bass@finnegan.com

    Christopher J. Houpt
    MAYER BROWN LLP
    1675 Broadway
    New York, New York 10019
    choupt@mayerbrown.com

                                          /s/ William E. Pelton
                                          William E. Pelton