UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CINRAM INTERNATIONAL INC., CINRAM INC., CINRAM MANUFACTURING INC., and John Does No. 1 through 100,<br><br>Defendants. | Civil Action No.08-cv-0515 (CLB)(MDF)<br><br>ECF Case |

**DECLARATION BY HOWARD HOYT IN SUPPORT OF THE MOTION OF NON-PARTIES COOPER & DUNHAM LLP AND IVAN S. KAVRUKOV, ESQ. TO QUASH PLAINTIFFS' SUBPOENAS *DUCES TECUM* PURSUANT TO RULES 26 AND 45(c)(3), FED.R.CIV.P.**

I, HOWARD HOYT do hereby declare as follows:

1. I am personally familiar with the facts set forth herein.

2. I am Director of Engineering for American Media International, LLC ("AMI").

3. I have reviewed my letter to Vince P. Kovalick of Finnegan, Henderson, Farabow, Garrett & Dunner LLP dated January 24, 2008 that references "an initial letter" from Mr. Ivan Kavrukov. A true and correct copy of my letter is attached hereto as Exhibit A.

4. Upon review of the January 24, 2008 letter and my files, I have confirmed that in fact there was no "initial letter" ever provided by Mr. Kavrukov or by anyone else at Cooper & Dunham LLP to AMI or any representative of AMI. Now that I have refreshed my recollection, I recollect a telephone conference my boss, Richard Clark, had with Mr. Kavrukov in which AMI sought legal advice concerning a Philips' patent. However, I was mistaken in my letter of January 24, 2008 about the existence of an "initial letter."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 6/17/2008

_____
Howard Hoyt

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2008, I electronically filed the foregoing **DECLARATION BY HOWARD HOYT IN SUPPORT OF THE MOTION OF NON-PARTIES COOPER & DUNHAM LLP AND IVAN S. KAVRUKOV, ESQ. TO QUASH PLAINTIFFS' SUBPOENAS *DUCES TECUM* PURSUANT TO RULES 26 AND 45(c)(3), FED.R.CIV.P.** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Edward D. Johnson
> MAYER BROWN LLP
> Two Palo Alto Square, Suite 300
> 3000 El Camino Real
> Palo Alto, California 94306-2112
> wjohnson@mayerbrown.com
>
> Vince P. Kovalick
> John F. Hornick
> Samuel C. Bass
> FINNEGAN, HENDERSON, FARABOW,
>    GARRETT & DUNNER, L.L.P.
> 901 New York Avenue, N.W.
> Washington, D.C. 20001
> vince.kovalick@finnegan.com
> John.Hornick@finnegan.com
> Samuel.Bass@finnegan.com
>
> Christopher J. Houpt
> MAYER BROWN LLP
> 1675 Broadway
> New York, New York 10019
> choupt@mayerbrown.com

/s/ William E. Pelton
William E. Pelton

# EXHIBIT A



**AMI**
American Media International, LLC.
2609 Tucker Street, Burlington, NC 27215

Howard Hoyt - Director of Engineering
Phone: 336.229.5554 x103  Fax: 336.226.1409  hoyth@ami-media.com

January 24, 2008

Vincent P. Kovalick
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

**Re: Communication regarding U.S. Patent No. 5,068,846**

Dear Mr. Kovalick

    I am replying to your assertion that AMI has somehow been operating in a manner intended to actively deny the applicability of Philips' U.S. Patent No. 5,068,846 to Compact Discs manufactured at our facility.

    AMI has at no time neither denied nor acted to deny the applicability of U.S. Patent No. 5,068,846 to Compact Discs manufactured at our facility. Our discs are manufactured with strict adherence to Sony & Philips applicable standards as described in the various specification books issued to AMI under terms of our license. As such we agree that our Compact Disc metallization process is covered under U.S. Patent No. 5,068,846 which we license from Philips.

    As any engineer active in the Optical Disc industry will acknowledge, the lower limit of the reflectivity of a Red Book CD is set at >70%[1]. The upper limit is defined as the ultimate reflectivity of aluminum at 780 nM minus double pass transmission losses through 1.2mm of polycarbonate substrate. In practical terms, the upper limit is in the mid to high 80% range. All of AMIs Compact Disc substrates are metallized within this >70% to 85% range. This range of metallization is clearly covered by the U.S. Patent No. 5,068,846. Since AMI is licensed by Philips to utilize the technology described in this patent I am confused as to the nature or applicability of the statements made in your claim against us.

    No representative of AMI has signed any agreements or taken any professional counsel from Ivan Kavrukov or any other representative of Cooper & Dunham LLP with respect to this issue other than an initial letter from him describing the proposed

---

[1] Royal Philips Electronics. 'Compact Disc Digital Audio. System Description'. part. 8.4. version March 2006

CONFIDENTIAL
PH-NY00107277

alternative description of the reflectivity patent. After reviewing his proposal we decided based on the language in the original Philips patent that we disagreed with his alternative interpretation, and did not take any further steps.

We object to having AMI listed in association with any who may have agreed with Mr. Kavrukov's interpretation of the Philips patent. We disagree with the claims made by Mr. Kavrukov that there is an interpretation of the U.S. Patent No. 5,068,846 which allows for a partially reflective Compact Disc to not be covered under the patent. As such being associated with those who may or may not have acted in a manner other than that stipulated in agreements with Philips is disappointing to say the least, infuriating to be quite blunt. We have acted entirely in the spirit and letter of our agreement with Philips on this matter.

At no time have I been aware of any attempt here at AMI to deny accounting to Philips as required under our contract of 2002 for discs which fall under the U.S. Patent No. 5,068,846. If there are specific instances of discs which were allegedly manufactured at AMI in an attempt to skirt U.S. Patent No. 5,068,846, I have no knowledge of them. As a representative of AMI, I request and require evidence of this activity before replying to this claim in any specific manner.

CONFIDENTIAL

PH-NY00107278