UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | : : : | |
| Plaintiffs, | : : | Civil Action No.08-cv-0515 (CLB)(MDF) |
| v. | : : | ECF Case |
| CINRAM INTERNATIONAL INC., CINRAM INC., CINRAM MANUFACTURING INC., and John Does No. 1 through 100, | : : : : : | **SECOND AMENDED ANSWER AND COUNTERCLAIM** |
| Defendants and Counterclaim Plaintiffs. | : : : : | |

Defendants Cinram International Inc., Cinram Inc., and Cinram Manufacturing Inc. (collectively referred to as "Cinram"), hereby respond to the First Amended Complaint by Koninklijke Philips Electronics N.V. ("Philips N.V.") and U.S. Philips Corporation ("U.S. Philips") (collectively referred to as "Philips") by and through their counsel as follows:

1.     The allegations contained in Paragraph 1 appear to characterize the nature of this case.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 1.

## THE PARTIES

2.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and, therefore, denies them.

3.     Cinram admits the allegations contained in Paragraph 3.

4.     Cinram admits the allegations contained in Paragraph 4.

5.     Cinram admits the allegations contained in Paragraph 5.

1

6.      Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and, therefore, denies them.

## JURISDICTION AND VENUE

7.      Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and, therefore, denies them.

8.      Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and, therefore, denies them.

9.      The allegations contained in Paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 9.

10.     The allegations contained in Paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 10.

11.     Cinram denies the allegations contained in Paragraph 11.

## FACTS RELATED TO PHILIPS

12.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies them.

13.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies them.

14.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies them.

15.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies them.

16.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies them.

17.     Cinram admits Exhibit A to the Amended Complaint is a purported copy of the '846 patent but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, therefore, denies them, and specifically denies that the '846 was duly and legally issued after full and fair examination or that it is valid and subsisting.

18.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies them.

## FACTS RELATED TO CINRAM

19.     Cinram admits that Philips N.V. and Cinram are parties to a license agreement which bears the title "CD Disc Patent License Agreement" ("License Agreement") and that Exhibit B to the Amended Complaint purports to be a copy of that License Agreement, which states that it was entered into on December 1, 2004, but denies the remaining allegations contained in numbered Paragraph 19.

20.     Cinram admits that Philips N.V. and Cinram are parties to a "Side Letter" and that Exhibit C to the Complaint purports to be a copy of that Side Letter, which states that it has "an effective date of December 1, 2004" and that it was signed by Cinram on December 22, 2004, but denies the remaining allegations contained in numbered Paragraph 20

21.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 21.

22.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 22.

23.     Cinram admits that the '846 patent is and was listed in Annex A1 but denies the remaining allegations contained in Paragraph 23.

24.     Cinram admits that ¶1.23 of the Agreement refers to Philips N.V. commissioning an independent expert to review the patents listed in Annexes A1 through A8 to determine whether each patent is "essential", but denies the remaining allegations contained in Paragraph 24.

25.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 25.

26.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies them.

27.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 27.

28.     Cinram denies Philips' characterization of the Agreement and the remaining allegations contained in Paragraph 28.

29.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 29.

30.     Cinram admits that the agreement contains the quoted language but denies the remaining allegations contained in Paragraph 30.

31.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies them.

32.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 32.

33.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 33.

34.      The allegations contained in Paragraph 34 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 34.

35.     Cinram admits that the agreement contains the quoted language but denies the remaining allegations contained in Paragraph 35.

36.     The allegations contained in Paragraph 36 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 36.

**FACTS RELATING TO BREACH OF CONTRACT CLAIM**

37.     Cinram admits that the Agreement contains the quoted language but denies Philips' characterization of the Agreement and the remaining allegations contained in Paragraph 37.

38.     Cinram admits that the Agreement contains the quoted language but denies the remaining allegations contained in Paragraph 38.

39.     Cinram denies the allegations contained in Paragraph 39.

40.     Cinram admits that it has paid royalties for CD-Discs but denies the remaining allegations contained in Paragraph 40.

41.     Cinram admits that it manufactures CD-Discs at two U.S. plants, Olyphant, PA ("Olyphant") and Richmond, IN ("Richmond"), and in Canada, but denies the remaining allegations contained in Paragraph 41.

42.     Cinram denies the allegations contained in Paragraph 42.

43.    Cinram denies the allegations contained in Paragraph 43.

44.    Cinram denies the allegations contained in Paragraph 44.

45.    Cinram denies the allegations contained in Paragraph 45.

46.    Cinram admits that CD-Discs it makes are sold in the United States but denies the remaining allegations contained in Paragraph 46.

