UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>CINRAM INTERNATIONAL INC., CINRAM INC., CINRAM MANUFACTURING INC., and John Does No. 1 through 100,<br><br>    Defendants and Counterclaim Plaintiffs. | Civil Action No.<br>08 CV 00515 (CLB)(MDF)<br><br>Magistrate Judge Mark D. Fox |

### DECLARATION OF SAMUEL CUMMINGS BASS IN SUPPORT OF PHILIPS' MOTION TO DISMISS CINRAM'S SECOND AMENDED PATENT MISUSE AND TORTIOUS INTERFERENCE COUNTERCLAIMS

I, Samuel Cummings Bass, declare as follows:

1. I am an associate at the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner L.L.P. Unless otherwise specified, I have personal knowledge of all facts set forth in this Declaration, and I would and could testify competently thereto if called upon to do so.

2. I am admitted *pro hac vice* and currently represent Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively "Philips") in this case.

3. Attached as Exhibit A is a true, correct, and authentic copy of a joint letter sent by John F. Hornick of Finnegan, Henderson, Farabow, Garrett & Dunner L.L.P. and Ivan Kavrukov of Cooper & Dunham LLP to the Honorable Kenneth M. Karas, dated July 30, 2008.

1

4. Attached as Exhibit B is a true, correct, and authentic copy of a letter sent by Ivan S. Kavrukov of Cooper & Dunham LLP to Judge Charles L. Brieant, dated February 21, 2008.

5. Attached as Exhibit C is a true, correct, and authentic copy of an email from John F. Hornick of Finnegan, Henderson, Farabow, Garrett & Dunner L.L.P. to Ivan S. Kavrukov of Cooper & Dunham LLP, sent March 10, 2008 at 1:04 PM.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of August, 2008 at Washington, District of Columbia.

_____
Samuel Cummings Bass

# EXHIBIT A

Case 7:08-cv-00515-CS-MDF    Document 46    Filed 08/04/2008    Page 3 of 10

July 30, 2008

**BY FEDERAL EXPRESS**
Hon. Kenneth M. Karas
United States Courthouse
300 Quarropas St., Room 533
White Plains, NY 10601

    Re:    Koninklijke Philips Electronics N.V., et al. v. Optical Experts Manufacturing, Inc., et al.; Civil Action No. 08-4071 (KMK)

Your Honor:

    The parties jointly bring to your attention that there are three other actions in this Court that are closely related to the captioned action: 08-cv-0515(CLB)(MDF); 08-cv-4068 (CLB)(GAY); and 08-cv-4070 (SCR). The parties would like to raise, at the pre-motion hearing scheduled for August 5, 2008, the question of whether and how to coordinate or consolidate these four actions.

    Each of the actions is based on an allegation that pre-recorded compact discs infringe Patent No. 5,068,846, and each alleges non-payment of royalties for the same patent under very similar license agreements. Because the same fundamental issues need to be resolved in each case, for reasons of judicial efficiency as well as avoidance of inconsistent rulings and conservation of party resources, the parties submit that an important issue in proceeding in all four cases is whether and how to coordinate and/or consolidate them.

    The common issues include construction of the patent claims by this Court, as required by *Markman v. Westview Instruments, Inc.*, 52 F.3d 970-71 (Fed. Cir. 1995)(en banc), *aff'd*, 517 U.S. 370 (1996), assessing the validity of the patent over prior art, assessing the enforceability of the patent, and resolving issues that are common to all of the license agreements in all four lawsuits.

    Two of the actions had been assigned to Judge Brieant, and a hearing at which to raise the coordination/consolidation issue had been scheduled but was taken off the calendar upon Judge Brieant's illness. One of these two actions is currently assigned to Magistrate Judge Fox, who is retiring soon and expects the case to be re-assigned; the other one was assigned to Magistrate Judge Smith and then re-assigned to Magistrate Judge Yanthis. The third action is assigned to Judge Robinson, who on July 23, 2008 changed the date of the scheduling conference from July 25, 2008 to October 10, 2008.

