UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CINRAM INTERNATIONAL INC., CINRAM INC., CINRAM MANUFACTURING INC., and John Does No. 1 through 100,<br><br>Defendants. | Civil Action No.<br>08 CV 00515 (CLB)(MDF) |

### STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, THAT:**

Each of the parties, Philips Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively "Philips"), and Defendants Cinram International, Inc., Cinram Inc., and Cinram Manufacturing Inc. (collectively "Cinram"), asserts that the parties to this Action possess information that one or more parties contends is confidential. The parties wish to ensure that such confidential information shall not be made public, and that its confidentiality is maintained. In addition, it is likely that the parties would seek information from nonparties that such nonparties would consider confidential.

Accordingly, the following procedure shall be adopted for the protection of the parties' and nonparties' respective confidential information:

### DEFINITIONS

1. CONFIDENTIAL INFORMATION means any document or thing, as defined by Rule 34 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as "Documents"), considered by any party or nonparty producing such Documents in good faith as

confidential because it contains a trade secret or other information considered by such producing party to be confidential, unless and until such time as the material is found not to be confidential pursuant to the provisions of paragraphs 10 and/or 12 of this Stipulated Protective Order ("Order").

## DESIGNATION & MARKING OF INFORMATION

2. Each producing party may produce certain of its Documents for inspection by a party to this Action, or may produce and deliver Documents without prior inspection, which may contain CONFIDENTIAL INFORMATION as well as non-confidential information. To protect any and all CONFIDENTIAL INFORMATION contained in Documents produced for inspection before being marked as CONFIDENTIAL INFORMATION, the inspecting party shall assume that all Documents produced for inspection are CONFIDENTIAL INFORMATION of the producing party and shall treat all such Documents as CONFIDENTIAL INFORMATION until the producing party has had the opportunity to designate and mark them as "CONFIDENTIAL", as required by paragraph 3, or for 30 calendar days, whichever comes first. With respect to Documents produced and delivered by one party without inspection by an opposing party, the producing party shall mark CONFIDENTIAL INFORMATION as required by paragraph 3 before delivering them.

3. For any Document that the producing party deems to be CONFIDENTIAL INFORMATION, the producing party shall prominently mark each page of the Document "CONFIDENTIAL" prior to delivering it to an opposing party. With respect to Documents produced in electronic form, the producing party shall mark each page of each Document "CONFIDENTIAL" as far as is practicable for the particular electronic format in which the Document is produced. All copies of Documents produced by any party, and any abstract, extract, excerpt, summary, memorandum, or other paper embodying information designated as CONFIDENTIAL INFORMATION pursuant to this Stipulated Protective Order, shall be marked as required by this paragraph.

4. Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be followed:

(a) At the request of the party whose CONFIDENTIAL INFORMATION is disclosed, the reporter shall prominently mark "CONFIDENTIAL" each page of the transcript containing CONFIDENTIAL INFORMATION. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript as CONFIDENTIAL INFORMATION after transcription, provided that written notice of the designation is provided to the opposing parties within thirty (30) calendar days after receipt of the transcript of the deposition by the designating party.

(b) At the designating party's option, the reporter shall separate all portions of a deposition transcript designated as CONFIDENTIAL INFORMATION by the designating party during a deposition, and bind such portions separately from the non-confidential portions of the deposition transcript. The reporter shall prominently mark as "CONFIDENTIAL" the cover and each page of such separately bound portions of the deposition transcript.

(c) The dissemination of all separately bound deposition transcripts designated as CONFIDENTIAL INFORMATION, and all portions of transcripts designated as CONFIDENTIAL INFORMATION, shall be limited to persons identified in paragraphs 6, 7, and 8 hereof.

(d) As a condition for allowing any former employee of a producing party to provide CONFIDENTIAL INFORMATION to the parties in this Action, the party obtaining the information shall treat all information obtained from such former employee as CONFIDENTIAL INFORMATION unless and until: 1) the information has been or is obtained through other proper means such that it is not CONFIDENTIAL INFORMATION; 2) the former employing party agrees that the information is not CONFIDENTIAL INFORMATION; or 3) a court of competent jurisdiction decides that the information is not CONFIDENTIAL INFORMATION.

