UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | |
| -against- | |
| CINRAM INTERNATIONAL, INC., et al. | 08 Civ 00515 (RGS) |
| THE ADS GROUP, et al. | 08 Civ 04068 (RGS) |
| ENTERTAINMENT DISTRIBUTION COMPANY (USA), LLC, et al. | 08 Civ 04070 (RGS) |
| OPTICAL EXPERTS MANUFACTURING INC, et al. | 08 Civ 04071 (RGS) |

ORDER

----------------------------------

**RICHARD G. STEARNS, United States District Judge**[1]

Philips moves for leave to file Second Amended Complaints in four of these six related actions. Philips seeks to: (1) supplement the facts in support of the claims of breach of contract asserted in the First Amended Complaint (FAC);(2) add new claims of tortious interference and civil conspiracy against all defendants; and (3) add new claims of fraud in the inducement and unjust enrichment against defendants Cinram and EDC. Defendants oppose the motions as untimely, and argue that granting leave to amend would cause them prejudice at this late stage in the proceedings.

---

[1] Of the District of Massachusetts, sitting by designation.

The claims of breach of contract asserted in the FACs are focused on defendants' cessation of royalty payments after making changes to their manufacturing processes in an alleged attempt to circumvent the '846 Patent. The proposed amended contract claims offer examples of alleged breaches by defendants that are unrelated to the issue of whether CD-Discs made or sold by defendants infringe the '846 Patent. According to Philips, "[s]uch breaches began much earlier than the breaches set forth in the original Complaint and First Amended Complaint, and therefore carry Philips' damages much farther back in time."

The proposed claims for fraud in the inducement and unjust enrichment are based on the factual allegation that Cinram and EDC ceased paying royalties to Philips almost immediately after they signed the License Agreements being litigated. Philips claims that the timing of the changes in defendants' manufacturing processes support the inference that defendants knew when signing the License Agreements that they would almost immediately breach them. Philips states that had it known of the intended breaches, it would not have entered into the License Agreements with Cinram and EDC, or at best, it would have agreed to something substantially different.

Finally, Philips seeks to add claims for tortious interference with business relations and civil conspiracy against all defendants. Philips claims that each of the defendants participated in a "co-op" with the other defendants, the purpose of

which was to lend aid and encouragement to one another in a scheme to cease paying the royalties owed to Philips on the '846 Patent.

While leave to amend a pleading is in the court's discretion, it "may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent." SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 345 (2d Cir. 2004), citing Foman v. Davis, 371 U.S. 178, 182 (1962) (emphasis in original). See also O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 70 (2d Cir. 2002), citing Barrows v. Forest Labs., Inc., 742 F.2d 54, 58 (2d Cir. 1984) ("[C]onsiderations of undue delay ... and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend.").

Despite defendants' argument that they will be prejudiced by the addition of new facts in support of the contract claims, the court notes that, as argued in Philips' reply brief, the FACs do make specific reference to the provisions of the License Agreement that are relevant to the proposed amendments. While it may be true that the focus of the parties to date has been on the infringement claims and on the contract claims only insofar as they relate to whether the discs sold by defendants infringe the '846 Patent, there is no escape from the fact that defendants were put on sufficient notice of the proposed contract claim amendments by the allegations of the FACs. Therefore, leave will be granted as to this aspect of Philips' motion, but only insofar as the FACs

expressly assert violations of the same provisions cited in the proposed Second Amended Complaints.[2]

The court, however, finds that the proposed addition of the entirely new claims is not only untimely, but also unduly prejudicial to both defendants and the court's ability to efficiently manage this constellation of cases. Although the court suspended all deadlines in these matters pending the issuance of its (perhaps unduly delayed) Markman ruling, it did not by extending the March 25, 2010 deadline to amend the pleadings waive its discretion to grant or deny leave to add altogether new claims. Insofar as the court was concerned, the deadline represented the date by which the parties were to seek to cure any deficiencies in their claims/counterclaims identified by the court in its rulings on the various motions to dismiss and for summary judgment. Absent good cause, or a showing of newly-discovered evidence of a game-changing character, the court perceives no adequate reason justifying the addition of four new causes of action more than two years after the filing of the original Complaints and the FACs. Philips has not attempted to articulate any reason why it did not (or could not) bring its claims for tortious interference, civil

---

[2] The court notes that in its Reply, Philips argues that the FACS "expressly assert violations of **most of** the same contract provisions mentioned in the [Second Amended Complaints]." Reply at 3 (emphasis added). Leave is only granted for Philips to supplement the allegations regarding provisions that were specifically referenced in the FACs.

4

conspiracy, fraud in the inducement, and unjust enrichment in a timely manner.

## CONCLUSION

The motions for leave to file Second Amended Complaints (Dkt. # 155 in 08 Civ 00515; Dkt. # 207 in 08 Civ 04068; Dkt. # 106 in 08 Civ 04070; and Dkt. # 115 in 08 Civ 04071) are <u>GRANTED</u> in part <u>DENIED</u> in part. The motions are <u>GRANTED</u> with respect to claims of breach of contract, with the limitation discussed above. In all other respects, the motions are <u>DENIED</u>.

SO ORDERED.

Dated: May 11, 2010

/s/ Richard G. Stearns

Richard G. Stearns
United States District Judge