UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,** | |
| Plaintiffs, | |
| v. | Civil Action Nos. |
| **CINRAM INTERNATIONAL INC., et al.** | 08 CV 00515 (RGS) |
| **THE ADS GROUP, et al.** | 08 CV 04068 (RGS) |
| **ENTERTAINMENT DISTRIBUTION COMPANY (USA) LLC, et al.** | 08 CV 04070 (RGS) |
| **OPTICAL EXPERTS MANUFACTURING INC., et al.** | 08 CV 04071 (RGS) |
| Defendants. | ECF Cases |

## PHILIPS' MOTION FOR RECONSIDERATION ON CLAIM CONSTRUCTION

### I. INTRODUCTION

The Court has construed the term "non-transmissive" to mean "an optical structure that reduces the transmission of radiant light to the greatest degree practicable consistent with the intended purpose." (May 4, 2010 Order at 17, 08 CV 00515 Dkt. 164.) Philips respectfully suggests that the requirement for identifying "the greatest" practicable degree of transmission reduction renders the construction vague and potentially confusing for the jury and leaves the parties potentially fighting issues of unintended consequences. Accordingly, Philips respectfully requests a modification to the Court's construction to remove the reference to "the greatest" in its construction.

## II. ARGUMENT

Philips is concerned that a literal interpretation of the Court's construction might arguably connote a reference to a specific transmission or "transmissivity" value, which could allow Cinram to play a simple "numbers game" at trial. For example, Cinram may rely on such a literal interpretation and argue that it has not reduced the transmission or transmissivity of its discs to "the greatest degree practicable," because one could always add a few more angstroms of metal to the disc to reduce the transmissivity a bit more. The issue becomes further complicated by the related argument of just how precisely, or to what decimal place, must the transmission or transmissivity be measured to know whether it has been reduced to the "greatest degree."

Finally, the phrase is further problematic, because it raises the question: who determines the specific number that would correspond to "the greatest degree", the inventor, the CD Standards body, Cinram, an expert?

The Court's inclusion of the term "practicable" in its construction, and its discussion of the issues remaining for the jury, suggest that the Court may not have intended such a literal read of its construction. Accordingly, Philips respectfully requests that the Court modify its construction so as to avoid such a literal read. For example, the construction might read "an optical structure that reduces the transmission of radiant light to a practicable degree consistent with the intended purpose." Such a construction is fully consistent with the teachings of the specification that "[t]he thickness of this metal layer is not of importance." U.S. Patent No. 5,068,846, col.3 ll.33-34. Of course, a literal interpretation of the phrase "greatest degree" practicable, as discussed above, is inconsistent with this teaching, as the "greatest degree" must correspond to a very precise thickness.

### III. CONCLUSION

For the reasons discussed herein, Philips respectfully requests reconsideration and modification of the Court's construction of the term "non-transmissive."

Date: May 18, 2010

/s/ Samuel C. Bass
Vince P. Kovalick (*pro hac vice*)
John F. Hornick (*pro hac vice*)
Samuel C. Bass (*pro hac vice*)
Alicia M. Carney (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

Christopher J. Houpt
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel: (212) 506-2380
Fax: (212) 849-5830

Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Tel: (650) 331-2000
Fax: (650) 331-2060

*Attorneys for Plaintiffs
Koninklijke Philips Electronics N.V. and
U.S. Philips Corporation*

# CERTIFICATE OF SERVICE

  I hereby certify that on May 18, 2010, a copy of the foregoing **PHILIPS' MOTION FOR RECONSIDERATION ON CLAIM CONSTRUCTION** was served by email on the following attorneys for Defendants, addressed as follows:

>Ivan S. Kavrukov
>ikavrukov@cooperdunham.com
>William E. Pelton
>wpelton@cooperdunham.com
>Tonia A. Sayour
>tsayour@cooperdunham.com
>Gregory J. Carbo
>gcarbo@cooperdunham.com
>Cooper and Dunham, LLP
>30 Rockefeller Plaza
>New York, New York 10112

            */s/ Jennifer Hibner-Spencer*
            Jennifer Hibner-Spencer, Paralegal