IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action Nos. |
| | : | |
| CINRAM, et al., | : | 08CV0515 (RGS) |
| | : | |
| THE ADS GROUP, et al.. | : | 08CV4068 (RGS) |
| | : | |
| ENTERTAINMENT DISTRIBUTION | : | 08CV4070 (RGS) |
| COMPANY (USA) LLC, et al., and | : | |
| | : | 08CV 4071 (RGS) |
| OPTICAL EXPERTS MANUFACTURING | : | |
| INC., et al. | : | |
| | : | ECF Case |
| Defendants. | : | |
| | : | |

## DEFENDANTS' REVISED NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY CONTENTIONS

Pursuant to Local Rule 16.6, Defendants submit their non-infringement, invalidity and unenforceability contentions regarding U.S. Patent 5,068,846 (the '846 Patent") following the Court's May 4, 2010 Memorandum and Order on Claim Construction.  To the extent that there are claim terms which have not been construed by the Court, these contentions refer to Plaintiffs' positions regarding construction of claim terms, insofar as such positions can be ascertained or deduced from Plaintiffs' statements in this lawsuit and in the prosecution of the '846 Patent and related patents. These contentions are not an endorsement or acceptance of any of Plaintiffs' positions regarding construction of claim terms, nor are they an assertion of claim constructions

by Defendants.  Defendants reserve the right to propose alternative claim constructions and to challenge Plaintiffs' proposed claim constructions.

Prior art not included in these contentions, whether or not now known to Defendants, may become relevant depending on positions that Plaintiffs assert and the claim constructions that the Court may determine.  Defendants' ongoing investigations also may uncover additional prior art.  Defendants reserve their right, as provided in Local Rule 16.6 or otherwise allowed by the Court, to modify these contentions, including without limitation, by adding or withdrawing prior art to or from these contentions and/or modifying the claim charts herein.

The obviousness combinations of prior art stated in these contentions are merely exemplary and are not intended to be exhaustive.  Additional obviousness combinations of the prior art identified herein are possible, and Defendants reserve their right to use such additional combinations in this action.  In particular, Defendants are not now aware to what extent, if any, Plaintiffs will contend that limitations in the asserted claims are not taught or suggested by the prior art identified as anticipatory and/or will contend that material not expressly disclosed in the prior art would not have been known to a person of ordinary skill in the art, or that a combination of prior art items may not have been obvious to such a person.  To the extent that such issues arise, Defendants reserve the right to identify and rely on other aspects of prior art identified in these contentions and/or on additional prior art that they may identify.

In addition to the anticipation and/or obviousness grounds illustrated in the claim charts below, Defendants contend that the asserted claims are invalid and are unenforceable for the reasons stated below in these contentions.

The prior art items on which the invalidity contentions herein rely at this time are identified in Section VII below.

## I.      Non-Infringement Contentions

| Asserted claims | Prerecorded CDs replicated and sold by Cinram |
|---|---|
| 1. A record carrier containing information which is readable by a beam of radiation, | Yes.  The CDs contain information that is readable by a laser beam. |
| said record carrier comprising a disc-shaped, radiation-transmitting substrate having a pair of planar surfaces on opposite sides thereof, | No.  The CDs include a substrate but its opposite sides are not both planar surfaces. |
| a non-transmissive, radiation reflecting optical structure on one of said planar surfaces of said substrate, said optical structure comprising a plurality of adjacent, circular tracks extending about the center of said substrate and defining turns of a spiral or concentric circles spaced from each other in the radial direction, each circular track having a plurality of depressions in said one surface of said substrate, said depressions being spaced apart in the track direction by intermediate areas, and a reflective layer extending over said intermediate areas and said depressions | No.  The CDs do not have the non-transmissive optical structure recited in the claim.  The CDs include a thin film of a metal but it is not non-transmissive and is not a part of the non-transmissive structure that this portion of the claim requires. |
| so that upon illumination by a convergent beam of radiation which is projected on and enters through the other of said planar surfaces and which passes through said substrate and is focussed on said optical structure to a spot of a size of the order of the smallest detail of said optical structure, the radiation is modulated by said depressions and intermediate areas in accordance with the sequence thereof and the modulated radiation is reflected by said reflective layer towards and exists through said other planar surface, | No.  The CDs as replicated and sold by Cinram are not illuminated by a beam of radiation as recited in this portion of the claim, which pertains to how the CDs may be used after they are sold rather that to a property of the CDs as replicated and sold. |
| said substrate defining a substantially rigid support for said optical structure and having a thickness such that in the plane of said other surface, which forms the entrance and exit faces for the radiation, the diameter of the beam is sufficiently larger than the diameter of said spot so that dust particles, scratches and the like on said other surface, do not interfere with readout of information by the convergent beam focussed to said spot on said optical structure, and | No.  The CDs have a substrate that is nominally 1.2 millimeters thick.  This portion of the claim pertains to events that may occur after the CDs are made and sold.  To the extent it attempts to define the thickness of the substrate, this portion of the claim is indefinite.  It fails to specify a particular thickness or what amounts and sizes of dust and scratches may interfere with playing the CDs or a degree of interference. |