47.    Cinram denies the allegations contained in Paragraph 47.

48.    Cinram denies the allegations contained in Paragraph 48.

### FACTS RELATING TO PATENT INFRINGEMENT CLAIM

49.    Cinram denies the allegations contained in Paragraph 49.

50.    The allegations contained in Paragraph 50 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 50.

51.    Cinram denies the allegations contained in Paragraph 51.

52.    Cinram denies the allegations contained in Paragraph 52.

53.    Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and, therefore, denies them.

### COUNT I
### BREACH OF CONTRACT

54.    Cinram repeats and reasserts all responses to Paragraphs 1 through 53 as if they were stated in full herein.

55.    Cinram admits that it has not terminated the Agreement and Side Letter with Philips N.V. but denies the remaining allegations contained in Paragraph 55.

56.    The allegations contained in Paragraph 56 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies the allegations contained in Paragraph 56.

57.    The allegations contained in Paragraph 57 are legal conclusions to which no response is required.  To the extent a response is required, Cinram admits that the Agreement contains language to the effect that Philips is bound to seek resolution of any disputes related to the Agreement in the Courts of New York but denies the remaining allegations contained in Paragraph 57.

58.    Cinram denies the allegations contained in Paragraph 58.

59.    Cinram denies the allegations contained in Paragraph 59.

60.    Cinram denies the allegations contained in Paragraph 60.

61.    Cinram denies the allegations contained in Paragraph 61.

62.    Cinram lacks denies Philips' characterization of the Agreement and denies the remaining allegations contained in Paragraph 62.

63.    The allegations contained in Paragraph 63 are legal conclusions to which no response is required.  To the extent a response is required, Cinram denies Philips' characterization of the Agreement and denies the remaining allegations contained in Paragraph 63.

64.    Cinram denies the allegations contained in Paragraph 64.

## COUNT II
## PATENT INFRINGEMENT

65.    Cinram repeats and reasserts all responses to Paragraphs 1 through 64 as if they were stated in full herein.

66.    Cinram denies the allegations contained in Paragraph 66.

67.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and, therefore denies them.

68.     Cinram denies the allegations contained in Paragraph 68.

69.     Cinram lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and, therefore denies them.

70.     Cinram admits that records show that a Reexamination Request for the '846 patent was filed in the Patent Office on December 8, 2004 and that Exhibit D to the Amended Complaint purports to be a copy of a Reexamination Certificate but denies the allegations contained in Paragraph 70.

71.     Cinram admits that the '846 patent has been listed in Annex 1 of the Agreement but denies the remaining allegations contained in Paragraph 71.

72.     Cinram denies the allegations contained in Paragraph 72.

73.     Cinram denies the allegations contained in Paragraph 73.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Cinram has not directly or contributorily infringed any claim of the patent-in-suit, nor has it induced others to infringe the patent-in-suit.

### SECOND AFFIRMATIVE DEFENSE

The patent-in-suit is unenforceable due to Philips' patent misuse, prosecution laches, and inequitable conduct, namely, Philips' intentional failure to timely inform the Patent Examiner of material prior art and other information known to Philips, including by Philips abandoning an allowed patent application in favor of a continuing patent application with the same claims, and

by Philips submitting prior art in a reexamination proceeding in a manner ensuring that the

Patent Office would not consider it on the merits.

## THIRD AFFIRMATIVE DEFENSE

The patent-in-suit is invalid for failure to comply with one or more provisions of Title 35

of the United States Code related to patentability.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by waiver.

## EIGHTH AFFIRMATIVE DEFENSE

If plaintiffs suffered damages as alleged, plaintiffs failed to mitigate such damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff U.S. Philips Corporation lacks standing to assert breach of contract claims

because it is not the licensing entity, and plaintiff Koninklijke Philips Electronics N.V. lacks

standing to assert patent infringement or contract claims under the '846 patent because it does

not own the licensed patent.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim on which relief may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

Philips is estopped to construe the claims to of the '846 Patent to cover any products made, used, sold, offered for sale or imported by Cinram because of statements, amendments, or actions taken during the prosecution of the '846 Patent.

## TWELVTH AFFIRMATIVE DEFENSE

The claims of the '846 Patent cannot be construed to cover any product made, used, sold, offered for sale or imported by Cinram and avoid the prior art.

## THIRTEENTH AFFIRMATIVE DEFENSE

Philips is not entitled to an injunction or any other equitable remedy because it has an adequate remedy at law.