    The pre-motion hearing scheduled for August 5, 2008 is for Brilliance Audio Inc.'s ("Brilliance's") request to file a Motion to Dismiss the Second Count of the First Amended Complaint on the grounds that Brilliance purchased the allegedly infringing products from a licensed manufacturer. For the Court's information, Philips responded to Defendant Brilliance Audio, Inc.'s July 16, 2008 letter on July 21, 2008.

Hon. Kenneth M. Karas
July 30, 2008
Page 2

  Philips also requests that this Court include in the August 5, 2008 pre-motion conference Philips' request for a pre-motion conference seeking permission to move to dismiss Defendant Optical Experts Manufacturing, Inc.'s ("OEM") counterclaims for a declaratory judgment of patent misuse and for tortious interference with business relationships. Philips submitted its letter requesting such pre-motion conference on July 18, 2008 and OEM responded to such letter on July 25, 2008.

               Respectfully submitted,

               s/ John F. Hornick
               John F. Hornick
               FINNEGAN, HENDERSON, FARABOW
                GARRETT & DUNNER, L.L.P.
               Attorneys for Plaintiffs


               s/ Ivan Kavrukov
               Ivan Kavrukov
               COOPER & DUNHAM LLP
               Attorneys for Defendants

# EXHIBIT B

# COOPER & DUNHAM LLP
ATTORNEYS AT LAW

1185 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10036
TELEPHONE: (212) 278-0400

CHRISTOPHER C. DUNHAM
NORMAN H. ZIVIN
JOHN P. WHITE
ROBERT B.G. HOROWITZ
ERIC O. KIRSCH
GARY J. GERSHIK
WENDY E. MILLER
ROBERT T. MALDONADO
MARIA V. MARUCCI
JEFFREY C. SHIEH
TONIA A. SAYOUR
ASHOK G. CHANDRA*
LISA E. HORWITZ*

IVAN S. KAVRUKOV
PETER D. MURRAY
WILLIAM C. PELTON
ROBERT D. KATZ
PAUL TENG
PETER J. PHILLIPS
RICHARD S. MILNER
RICHARD F. JAWORSKI
AUDE GERSPACHER
BRIAN J. AMOS
GREGORY J. CARBO
JOSEPH A. SHERINSKY*
HINDY R. DYM*

FACSIMILE: (212) 391-0525
(212) 391-0526
(212) 391-0630
(212) 391-0631
(212) 827-0247

SCIENTIFIC ADVISOR
JAMES R. MAJOR, D. PHIL
AMANDA L. WILLIS, PH.D.

FOUNDED 1887
www.cooperdunham.com

February 21, 2008

*NEW YORK STATE BAR ADMISSION PENDING

**BY FEDERAL EXPRESS**
Judge Charles L. Brieant
United States Courthouse
300 Quarropas St., Room 275
White Plains, NY 10601

Re: Koninklijke Philips Electronics N.V., et al. v. Cinram International Inc. et al., Civil Action No.: 08-00515 (CLB)

Dear Judge Brieant:

This action involves a claim for alleged patent infringement of U.S. Patent 5,068,846 coupled with a contract count that is entirely contingent on the patent claim. The defendants firmly deny any infringement or breach of contract.

Defendants request a pre-motion conference to discuss their proposed motion for preliminary relief directing plaintiffs to refrain from sending misleading threats to defendants' customers and to produce copies of such communications to allow for remedial advice to customers.

The communications at issue include threats that are objectively baseless. Defendants do not contest any effort by plaintiffs to send a legitimate notice of patent rights or intent to enforce such rights.[1] Defendants only seek relief regarding misleading content of plaintiffs' communications to customers, such as:

- Plaintiffs improperly threatened a customer by a letter dated January 31, 2008 (copy attached as Exhibit A) (1) alleging that the customer buys compact discs ("CDs") that

---

[1] Injunctions granted in case of objectively baseless threats to customers: *Etna Products Co., Inc. v. Harold Finney*, 1993 U.S. Dist. LEXIS 2796, *9-10 (S.D.N.Y. 1993); *Lucasey Mfg. Corp. v. Anchor Pad Intern., Inc.*, 698 F.Supp. 190, 193 (N.D. Cal. 1988); *T.J. Roaco, Ltd. v. Syntex Pharmaceuticals Int'l, Ltd.*, 227 U.S.P.Q. 1033, 1036 (D.N.J. 1985). Injunctions denied where a notice of patent rights was not objectively baseless: *Golan v. Pingel Enter., Inc.*, 310F.3d 1360, 1371 (Fed.Cir. 2002); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1377.