    5.    The Court's adoption of this Stipulated Protective Order does not allow a party to file at any time material marked CONFIDENTIAL without separately filing a motion to seal such material. All Documents or deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION that are included with or the contents disclosed in any paper

filed with the Court, shall be filed in sealed envelopes with a cover page affixed to the outside of each envelope. The case caption shall appear on the cover page, with the following notice:

**FILED UNDER COURT SEAL**

**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ITS**

**CONTENTS DISPLAYED, COPIED, OR REVEALED,**

**EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES**

The judge's copy of any such CONFIDENTIAL INFORMATION must be prepared and filed in the same manner. *No document is to be filed under seal without prior leave of The Court. CS*

**ACCESS TO CONFIDENTIAL INFORMATION**

6.   a.   All Documents and all deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION by a producing party in this Action shall be maintained according to this Stipulated Protective Order and used solely in connection with this Action, unless otherwise agreed by the producing party. Nothing shall prevent the disclosure of any Documents or deposition transcripts (or portions thereof) designated CONFIDENTIAL INFORMATION (1) by the party who designated the information CONFIDENTIAL INFORMATION, or (2) to any employee of such designating party, or (3) to any nonparty who authored such information, or (4) to any nonparty who had previous knowledge of the specific CONFIDENTIAL INFORMATION. For purposes of this Order, "previous knowledge" shall mean information which as to the recipient was, as a matter of written record (i) already known to the nonparty from sources that owed no obligation of confidentiality to the producing party, (ii) independently developed by the nonparty, (iii) obtained from the producing party without having been designated as CONFIDENTIAL INFORMATION (subject to paragraphs 2 and 13 hereof), or (iv) received by the nonparty after disclosure in this Action from a third party having the right to make such disclosure.

     b. Nothing shall prevent the disclosure of any Documents or deposition transcripts (or portions thereof) designated CONFIDENTIAL INFORMATION to any person employed by a party if such person is entitled to access such Documents or information under an agreement or side letter between the parties, provided that (1) notice of such disclosure is given to the designating party at least 10 (ten) calendar days before making such disclosure and (2) the designating party does not object to such disclosure within 10 (ten) calendar days of such notice. In the event that the designating party objects to any proposed disclosure under this paragraph 6.b, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail, either party may move for an appropriate order. The information shall be treated as CONFIDENTIAL INFORMATION and will not be shown to such persons employed by a receiving party until the dispute is resolved, either by an express written agreement between the parties or by order of the Court. No party shall be obligated to challenge the propriety or correctness of the other party's determination that a person is or is not entitled to access such Documents or information, and a failure to do so shall not preclude a subsequent challenge to such determination or any other determination. The burden of proof with respect to the propriety or correctness of the party's disclosure under this paragraph 6.b shall rest upon the designating party, except that the burden of proving the exceptions set forth in paragraph 12 shall rest on the party asserting such exceptions..

     7. Access to CONFIDENTIAL INFORMATION shall be restricted to the following persons:

  (a) Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary -- in such counsel's reasonable judgment -- to assist such counsel in the preparation and trial of this Action;

  (b) Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this Action, including deposition reporters and their transcribers, and videographers;

  (c) Authors, addressees, and recipients of the specific CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific CONFIDENTIAL INFORMATION;

  (d) Experts or consultants retained to assist the outside counsel of record, who are not now

and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Order. No such expert or consultant may be given access to CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 8 are met;

(e) Any other person(s) designated by Order of the Court, after notice to all parties herein;

(f) Any other person(s) designated jointly by the parties.

8. No CONFIDENTIAL INFORMATION of an opposing party may be disclosed to any person under paragraphs 7(d) or 7(f) of this Order until each of the following preconditions is met:

(a) The proposed person shall be provided with a copy of this Order;

(b) The proposed person shall be advised that he/she is bound by this Order; and

(c) The proposed person shall sign a document in the form of EXHIBIT A to this Order. If the person to which a party wishes to disclose CONFIDENTIAL INFORMATION of an opposing party is a legal entity, EXHIBIT A must be signed by a person authorized to bind such entity, and such person, by signing EXHIBIT A, agrees and promises to advise its personnel of the obligations imposed by this Stipulated Protective Order and their obligation to comply with such obligations.

## **CHALLENGES TO CONFIDENTIAL DESIGNATIONS**

9. The receipt by a party of information designated CONFIDENTIAL INFORMATION by a producing party shall not be construed as an agreement by the receiving party that such information is in fact confidential to the producing party, and shall not operate as a waiver of the receiving party's right to challenge any such designation.

10. In the event of any dispute with respect to the propriety or correctness of the designation of CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail, either party may move for an appropriate order. The information shall be treated as CONFIDENTIAL INFORMATION until the dispute is resolved, either by an express written agreement between the parties or by order of the Court.

11. No party shall be obligated to challenge the propriety or correctness of the other party's designation of information as CONFIDENTIAL INFORMATION, and a failure to do so

shall not preclude a subsequent challenge to such designation. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION shall rest upon the designating party, except that the burden of proving the exceptions set forth in paragraph 12 shall rest on the party asserting such exceptions.