| an additional layer secured to the side of said substrate remote from said other surface, said optical structure being disposed between said substrate and said additional layer so that it is protected from damage during handling. | No.  The CDs have a layer of polymerized resin but it is not secured to a side of the substrate that has the non-transmissive optical structure that the claim requires, or to a side of a substrate with a planar surface. |
|---|---|
| | |
| 2. The record carrier according to claim 1 wherein said depressions are pressed into said one surface of said substrate and said reflective layer is metallic and is deposited on said one surface. | No.  See comments above re claim 1.  The CDs have pits that are formed in the process of flowing liquid plastic into molds rather than being pressed into a substrate.  A claim reciting a process of making a product ("depressions are pressed into") cannot cover a product made by a different process. |
| | |
| 3. The record carrier according to claim 1 or 2 wherein the thickness of said additional layer is substantially smaller than the thickness of said substrate. | No.  See comments above re claims 1 and 2.  The resin in the CDs is thinner than the nominally 1.2 millimeter substrate but, as noted above re claim 1, the CDs do not include all the elements required by claim 1. |
| | |
| 4. The record carrier according to claim 2 wherein said reflective, metallic layer is deposited on said one surface from vapour. | No.  See comments above re claim 1 and 2.  The CDs have a metal film but it is not deposited from vapor and is not over the substrate surface required by claim 1 or claim 2.  A claim reciting a process of making a product ("deposited … from vapor") cannot cover a product made by a different process. |
| 5. The record carrier according to claim 4 wherein said additional layer is a layer of lacquer sprayed on said optical structure. | No.  See comments above re claim 4.   The CDs have a layer of polymerized resin but it is not sprayed and it is not over the non-transmissive optical structure that the claim requires. A claim reciting a process of making a product ("lacquer sprayed on") cannot cover a product made by a different process. |

**II.      Invalidity Contentions – Anticipation and/or Obviousness – Prior Invention by MCA Discovision**

| Asserted claims | Prior Art Item A:  Anticipation by and/or obviousness over prior invention of Videodisc by MCA Discovision – Master Videodisc and/or replicas of type developed earlier and samples seen played in 1972 in demonstration in Los Angeles, CA attended by Philips representatives |
|---|---|
| 1. A record carrier containing information which is readable by a beam of radiation, | Yes.  The Videodisc contains information readable by a beam of light. |
| said record carrier comprising a disc-shaped, radiation-transmitting substrate having a pair of planar surfaces on opposite sides thereof, | Yes.  The Videodisc comprises a disc-shaped substrate . |
| a non-transmissive, radiation reflecting optical structure on one of said planar surfaces of said substrate, said optical structure comprising a plurality of adjacent, circular tracks extending about the center of said substrate and defining turns of a spiral or concentric circles spaced from each other in the radial direction, each circular track having a plurality of depressions in said one surface of said substrate, said depressions being spaced apart in the track direction by intermediate areas, and a reflective layer extending over said intermediate areas and said depressions | Yes, if the claim requirement of a "non-transmissive … optical structure" is construed as characterizing the optical structure in the accused CDs, e.g., if this claim requirement is construed as defining a manner in which the disc can be played or as allowing transmission of readily observable light so long as there also is enough reflection for reading the information, as Plaintiffs appear to contend. <br><br>  Yes also if the claim requirement of "non-transmissive … optical structure" is construed to mean that the optical structure does not transmit radiation, as the patent specification and file history state, or at least does not transmit in the common and ordinary meaning of the word, as obvious over the Videodisc invention in light of prior art such as Prior Art Item D. <br><br>  The Videodisc has, on a top flat surfaces of the substrate, an optical structure comprising a spiral of tracks around the center of the disc, each track having pits (depressions) spaced apart by lands (intermediate areas) in the track direction, and a metal layer covering the pits and lands.  The metal layer is considerably thicker than in the products accused of infringement in this action, and is made even thicker in subsequent treatment of the master.  The replicas are made from |