## COUNTERCLAIMS

Cinram counterclaims against Philips as follows:

## EXISTENCE OF ACTUAL CONTROVERSY

1.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§2201(a) and 2202.

2.      An actual justiciable controversy, as set forth in this counterclaim, exists between Cinram and Philips concerning the validity, enforceability and infringement of the patent-in-suit.

## THE PARTIES

3.      Plaintiff-in-Counterclaim, Cinram International Inc. is a corporation organized under the laws of Canada with a place of business at 2255 Markham Road, Scarborough, Ontario, Canada.

4.      Plaintiff-in-Counterclaim, Cinram Inc. is a corporation organized under the laws of Delaware with a place of business at 1600 Rich Road, Richmond, Indiana.

5.      Plaintiff-in-Counterclaim, Cinram Manufacturing Inc. is a corporation organized under the laws of Delaware with a place of business at 1400 East Lackawanna Ave., Olyphant, Pennsylvania.  Cinram International Inc., Cinram Inc., and Cinram Manufacturing Inc. are collectively referred to as "Cinram".

6.      Upon information and belief, Defendant-in-Counterclaim Koninklijke Philips Electronics N.V. is a corporation organized under the laws of The Netherlands with its place of business in Amsterdam, the Netherlands.

7.      Upon information and belief, Defendant-in-Counterclaim U.S. Philips Corporation is a corporation organized under the laws of Delaware with places of business at 1251 Avenue of the Americas, New York, New York, and at 345 Scarborough Rd., Briarcliff Manor, New York.  Defendants-in-Counterclaim Koninklijke Philips Electronics N.V. and U.S. Philips Corporation are collectively referred to as "Philips".

## JURISDICTION AND VENUE

8.       The Court has jurisdiction over Cinram, Philips, and over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201 and 2202 and under the doctrines of pendent and supplemental jurisdiction.

9.      By filing its Complaint, Philips has consented to the personal jurisdiction of this Court.

10.      Venue for the counterclaims is proper in this Court under 28 U.S.C. §§1391(b) and 1400(b).

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

11.     Cinram repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

12.     Cinram has not infringed, nor does it now infringe, any claim of the patent-in-suit.

13.     Cinram has not induced, nor does it now induce, infringement of any claim of the patent-in-suit.

14.     Cinram has not contributorily infringed, nor does it now contributorily infringe, any claim of the patent-in-suit.

15.     Cinram is entitled to a declaratory judgment that it has not directly, contributorily, or by inducement, infringed any claim of the patent-in-suit.

## COUNT II
## (DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY)

16.     Cinram repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

17.     The patent-in-suit is invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

18.     On information and belief, Philips repeatedly delayed issuance of the '846 patent by unreasonable and unexplained delays in the prosecution of the chain of continuing patent applications commencing with the initial filing in 1973 culminating in the issuance of the patent in 1991 and an Ex Parte Reexamination Certificate in 2006, making the patent unenforceable because of prosecution laches.

19.     On information and belief, Philips unreasonably delayed submitting prior art to the Patent Examiner, or withheld prior art from the Patent Examiner, making it impractical or

impossible for the Patent Examiner to fully consider such prior art and thereby rendering the '846 patent unenforceable.

20.     Cinram is entitled to a declaratory judgment that the patent-in-suit is invalid.

## COUNT III
## (DECLARATORY JUDGMENT OF PATENT MISUSE)

21.     Cinram repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

22.     On information and belief, in the early 1980's plaintiff Philips N.V. promulgated Standard Specifications for pre-recorded CD-Discs ("CDs") and has modified them over the years.

23.     Plaintiff Philips N.V. extended to Cinram, and Cinram accepted, licenses under a pool of patents that purportedly were "essential" for making CDs ("the Licenses"), falsely representing therein that Philips N.V. owns certain of the pooled patents ("the Philips Patents"), including the `846 Patent, when in fact the Philips Patents were not owned by plaintiff Philips N.V.

24.     Cinram paid royalties under the pool Licenses with Philips N.V. for CDs made by Cinram.

25.     By 2005, all Philips Patents purportedly "essential" for the types of CDs described as CD-Audio, CD-ROM Mode 1, and CD-ROM Mode 2 made by Cinram ("the CD types at issue") had expired, except for the `846 Patent, which expires on November 26, 2008.