infringe U.S. Patent 5,790,512, when in fact this patent is not the patent-in-suit and has no application to CDs even according to plaintiffs' representations to industry[2], and (2) misrepresenting that the customer bought CDs from "manufacturers who do not pay Philips CD Disc royalties;" and

- Plaintiffs improperly threatened another customer in an email dated February 13, 2008 (copy attached as Exhibit B), alleging that "All CD discs manufactured by Zomax go unreported/unpaid and therefore infringe," when in fact Zomax has both reported and paid for CD discs.[3] Moreover, the communication improperly seeks, on that basis, to divert the customer to another supplier of CD discs.

These objectively baseless communications harm valuable business relationships that defendants have built with their customers. Their misleading content takes them outside the scope of protected advice regarding patent rights. Absent the requested relief, it will not be possible for defendants to identify and compute damages from plaintiffs' conduct or to take remedial steps

Defendants requested but did not receive plaintiffs' voluntary cooperation in identifying such communications to customers and taking remedial action.

Accordingly, defendants request a pre-motion conference to seek permission to file a motion for a preliminary injunction directing plaintiffs to (1) refrain from sending such communications to customers, (2) produce the communications sent to such customers since the filing of or pertaining to this action and related actions that plaintiffs concurrently filed in Texas but have not yet served, and (3) cooperate in sending communications to customers withdrawing the misleading allegations.

Respectfully submitted,

*Ivan Kavrukov*

Ivan S. Kavrukov
Attorney for Defendants

Cc: Vince P. Kovalick (by email, confirmation by Federal Express)
Edward D. Johnson (by email, confirmation by First Class Mail)
Christopher J. Houpt (by email, confirmation by First Class Mail)
Trey Yarbrough (by email, confirmation by First Class Mail)

---

[2] *See* (a) last page of Exhibit A hereto, in which Philips identifies patent 5,790,512 as applicable only to discs other than CDs, and (b) Exhibit C attached hereto, downloaded from plaintiffs' webpage on February 21, 2008, which identifies patents allegedly applicable to CDs but does not include patent 5,790,512.
[3] Zomax is named as a defendant in a complaint that plaintiffs filed in the Eastern District of Texas concurrently with their complaint in this court and alleging infringement of the same patent. Moreover, some of the CDs at issue were made for Zomax by defendants in this action.

# EXHIBIT C

## Hornick, John

| | |
|---|---|
| **From:** | Hornick, John |
| **Sent:** | Monday, March 10, 2008 1:04 PM |
| **To:** | Ivan S. Kavrukov |
| **Cc:** | Bass, Samuel; Spencer, Jennifer; Kovalick, Vince; 'Houpt, Christopher J.'; Johnson, Ward; 'Gregory Carbo' |
| **Subject:** | RE: Philips v. Cinram 3/7/08 Agreement |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Orange |
| **Attachments:** | Philips Letter.PDF |

Dear Ivan:

This email is intended to memorialize the compromise agreement reached between Philips and Cinram on Friday March 7, 2008. The agreement is as follows:

1. Philips will change the 1/31/08 letter to Eagles Recording Company, as shown in the attached marked-up copy of that letter, and send it to Eagles Recording Company;
2. Philips will send to H&R Block a letter or email containing the substance of the attached marked-up copy of the 1/31/08 letter to Eagles Recording Company. Philips may send such email or letter to you in advance for your review, on behalf of Cinram, but is not obligated to do so;
3. Philips will send nos. 1 and 2 above in the reasonably near future, and will copy you, on behalf of Cinram;
4. Future letters sent by Philips to third parties relating to CD Audio Discs and/or CD ROM Discs will contain the substance of the attached marked-up copy of the 1/31/08 letter to Eagles Recording Company. Philips is not obligated to send such letters to you before sending them to third parties, and is not obligated to copy you (or Cinram) on such letters.

Unless we hear from you to the contrary, we will assume that this description of the agreement comports with your understanding.

Sincerely,

John

7/16/2008