### EXCEPTIONS TO CONFIDENTIALITY

12. Any Documents or deposition transcripts (or portions thereof) bearing a CONFIDENTIAL INFORMATION designation may be declared non-confidential (and therefore not subject to this Stipulated Protective Order) by the Court, upon motion of a party, to the extent that the moving party proves to the Court's satisfaction that such Documents or deposition transcripts (or portions thereof) contain:

(a) information which at the time of disclosure was available to the public;

(b) information which after disclosure to the receiving party in this Action becomes available to the public through no act or failure to act by or on behalf of the receiving party, including the persons identified in paragraph 7;

(c) information which as to the receiving party (including the persons identified in paragraph 7 hereof) was as a matter of written record (i) already known to the receiving party from sources that owed no obligation of confidentiality to the producing party, (ii) independently developed by the receiving party, (iii) obtained from the producing party without having been designated as CONFIDENTIAL INFORMATION (subject to paragraphs 2 and 13 hereof), or (iv) received after disclosure in this Action from a third party having the right to make such disclosure; or

(d) information that is not a trade secret, or otherwise confidential, under governing law.

### SUBSEQUENT DESIGNATION

13. If a producing party produces any Document or provides any deposition testimony containing information that it deems CONFIDENTIAL INFORMATION without marking such information as "CONFIDENTIAL," the producing or providing party shall promptly upon discovery of such disclosure inform the receiving party in writing. Upon receiving such notice, the receiving party shall treat the information as CONFIDENTIAL INFORMATION until the

parties either agree that such information need not be treated as CONFIDENTIAL INFORMATION, or until the Court rules that such information is not CONFIDENTIAL INFORMATION. To the extent that such Document or deposition transcript (or portions thereof) were disclosed to persons other than persons described in paragraph 7 hereof, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to such persons.

## POST-LITIGATION OBLIGATIONS

14. Within thirty (30) calendar days after the completion of the litigation and all appeals, the receiving parties shall return or destroy all Documents and deposition transcripts (or portions thereof) received from a producing party and marked "CONFIDENTIAL" and all copies, abstracts, extracts, excerpts, and summaries of such Documents and deposition transcripts (or portions thereof), except that trial counsel for each party may retain one copy of all such documents, as well as copies of Documents and deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION (and abstracts, extracts, excerpts, and summaries of such Documents and deposition transcripts (or portions thereof)) incorporated into counsel's working files.

## OTHER

15. Nothing in this Stipulated Protective Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of Documents or deposition transcripts (or portions thereof), or relief from this Stipulated Protective Order with respect to particular Documents or deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION hereunder.

16. Nothing in this Stipulated Protective Order, and no CONFIDENTIAL INFORMATION designation, shall prevent counsel from advising their respective clients in any way relating to this Action, provided that counsel does not disclose to its client any information designated by the producing party as CONFIDENTIAL INFORMATION.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter an order requiring that the procedures set forth above shall be adopted for the protection of the parties' respective CONFIDENTIAL INFORMATION.

*Attorneys for Philips*

By _____CJ Houpt_____
Christopher J. Houpt
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel: (212) 506-2380
Fax: (212) 849-5830

*Of Counsel:*

Vince P. Kovalick *(pro hac vice)*
John F. Hornick *(pro hac vice)*
Samuel C. Bass *(pro hac vice)*
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Tel: (650) 331-2000
Fax: (650) 331-2060

DATED: June 5, 2008

*Attorneys for Cinram*

By _____Gregory J. Carbo_____
Ivan Kavrukov
William Pelton
Tonia Sayour
Gregory Carbo
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 278-0400
Fax: (212) 391-0525

DATED: June 5, 2008

**ORDER**

**IT IS SO ORDERED.**

Dated: 8/20/08

_____
Honorable Cathy Seibel ~~Bricant~~
UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

Christopher J. Houpt
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2380
Facsimile: (212) 849-5830

Vince P. Kovalick (*pro hac vice*)
John F. Hornick (*pro hac vice*)
Samuel C. Bass (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

ATTORNEYS FOR PLAINTIFFS
*Koninklijke Philips Electronics N.V. and
U.S. Philips Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CINRAM INTERNATIONAL INC., CINRAM INC., CINRAM MANUFACTURING INC., and John Does No. 1 through 100,<br><br>Defendants. | CIVIL ACTION NO. 08-CV 00515 (CLB)(MDF) |

## AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

STATE OF _____

COUNTY OF _____

I, _____, declare that:

1. My address is _____

2. My present employer is _____

3. My present occupation or job description is _____

4. I am a citizen of _____

5. I have been provided a copy of the Stipulated Protective Order regarding CONFIDENTIAL INFORMATION (Protective Order) in this case signed by counsel for the litigants and by Judge ~~Brieant~~ (Seibel) of the United States District Court for the Southern District of New York.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold in confidence and not disclose to anyone not authorized under the Protective Order any documents or other materials containing CONFIDENTIAL INFORMATION, as well as any abstracts, extracts, excerpts, and summaries thereof containing CONFIDENTIAL INFORMATION, prepared by or disclosed to me.

9. Upon request, I will return to counsel for the party from which I receive, or by whom I am designated, employed, or retained, all documents or other materials in my possession containing CONFIDENTIAL INFORMATION, as well as all abstracts, extracts, excerpts, and summaries thereof, and copies thereof.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case, as to which this undertaking is an integral part.

11. I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____

                                                _____
                                                Signature