| | |
|---|---|
| | the master. |
| so that upon illumination by a convergent beam of radiation which is projected on and enters through the other of said planar surfaces and which passes through said substrate and is focussed on said optical structure to a spot of a size of the order of the smallest detail of said optical structure, the radiation is modulated by said depressions and intermediate areas in accordance with the sequence thereof and the modulated radiation is reflected by said reflective layer towards and exists through said other planar surface, | Yes, although this portion of the claim is not a claim limitation but rather pertains to a possible use of the disc.  If a convergent beam of light is projected from the bottom side of the substrate of the Videodisc and focused on the pits and lands at the top side, to a spot of the order of size of the pits and lands, light modulated by the pits and lands would be reflected back through the substrate. |
| said substrate defining a substantially rigid support for said optical structure and having a thickness such that in the plane of said other surface, which forms the entrance and exit faces for the radiation, the diameter of the beam is sufficiently larger than the diameter of said spot so that dust particles, scratches and the like on said other surface, do not interfere with readout of information by the convergent beam focussed to said spot on said optical structure, and | This portion of the claim is indefinite because it does not specify when dust and scratches may interfere with readout and what is meant by lack of interference (as any dust or scratch would result in some interference).  The Videodisc would prevent readout in the presence of some types and sizes of dust and scratches but would not prevent readout in the presence of other types and sizes of dust and scratches on the lower surface of the disc.  The glass substrate was substantially rigid. Obvious to make the replica substrate rigid in light of the master and/or prior art such as Prior Art Items M, N, O, P, S, T and U. |
| an additional layer secured to the side of said substrate remote from said other surface, said optical structure being disposed between said substrate and said additional layer so that it is protected from damage during handling. | Yes.  There is a protective layer on the metal layer side facing away from the substrate. |
| | |
| 2. The record carrier according to claim 1 wherein said depressions are pressed into said one surface of said substrate and said reflective layer is metallic and is deposited on said one surface. | No if the claim requires that the depressions to be formed by the process of pressing them into a substrate.  Yes if the claim simply requires depressions.  The metal layer was deposited. Alternatively, obviousness over the Videodisc master in light of Prior Art Item R teaching pressing of pits into a substrate. |
| | |

| | |
|---|---|
| 3. The record carrier according to claim 1 or 2 wherein the thickness of said additional layer is substantially smaller than the thickness of said substrate. | Yes.  The protective layer on the metal layer side facing away from the substrate was substantially thinner than the substrate. |
| | |
| 4. The record carrier according to claim 2 wherein said reflective, metallic layer is deposited on said one surface from vapour. | No if the claim requires the metal layer to be formed by the process of deposition from vapor.  Yes if the claim simply requires a metal layer deposited on the substrate.  Alternatively, obviousness over the Videodisc in view of Prior Art Item D teaching the forming of a reflective material over an information layer by "the conventional evaporation process." |
| 5. The record carrier according to claim 4 wherein said additional layer is a layer of lacquer sprayed on said optical structure. | No if the claim requires the protective layer to be formed by the process of spraying.  Yes if the claim simply requires a lacquer layer.  Alternatively, obviousness over the  Videodisc in light of Prior Art Item C teaching a protective layer of varnish sprayed over an information layer. |

**III.     Invalidity Contentions - Anticipation and/or Obviousness – Prior Invention by ECD**

| Asserted claims | Prior Art Item B:  Anticipation by and/or obviousness over prior invention of  memory disc by Energy Conversion Devices (ECD) |
|---|---|
| 1. A record carrier containing information which is readable by a beam of radiation, | Yes.  The ECD memory disc contains information readable by a beam of light. |
| said record carrier comprising a disc-shaped, radiation-transmitting substrate having a pair of planar surfaces on opposite sides thereof, | Yes.  The ECD memory disc comprises a disc-shaped substrate. |
| a non-transmissive, radiation reflecting optical structure on one of said planar surfaces of said substrate, said optical structure comprising a plurality of adjacent, circular tracks extending about the center of said substrate and defining turns of a spiral or concentric circles spaced from each other in the radial direction, each circular track having a plurality of depressions in said one surface of said substrate, said depressions being spaced apart in the track direction by intermediate areas, and a reflective layer extending over said intermediate areas and said depressions |   Yes, if the claim requirement of a "non-transmissive … optical structure" is construed as characterizing the optical structure in the accused CDs, e.g., if this claim requirement is construed as defining a manner in which the disc can be played or as allowing transmission of readily observable light so long as there also is enough reflection for reading the information, as Plaintiffs appear to contend.<br>  The ECD memory disc has, on a top flat surface of the substrate, an optical structure comprising a spiral of tracks around the center of the disc, each track having voids (depressions) spaced apart by flats (intermediate areas) in the track direction.  A metal (alloy) layer covering the voids and flats.  The optical structure transmits some light but at the same time reflects enough light to be read in reflection<br>  Alternatively, obvious over the ECD disc in light of Prior Art Item A (with a reflective layer) or Prior Art Item D (also with a reflective layer).<br>  Alternatively,  obvious even if the claim requirement of "non-transmissive … optical structure" is construed to mean that the optical structure does not transmit radiation, as the patent specification and the file history state, or at least does not transmit in the common and ordinary meaning of the word in light of the further teaching in Prior Art Item N of using stacks |