26.     By 2005, an alternative economically viable and practicable method of making the CD types at issue existed which did not require the `846 Patent, establishing that the '846 patent is not "essential."  Cinram practiced this alternative method to make the CD types at issue and stopped paying royalties under the `846 Patent because it was not practicing the `846 Patent.

27.    Cinram continued and still continues to pay U.S. Philips royalties under the Philips N.V. Licenses for the CDs that it makes other than the CD types at issue.

28.    As a result of Cinram's discontinuing to pay royalties under the `846 Patent, plaintiffs instituted a wrongful plan, particularly directed to Cinram customers, by which an alleged non-entity agent, Philips Intellectual Property & Standards ("Philips IPS"), falsely represents, and continues to falsely represent, that the '846 Patent is "essential" in order to make any CD, including the CD types at issue.

29.    As a purported non-entity agent Philips IPS has at various times been represented by one William Lenihan, who identified himself as a "Director." Alleged non-entity Philips IPS has also been represented on Philips IPS letterhead by one Christopher Horgan, whose title is unknown, but who purports to perform Anti-Piracy Investigations for Philips IPS. Mr. Horgan's email address is "Chris.Horgan@Philips.com."  At various times, Philips IPS stationary indicates it is affiliated at least with one Philips Electronics North America Corporation in Briarcliff Manor, N.Y., or with an unnamed entity located in San Jose, CA.

30.    As a part of plaintiffs' deceptive plan directed at Cinram's customers, Philips IPS has sought royalties from Cinram's customers under the `846 Patent, a patent it could not own as a purported non-entity, for sales of the CD types at issue.  As a purported non-entity Philips IPS has threatened Cinram's customers with infringement lawsuits and resulting damages for infringement of the `846 Patent, under which it has no rights, if royalties are not paid by Cinram or by the targeted Cinram's customers on sales of the CD types at issue made by Cinram, and has attempted to divert a Cinram customer to another supplier of CDs.

31.    On information and belief, a part of plaintiffs' wrongful plan was to utilize the alleged non-entity Philips IPS to make false statements and threats based on false statements in

order to protect the plaintiffs from potential liability for such false statements, making threats with which it could not itself comply, and engaging in other improper and unfair behavior designed to disrupt Cinram's market for the CD types at issue.

32.    Plaintiffs have refused to reveal the structure of Philips IPS.

33.    On information and belief, plaintiffs acting together as part of their wrongful plan control or direct the activities of Philips IPS relevant to this action.

34.    The '846 Patent is not "essential" for the CD types at issue and does not cover those products.

35.    Cinram does not owe royalties for the manufacture and sale of the CD types at issue.

36.    The effect of plaintiffs' wrongful behavior is to restrain competition in the market of the CD types at issue by diverting Cinram customers to other suppliers on false pretenses, with the intention of putting Cinram out of the business of making and selling the CD types at issue.

37.    Philips has misused the '846 Patent by promulgating Standard Specifications for pre-recorded CDs and wrongfully and anti-competitively seeking to impose mandatory licensing of the `846 Patent through knowing intimidation of Cinram's customers by falsely representing that the `846 Patent is "essential" to enable customers to meet the Standard Specifications and threatening ruinous litigation if back and future royalties are not paid under that patent.   Such actions seek improperly to extend the temporal monopoly for the CD types at issue that U.S. Philips claimed for the expired Philips Patents from the original package license.

38.    Philips has further misused the `846 Patent by falsely representing to Cinram customers that royalties are due to Philips under that patent for all types of CDs, thereby further

15

seeking to extend the monopoly U.S. Philips claimed for the expired Philips Patents from the original package license.

39.    Philips has misused the '846 Patent by falsely representing that royalties are due to U.S. Philips on all CDs for another Philips Patent (U.S. Patent 5,790,512) that admittedly has no relevance to the CD type at issue, including in a letter to Eagles Recording Company ("Eagles") dated January 31, 2008 and in an email to H&R Block dated February 13, 2008.

40.    Philips has further misused the `846 Patent by seeking falsely to extend the temporal monopoly U.S. Philips claimed for the expired Philips Patents from the original package license by alleging to customers of Cinram, including Eagles and H&R Block, that Cinram does not pay royalties for CDs and as a result the customers must pay such royalties on all CDs manufactured and sold by them in the past and in the future.

41.    On information and belief, these acts of Philips were with knowledge of the business relationships of Cinram and Cinram's customers, with intent to harm those business relationships and Cinram's good will, and with intent to interfere with those business relationships, with malice or unfair or improper means, with intent to wrongfully extend the purported patent monopoly of the Philips Patents in the original package license that had expired, and have harmed Cinram in its relationship with said customers and in its good will.