|  | of thin films 26 (e.g., col. 4, lines 30-31), when a sufficiently thick stack is present, and/or in Prior Art Item D with reflective layer 0.508 micrometers thick. |
|---|---|
| so that upon illumination by a convergent beam of radiation which is projected on and enters through the other of said planar surfaces and which passes through said substrate and is focussed on said optical structure to a spot of a size of the order of the smallest detail of said optical structure, the radiation is modulated by said depressions and intermediate areas in accordance with the sequence thereof and the modulated radiation is reflected by said reflective layer towards and exists through said other planar surface, | Yes, although this portion of the claim is not a claim limitation but rather pertains to a possible use of the disc. If a convergent beam of light is projected from the bottom side of the substrate of the ECD disc and focused on the voids and flats at the top side, to a spot of the order of size of the voids and flats, light modulated by the voids and flats would be reflected back through the substrate. |
| said substrate defining a substantially rigid support for said optical structure and having a thickness such that in the plane of said other surface, which forms the entrance and exit faces for the radiation, the diameter of the beam is sufficiently larger than the diameter of said spot so that dust particles, scratches and the like on said other surface, do not interfere with readout of information by the convergent beam focussed to said spot on said optical structure, and | This portion of the claim is indefinite because it does not specify when dust and scratches may interfere with readout and what is meant by lack of interference (as any dust or scratch would result in some interference). The ECD disc would prevent readout in the presence of some types and sizes of dust and scratches but would not prevent readout in the presence of other types and sizes of dust and scratches on the lower surface of the disc. The substrate was substantially rigid. |
| an additional layer secured to the side of said substrate remote from said other surface, said optical structure being disposed between said substrate and said additional layer so that it is protected from damage during handling. | Yes. The material above the voids and flats was a protective layer on the side facing away from the substrate. |
|  |  |
| 2. The record carrier according to claim 1 wherein said depressions are pressed into said one surface of said substrate and said reflective layer is metallic and is deposited on said one surface. | No if the claim requires that the depressions to be formed by the process of pressing them into a substrate. Yes if the claim simply requires depressions. The metal (alloy) layer was deposited. Alternatively, obviousness over the ECD disc in light of Prior Art Item R teaching pressing of pits into a substrate. |
|  |  |
| 3. The record carrier according to claim 1 or 2 wherein the thickness of said additional layer is substantially smaller than the | Yes. The protective metal (alloy) over the voids and flats was substantially thinner than the substrate. |

| | |
|---|---|
| thickness of said substrate. | |
| | |
| 4. The record carrier according to claim 2 wherein said reflective, metallic layer is deposited on said one surface from vapour. | No if the claim requires the metal (alloy) layer to be formed by the process of deposition from vapor.  Yes if the claim simply requires a metal layer deposited on the substrate.  Alternatively, obviousness over the ECD disc in view of Prior Art Item D teaching the forming of a reflective material over an information layer by "the conventional evaporation process." |
| 5. The record carrier according to claim 4 wherein said additional layer is a layer of lacquer sprayed on said optical structure. | No if the claim requires the protective layer to be formed by the process of spraying.  Yes if the claim simply requires a protective layer.  Alternatively, obviousness over the ECD disc in light of Prior Art Item Cteaching a protective layer of varnish sprayed over an information layer. |