42.    The '846 Patent is unenforceable based on Philips' misuse of this patent and Cinram is entitled to a declaration as such.

## COUNT IV
## (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP)

43.    Cinram repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

44.     Plaintiffs know that Eagles Recording Company in Chantilly, VA. ("Eagles") is a customer of Cinram for the CD types at issue.

45.     On January 31, 2008, Philips Intellectual Property & Standards ("Philips IPS") sent a letter to Eagles, which act on information and belief was directed by plaintiffs.

46.     Philips IPS is purported by plaintiffs to be a non-entity without any existence or property and, on information and belief, plaintiffs have been acting in the name of Philips IPS as part of a wrongful and deceptive plan to collect royalties for patents that are not being practiced.

47.     The January 31 letter from Philips IPS to Eagles states that plaintiffs administer a "worldwide joint licensing program for essential patents…"  The letter went on to say that "Every CD, CD-R/RW, DVD, DVR/RW and player and disc made, used, offered for sale, sold or imported into the United States or Canada is covered by…" the patents contained in an attached list of "essential" patents. The letter falsely states that U.S. Patent Nos. 5,790,512 ("`512 Patent") and 5,068,846 ("`846 Patent") were "essential" patents for the manufacture of CDs, including the CD types at issue, and were infringed by unlicensed sellers. Since Eagles is a customer of Cinram, a false and misleading representation in the letter was that Cinram is unlicensed and was selling CDs to Eagles that infringe the `512 and `846 Patents.

48.     Plaintiffs knew that the `512 Patent does not relate to the CDs at issue and therefore the `512 Patent was not infringed by either Cinram or Eagles. According to material published or caused to be published by Philips, the `512 Patent does not apply to CDs of the type that Eagles had purchased from Cinram.

49.     Philips also knows that the `846 Patent is not an "essential" patent for making all CDs. Thus, the false and misleading statements to Eagles that selling Cinram's CDs by Eagles is

an infringement of these two patents were designed to harm and disrupt Cinram's business

relationship with Eagles and Cinram's good will.

50.    Cinram is licensed and is known by plaintiffs to be licensed to make, use and sell

CDs and therefore the implication that Cinram is unlicensed is false and misleading and designed

to harm and disrupt Cinram's business relationship with Eagles and Cinram's good will.

51.    The letter also falsely implies that Cinram does not pay royalties for CDs it

produces and that Eagles is therefore liable for infringement of "patents belonging to Philips and

others." Philips knows that Cinram does pay royalties for CDs it produces, and that Eagles does

not infringe "patents belonging to Philips and others" by purchasing the CDs at issue from

Cinram.  This statement in the January 31 letter to Eagles is misleading and intended by

plaintiffs to harm and disrupt Cinram's business relationship with Eagles by frightening Eagles

into changing its supplier for CDs with anticompetitive effect and harming Cinram's good will.

52.    On February 13, 2008, Philips on information and belief caused Philips IPS to

send an email communication to H&R Block, a purchaser of CDs made by Cinram (Exh. 13B).

This email misleadingly alleges that all of the CDs purchased by H&R Block went unreported

and unpaid, when in fact CDs made by Cinram other than the CD types at issue were both

reported and paid for.  In addition, Philips improperly attempted to divert H&R Block to another

supplier of CD Discs based on the allegations made in its February 13 letter.

53.    On April 30, 2008, on information and belief, plaintiffs caused Philips IPS to send

a letter to Digital Excellence LLC, stating that Philips N.V. and U.S. Philips own essential

patents on, among other things, all types of CDs and DVDs. The letter asserts that licensed

manufacturers of CDs are identified on a publicly available Licensee Database.

54.    Many purchasers and distributors of CDs refer to the mentioned Licensee Database in selecting a supplier of CDs.

55.    The letter states that manufacturers who have breached their license have been removed from the Licensee Database.

56.    Cinram is and remains a licensed supplier of CDs. Philips has wrongfully and unfairly removed Cinram from that Database and Cinram has thereby been prejudiced in its business and customer relationships and its good will.  Cinram was deliberately removed to harm Cinram in conducting its business in making and selling CDs and in its good will.

57.    On information and belief, plaintiffs acting in concert under the name of Philips IPS caused the statements in the January 31 and February 13, 2008 letters and communications to be made and caused the acts revealed in the April 30, 2008 letter to be made knowing that these statements were false and misleading and that the acts undertaken were intentionally prejudicial to Cinram.  On information and belief, plaintiffs caused these statements to be made with the sole purpose of harming Cinram.  As a direct result of the knowingly false and misleading allegations caused by plaintiffs to be made, Cinram's business relationship with its customers and Cinram's good will have been harmed causing Cinram damages of a currently unknown amount.