**IV.      Invalidity Contentions – Obviousness-Type Double Patenting Over U.S. Patent No. 4,041,530**

| Asserted claims | Prior Art Item T:  Obviousness-Type Double Patenting Over U.S. Patent No. 4,041,530 (Prior art as of February, 1972) |
|---|---|
| 1. A record carrier containing information which is readable by a beam of radiation, said record carrier comprising | Yes.  Claim 1 teaches "A carrier for storing information in the form of a signal angle modulated by said information and readable with a light beam comprising. . ." |
| a disc-shaped, radiation-transmitting substrate having a pair of planar surfaces on opposite sides thereof, a non-transmissive, radiation optical structure on one of said planar surfaces of said substrate, said optical structure comprising a plurality of adjacent, circular tracks extending about the center of said substrate and defining turns of a spiral or concentric circles spaced from each other in the radial direction, each circular track having a plurality of depressions in said one surface of said substrate, said depressions being spaced apart in the track direction by intermediate areas, and a reflective layer extending over said intermediate areas and said depressions so that upon illumination by a convergent beam of radiation which is projected on and enters through the other of said planar surfaces and which passes through said substrate and is focused on said optical structure to a spot of a size of the order of the smallest detail of said optical structure, the radiation is modulated by said depressions and intermediate areas in accordance with the sequence thereof and the modulated radiation is reflected by said reflective layer towards and exists [*sic*; exits] through said other planar surface, said substrate defining a substantially rigid support for said optical structure and having a thickness such that in the plane of said other surface, which forms the entrance and exit faces for the radiation, the diameter of the beam is sufficiently larger than the diameter of said spot so that dust particles, scratches and the like | Yes.  Claim 1 teaches ". . . a disk provided with a spiral pattern of regions having flat substantially coplanar upper surfaces, each region separated from an adjacent region by a flat area of the disk that is coplanar with all of the other flat areas between adjacent regions of the spiral pattern, both the areas and regions being of varying lengths, the plane of the flat areas being parallel to the plane of the regions, the material with which said regions and areas are composed having the same optical properties, and the distance between the plane of the flat areas and the plane of the regions being sufficient to introduce a phase difference of nL/2 between beam portions which coact with the flat areas and those which coact with the regions, where n is a positive odd integer and L is the wavelength of the light beam.";

claim 3 teaches " A carrier as claimed in claim 1, wherein the spacing between the plane of the flat areas and the plane of the regions is less than one wavelength of light.";

and claim 7 teaches "A carrier as claimed in claim 3, wherein the flat surfaces of the regions and the flat surfaces of the areas therebetween have the same coefficient of reflection."

Prior Art Item D (U.S. patent No. 2,595,670 (Goehner)) describes, e.g., at col. 3, lines 52-64, a reflecting material for an |

| | |
|---|---|
| on said other surface, do not interfere with readout of information by the convergent beam focused to said spot on said optical structure, | optically scanned record, composed of evaporation-deposited aluminum metal, to eliminate noise caused by dirt and oil film (col. 2, line 27) and having a thickness of 0.00002 inch=0.508 µm (col. 5, line 32), hence "non-transmissive"; Prior Art Item N (U.S. patent No. 3,626,386 (Feinleib)) describes (e.g., in Abstract) focusing a beam of laser energy on an information storage thin film sandwiched between two substrates, with a lens of short enough focal length so that dust particles on the outer surfaces of the substrates are in a plane which is essentially out of focus with the lens. |
| | |
| and an additional layer secured to the side of the substrate remote from said other surface, said optical structure being disposed between said substrate and said additional layer so that it is protected from damage during handling. | Yes.  Claim 8 teaches "A carrier as claimed in claim 7, wherein the flat surface of the regions and of the flat areas therebetween are provided with a protective transparent layer." |
| | |
| 2.  The record carrier according to Claim 1 where said depressions are pressed into said one surface of said substrate | Yes.  Claim 1 teaches "... regions having flat substantially coplanar upper surfaces, each region separated from an adjacent region by a flat area of the disk ..." |
| and said reflective layer is metallic and is deposited on said one surface. | Yes.  Prior Art Item D (U.S. patent No. 2,595,670 (Goehner)) describes, e.g., at col. 3, lines 55-64, a reflecting material for an optically scanned  record, composed of evaporation-deposited aluminum metal, to eliminate noise caused by dirt and oil film (col. 2, line 27) and having a thickness of 0.00002 inch=0.508 µm (col. 5, line 32), hence "non-transmissive". |
| | |
| 3.  The record carrier according to claim 1 or 2 wherein the thickness of said additional layer is substantially smaller than the thickness of said substrate. | Yes.  Prior Art Item Ea (U.S. patent No. 3,174,140 (Hagopian et al.)) describes, e.g., at col. 3, lines 19-36, protective layer 21 of a thickness of approximately 500Å deposited on base member; note that nL/2 in '530 claim 1 is at least >2000 Å and the disk must be thicker than that. |