58.    Plaintiffs have tortiously interfered with Cinram's business relationships, and Cinram is entitled to a declaration as such, along with monetary and injunctive relief.

## COUNT V
## (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP)

59.    Cinram repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

60.    On information and belief, plaintiff Philips N.V. and/or plaintiff U.S. Philips have caused a list of companies to be published on a website identified with Philips N.V., together with threats against customers who may consider buying CDs from companies not on the list.

61.    On information and belief, Cinram's existing and prospective customers periodically check the website to confirm that Cinram is not absent from that list.

62.    On information and belief, as of at least April 3, 2008, Philips N.V. and/or U.S. Philips caused Cinram to be removed from the list.

63.    On information and belief, one or both of Philips N.V. and U.S. Philips caused this change in the list to be made with the sole purpose of harming Cinram.  As a direct result of such change, Cinram's business relationship with its customers and Cinram's good will have been harmed, causing Cinram damages of a currently unknown amount.

64.    One or both of Philips N.V. and U.S. Philips have tortiously interfered with Cinram's business relationships, and Cinram is entitled to a declaration as such, along with monetary and injunctive relief.

## EXCEPTIONAL CASE

65.    This is an exceptional case entitling Cinram to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. §285, as a result of, *inter alia*, Philips' assertion of the '846 patent against Cinram with the knowledge that the '846 patent is not infringed and/or is invalid.

## REQUEST FOR RELIEF

WHEREFORE, Cinram respectfully requests that:

1.      The First Amended Complaint be dismissed with prejudice as to Cinram and Cinram be awarded its costs for this action;

2.      Judgment be entered declaring that the patent-in-suit is not infringed by Cinram and is invalid and unenforceable;

3.      Judgment be entered declaring that Cinram has not contributorily infringed the patent-in-suit, and has not induced others to infringe the patent-in-suit;

4.      Judgment be entered declaring that Philips has tortiously interfered with Cinram's business relationships and Cinram be awarded damages as well as an injunction prohibiting Philips from sending further false and misleading communications to Cinram's customers.

5.      Judgment be entered declaring that one or both of Philips N.V. and U.S. Philips have tortiously interfered with Cinram's business relationships and Cinram be awarded damages as well as an injunction prohibiting such interference.

6.      Judgment be entered declaring this to be an exceptional case under 35 U.S.C. §285, and Cinram be awarded its attorneys' fees and expert fees incurred for defending  this action and prosecuting its counterclaim; and

7.      Cinram be granted such other relief as the Court deems just and proper.


## JURY TRIAL

Cinram requests a jury trial on all its claims.

Dated: July 17, 2008                         Respectfully submitted,


                                             s/ Gregory J. Carbo
                                             Ivan Kavrukov
                                             William E. Pelton
                                             Tonia A. Sayour
                                             Gregory J. Carbo
                                             COOPER & DUNHAM LLP
                                             1185 Avenue of the Americas
                                             New York, New York 10036
                                             Tel:  (212) 278-0400
                                             Fax:  (212) 391-7550
                                             ikavrukov@cooperdunham.com
                                             gcarbo@cooperdunham.com

                                             Attorneys for Defendants
                                             Cinram International Inc., Cinram Inc.,
                                             And Cinram Manufacturing Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of July, 2008, I electronically filed the foregoing

SECOND AMENDED ANSWER AND COUNTERCLAIM with the Clerk of the Court using

the CM/ECF system, which will send notification of such filing to the following:

      Edward D. Johnson
      MAYER BROWN LLP
      Two Palo Alto Square, Suite 300
      3000 El Camino Real
      Palo Alto, California 94306-2112
      wjohnson@mayerbrown.com

      Vince P. Kovalick
      John F. Hornick
      Samuel C. Bass
      FINNEGAN, HENDERSON, FARABOW,
        GARRETT & DUNNER, L.L.P.
      901 New York Avenue, N.W.
      Washington, D.C. 20001
      vince.kovalick@finnegan.com
      John.Hornick@finnegan.com
      Samuel.Bass@finnegan.com

      Christopher J. Houpt
      MAYER BROWN LLP
      1675 Broadway
      New York, New York 10019
      choupt@mayerbrown.com

            s/ Gregory J. Carbo
            Gregory J. Carbo