| | |
|---|---|
| 4.  The record carrier according to claim 2 wherein said reflective, metallic layer is deposited on said one surface from vapour. | Yes.  Prior Art Item D (U.S. patent No. 2,595,670 (Goehner)) describes, col. 3, lines 55-64, a reflecting material for an optically scanned  record, composed of evaporation-deposited aluminum metal, to eliminate noise caused by dirt and oil film (col. 2, line 27) and having a thickness of 0.00002 inch=0.508 $\mu$m (col. 5, line 32), hence "non-transmissive". |
| | |
| 5.  The record carrier according to claim 4 wherein said additional layer is a layer of lacquer sprayed on said optical structure. | Yes.  Claim 8 teaches "… a protective transparent layer." |

**V.      Invalidity Contentions - Anticipation and/or Obviousness – Published Prior Art**

| Asserted claims | Obviousness Over Published Prior Art |
|---|---|
| 1. A record carrier containing information which is readable by a beam of radiation, | Yes.  Each of the Prior Art Items cited in Section VII below teaches a record carrier that contains information readable by a beam of radiation. |
| said record carrier comprising a disc-shaped, radiation-transmitting substrate having a pair of planar surfaces on opposite sides thereof, | Yes.  Each of at least Pior Art Items Ea, F, G, H, J, K, M, N, O, P (e.g., Figs. 6-7), Q, R,  S, T and U teaches a record carrier having a disc-shaped, radiation transmitting substrate with flat faces. |
| a non-transmissive, radiation reflecting optical structure on one of said planar surfaces of said substrate, said optical structure comprising a plurality of adjacent, circular tracks extending about the center of said substrate and defining turns of a spiral or concentric circles spaced from each other in the radial direction, each circular track having a plurality of depressions in said one surface of said substrate, said depressions being spaced apart in the track direction by intermediate areas, and a reflective layer extending over said intermediate areas and said depressions | Yes, if the claim requirement of a "non-transmissive … optical structure" is construed as characterizing the optical structure in the accused CDs, e.g., this claim requirement is construed as defining a manner in which the disc can be played or as allowing transmission of readily observable light so long as there also is enough reflection for reading the information, as Plaintiffs appear to contend.  Each of at least Prior Art Items D (e.g., Fig. 2), F, H, J, K, L (e.g., Fig. 14),  M, N (e.g., col. 4, lines 30-33), O, P, R, S, T (e.g., Fig. 2 and col. 2, lines 24-26), and U teaches a record carrier with an optical structure with depressions and intermediate areas.  Each of at least Prior Art Items Ea, F, G, H, J, K, M, N, O, P (e.g., Figs. 6-7), Q, S, T and U  teaches a disc record carrier with spiral or concentric tracks. At least Prior Art Item P teaches the known choice of using either disc or tape as a record carrier. <br><br> Alternatively, obvious even if the claim requirement of "non-transmissive … optical structure" is construed to mean that the optical structure does not transmit radiation, as the patent specification and the file history state, or at least does not transmit in the common and ordinary meaning of the word in light of the teaching in Prior Art Item N of using stacks of thin films 26 (e.g., col. 4, lines 30-31), when a sufficiently thick stack is present, and/or in Prior Art Item D. |
| so that upon illumination by a convergent beam of radiation which | Yes, although this portion of the claim is not a claim limitation |

| | |
|---|---|
| is projected on and enters through the other of said planar surfaces and which passes through said substrate and is focussed on said optical structure to a spot of a size of the order of the smallest detail of said optical structure, the radiation is modulated by said depressions and intermediate areas in accordance with the sequence thereof and the modulated radiation is reflected by said reflective layer towards and exists through said other planar surface, | but rather pertains to a possible use of the disc.  If a convergent beam of radiation is projected from one side of the substrate of the record carried in each of at least Prior Art Items C, D (e.g., Fig. 2), H, J, K, L (e.g., Fig. 14), M, N (e.g., col. 4, lines 30-33), O, P, R, S, T and U and focused at the surface irregularities at the other side, to a spot of the order of size of the surface irregularities, light modulated by the surface irregularities would be reflected back. |
| said substrate defining a substantially rigid support for said optical structure and having a thickness such that in the plane of said other surface, which forms the entrance and exit faces for the radiation, the diameter of the beam is sufficiently larger than the diameter of said spot so that dust particles, scratches and the like on said other surface, do not interfere with readout of information by the convergent beam focussed to said spot on said optical structure, and | This portion of the claim is indefinite because it does not specify when dust and scratches may interfere with readout and what is meant by lack of interference (as any dust or scratch may result in some interference).  The record carriers identified immediately above would prevent readout in the presence of some types and sizes of dust and scratches but would not prevent readout in the presence of other types and sizes of dust and scratches on the lower surface of the disc.  The substrate is substantially rigid in the record carriers of at least Prior Art Items F, G, H, J, K, M, N, O, P (e.g., Figs. 6-7), Q, R,, S, T and U. |
| an additional layer secured to the side of said substrate remote from said other surface, said optical structure being disposed between said substrate and said additional layer so that it is protected from damage during handling. | Yes.  The material above the surface irregularities is a protective layer on the side facing away from the substrate at least in Prior Art Items C, D, H, J, K, L (e.g., Fig. 14), M, O, P, R, S (e.g., col. 3, lines 33-36) and T. |
| | |
| 2. The record carrier according to claim 1 wherein said depressions are pressed into said one surface of said substrate and said reflective layer is metallic and is deposited on said one surface. | Yes.  At least Prior Art Item T states that the surface irregularities can be made "through a lithographic process."  A metal reflecting layer is deposited at least in the record carriers of Prior Art Items D, H, J, M, N, O, P, Q and R. |
| | |
| 3. The record carrier according to claim 1 or 2 wherein the thickness of said additional layer is substantially smaller than the thickness of said substrate. | Yes.  The protective material over the optical structure is substantially thinner than the substrate at least in the record carriers of Prior Art Items M, O and P. |
| | |

| 4. The record carrier according to claim 2 wherein said reflective, metallic layer is deposited on said one surface from vapour. | Yes. At least prior art item D teaches forming a reflective material layer over an information layer by "the conventional evaporation process." |
|---|---|
| 5. The record carrier according to claim 4 wherein said additional layer is a layer of lacquer sprayed on said optical structure. | Yes. At least prior art item C teaches a protective layer of varnish sprayed over an information layer. |

## VI.     Invalidity Contentions – Exemplary Combinations of Prior Art Items

One exemplary combination of prior art is as follows.  Prior art items S and T show a rigid optical disc with tracks of depressions and intermediate areas that are readable, as alternatives, either in transmission or in reflection.  Item S discloses providing protective discs on both sides of the information carrier (e.g., col. 3, lines 33-36).  When read in reflection, at least the interface between the tracks that are being read and adjacent the protective discs is a reflective surface providing reflection that can be used to read the information encoded in the tracks.  To the extent other claim language may be considered to provide additional claim limitations, the relevant features are shown in the prior art items identified in connection with respective claim language in the claim chart in Sections IV and V above.

Another exemplary combination is as follows.  Prior art item P shows an optical disc that is read in reflection, through a substrate 10.  The disc has tracks of depressions (voids) and intermediate (flat) areas.  Their interface with the remainder of layer 12 is reflective, as the information encoded in the voids and flat areas is read by means of the reflected beam.  The remainder of layer 12 serves to protect the voids and flats from damage in handling. To the extent other claim language may be considered to provide additional claim limitations, the relevant features are shown in the prior art items identified in connection with respective claim language in the claim chart in Sections IV and V above.

Other exemplary combinations also are apparent given the prior art items identified herein, and Defendants expect to rely thereon as may be suggested by further developments in this action.

## VII.    Prior Art

A.    Prior invention of videodisc masters and replicas made by employees of MCA Discovision, Inc. and related companies in this country including without limitation by Messrs. Gregg, Wilkinson, Johnson, Broadbent, and Canino.  Some aspects of this prior invention are referred to in prior art H, J and K identified below.

B.    Prior invention of memory disc using a substrate by employees of Energy Conversion Devices, Inc. and related companies, including without limitation by Messrs. Ovshinski, Feinleib and Iwasa. Some aspects of this prior invention are referred to in prior art L, M, O, P and Q identified below.

| Prior Art Item | | | Effective as a prior art at least as of |
|---|---|---|---|
| A | MCA Videodisc invention | | Before '846 priority date |
| B | ECD Optical Disc Invention | | Before '846 priority date |

| Prior Art Item | First Named Inventor | Patent Number (U.S. unless otherwise indicated) | Effective as a prior art at least as of |
|---|---|---|---|
| C | Eldred | 1,898,040 | 1931 |
| D | Goehner | 2,595,670 | 1949 |
| E | Boswell | GB 644,432 | 1950 |
| Ea | Hagopian | 3,174,140 | 1959 |

| F | Dove | 3,226,696 | 1962 |
|---|------|-----------|------|
| G | De Moss | 3,381,086 | 1962 |
| H | Gregg | 3,430,966 | 1967 |
| I | Becker | 3,747,457 | 1967 |
| J | Johnson | 3,518,442 | 1968 |
| K | Gregg | 3,530,258 | 1968 |
| L | Ovshinski | 3,530,441 | 1969 |
| M | Feinleib | 3,696,344 | 1970 |
| N | Feinleib | 3,626,386 | 1970 |
| O | Feinleib | 3,665,425 | 1970 |
| P | Feinleib | 3,636,526 | 1970 |
| Q | Feinleib | 3,737,877 | 1970 |
| R | Wittemore | 3,688,025 | 1970 |
| S | Bouwhuis | 3,855,426 | February 1972 |
| T | Kramer | 4,041,530 | February 1972 |
| U | Kolb | DE 1 185 233 | 1965 |

## VIII.   Other Invalidity Contentions

Defendants contend that claim 1 and thus the remainder of the asserted claims (which depend from claim 1) are invalid for failure to meet the written description and the definiteness requirements of 35 USC § 112, in that if the claim requirement of a "non-transmissive … optical structure" is construed as characterizing an optical structure in the accused CDs, e.g., if this claim requirement is construed as defining a manner in which the disc can be played or as allowing transmission so long as there also is enough reflection for reading the information, as Plaintiffs appear to contend, the claims are (1) invalid for indefiniteness because they fail to delimit the scope of the "non-transmissive" limitation and (2) invalid for failure of support in a written description of an optical structure that does not have the property of not transmitting.

In addition, to the extent the language in claim 1 regarding the thickness of the substrate is argued or held to be a claim limitation, the claims are (1) invalid for indefiniteness because they fail to delimit the scope of the claim in terms of type and size of the "dust particles, scratches and the like" and the scope of the "interference" and (2) invalid for failure of support in a written description that would inform regarding such scope.

Defendants contend that the asserted claims are invalid under 35 USC § 102(f) because the named inventor is not the true inventive entity.

**IX.    Unenforceability Contentions**

Defendants contend that the asserted claims are unenforceable because of prosecution laches in light of the unexplained and unreasonable delays in prosecution that delayed the issuance of the patent and thus its expiration date for nearly two decades.  The delays included the unexplained and unreasonable abandonment of an allowed application in the chain leading to the '846 Patent and the filing of a continuing application with no explanation, which unreasonably delayed prosecution.

Defendants further contend that the asserted claims are unenforceable because of the failure to disclose to the patent examiner that the named inventor derived critical contributions to the claimed invention from another person (Mr. Bouwhuis) but the patent examiner was not informed of such contributions and was misled to believe that the named inventor was the inventive entity.

Defendants further contend that the asserted claims are unenforceable because of withholding of material information from the patent examiner, including but not limited to information regarding the development of the videodisc by MCA Discovision and of the patents related to the memory disc developed by ECD that are not cited in the '846 Patent.

Date:   June 3, 2010                    Respectfully submitted,


 /s/ Ivan Kavrukov          
Ivan Kavrukov
William E. Pelton
Tonia A. Sayour
Gregory J. Carbo
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-7550
wpelton@cooperdunham.com
ikavrukov@cooperdunham.com
tsayour@cooperdunham.com
gcarbo@cooperdunham.com

Attorneys for defendants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of June, 2010, a copy of the foregoing DEFENDANTS' REVISED NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY CONTENTIONS was served by email and first class mail, postage pre-paid, on the following attorneys for plaintiffs, addressed as follows:

> Edward D. Johnson
> MAYER BROWN LLP
> Two Palo Alto Square, Suite 300
> 3000 El Camino Real
> Palo Alto, California 94306-2112
> wjohnson@mayerbrown.com
>
> Vince P. Kovalick
> John F. Hornick
> Samuel C. Bass
> FINNEGAN, HENDERSON, FARABOW,
>    GARRETT & DUNNER, L.L.P.
> 901 New York Avenue, N.W.
> Washington, D.C. 20001
> vince.kovalick@finnegan.com
> John.Hornick@finnegan.com
> Samuel.Bass@finnegan.com
>
> Christopher J. Houpt
> MAYER BROWN LLP
> 1675 Broadway
> New York, New York 10019
> choupt@mayerbrown.com

>                     /s/ Gregory J. Carbo
>                    Gregory J. Carbo