**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action Nos. |
| | : | |
| CINRAM, et al., | : | 08CV0515 (RGS) |
| | : | |
| THE ADS GROUP, et al., | : | 08CV4068 (RGS) |
| | : | |
| ENTERTAINMENT DISTRIBUTION COMPANY (USA) LLC, et al., and | : | 08CV4070 (RGS) |
| | : | |
| OPTICAL EXPERTS MANUFACTURING INC., et al., | : | 08CV4071 (RGS) |
| | : | ECF Case |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED CLAIMS ARE**
**INVALID AS INDEFINITE PURSUANT TO 35 U.S.C. § 112, SECOND PARAGRAPH**

Norman H. Zivin (NZ-6053)
Ivan Kavrukov (IK-4452)
Tonia A. Sayour (TS-7208)
Gregory J. Carbo (GC-8459)
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525
nzivin@cooperdunham.com
ikavrukov@cooperdunham.com
tsayour@cooperdunham.com
gcarbo@cooperdunham.com

Attorneys for Defendants

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...............................................................................................ii

I.   INDISPUTABLE FACTS ........................................................................................ 3

II.  ARGUMENT ......................................................................................................... 4

    A.   The Issue Of Indefiniteness Is Properly Resolved Through Summary Judgment ............ 4

    B.   Subjective Claim Terms Are Indefinite As A Matter Of Law ........................................ 5

    C.   The Asserted Claims Of The '846 Patent Are Indefinite Because, As Philips Concedes, They Require Subjective Perception To Determine The Meaning Of The Term "Non-Transmissive" ................................................................................ 6

III. CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

Amtel Corp. v. Information Storage Devices, Inc.,
198 F.3d 1374 (Fed. Cir. 1999)................................................................................2

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986)...............................................................................................4

Athletic Alternatives, Inc. v. Prince Mfg., Inc.,
73 F.3d 1573 (Fed. Cir. 1996)...............................................................................5

Chemical Eng. Corp. v. Essef Industries, Inc.,
795 F.2d 1565 (Fed. Cir. 1986)..............................................................................4

Datamize LLC v. Plumtree Software,
417 F.3d 1342 (Fed. Cir. 2005)................................................................2, 4-6, 10

Exxon Research & Eng. Co. v. United States,
265 F.3d 1371 (Fed. Cir. 2001)..............................................................................4

General Elec. Co. v. Wabash Appliance Corp.,
304 U.S. 364 (1938).............................................................................................4-5

Halliburton Energy Servs., Inc. v. M-I LLC,
514 F.3d 1244 (Fed. Cir. 2008)........................................................................3, 5-6

Honeywell Intern., Inc. v. International Trade Com'n,
341 F.3d 1332 (Fed. Cir. 2003)..............................................................................6

IPXL Holdings, LLC v. Amazon.com, Inc.,
430 F.3d (Fed. Cir. 2005).......................................................................................4

Permutit Co. v. Graver Co.,
284 U.S. 52 (1931).................................................................................................5

Personalized Media Commc'ns v. ITC,
161 F.3d 1377 (Fed. Cir. 1998)..............................................................................4

Rackable Systems, Inc. v. Super Micro Computer, Inc.,
2006 WL 3065577 (N.D. Cal. Oct. 27, 2006)......................................................10

Romala Stone, Inc. v. Home Depot U.S.A., Inc.,
2007 WL 2904110 (N.D. Ga. Oct. 1, 2007) .......................................................10

United Carbon Co. v. Binney & Smith Co.,
317 U.S. 228 (1942)............................................................................................................... 5


**Statutes & Rules**

35 U.S.C. § 112........................................................................................................2-5, 10

37 C.F.R. § 1.75.................................................................................................................... 4

Rule 56, F.R.Civ.P. .............................................................................................................. 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action Nos. |
| | : | |
| CINRAM, et al., | | 08CV0515 (RGS) |
| | : | |
| THE ADS GROUP, et al., | | 08CV4068 (RGS) |
| | : | |
| ENTERTAINMENT DISTRIBUTION COMPANY (USA) LLC, et al., and | | 08CV4070 (RGS) |
| | : | |
| OPTICAL EXPERTS MANUFACTURING INC., et al., | : | 08CV4071 (RGS) |
| | : | ECF Case |
| Defendants. | | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED CLAIMS ARE**
**INVALID AS INDEFINITE PURSUANT TO 35 U.S.C. § 112, SECOND PARAGRAPH**

Pursuant to Fed.R.Civ.P. 56, Defendants (collectively "Cinram") move for summary judgment that the asserted claims of U.S Patent No. 5,068,846 ("the '846 Patent") are invalid as indefinite pursuant to 35 U.S.C. § 112, ¶ 2.

In this action, Plaintiffs Koninklijke Philips Electronics, N.V. and U.S. Philips Corporation (collectively "Philips") accuse Cinram of infringing claims 1 through 5 of the '846 Patent. Each claim recites an optical storage disc that contains a "non-transmissive" optical structure. The claim term "non-transmissive" is indefinite as a matter of law because, as Philips concedes, its scope depends on a subjective rather than objective standard. The patent therefore

does not provide the necessary standard for the public to determine the scope of the asserted claims.

The Court has construed "non-transmissive" to mean "an optical structure that reduces the transmission of radiant light to the greatest degree practicable consistent with the intended purpose." (Dkt#164, 08-cv-0515, pg. 17). Based on this claim construction, Philips concedes through each of its experts that a subjective standard is required to determine the scope of the term. (Freedman Report, Carbo Decl. Exh. 1, pg. 13, ¶ 66 and pg. 14, ¶ 67, "the Court's standard is not an objective, quantitative, or absolute one" and "'the greatest degree practicable consistent with the intended purpose' is decided by each replicator"); (Ignatiev Report, Carbo Decl. Exh. 2, pg. 7, "The Thickness Of The Metal Layer Is A Subjective Determination Depending On The Manufacturer."); (Prucnal Report, Carbo Decl. Exh. 3, pg. 18, ¶ 86, The greatest degree practicable is subject to "an individual replicator's determination of what is commercially practicable.").

This leaves the determination of the degree of transmission of radiant light in the eye of the beholder. However, "[w]hile beauty is in the eye of the beholder, a claim term, to be definite, requires an <u>objective anchor</u>." *Datamize LLC v. Plumtree Software, Inc.,* 417 F.3d 1342, 1350 (Fed. Cir. 2005) (emphasis added). Because the term improperly requires the "subjective opinion of a particular individual" to determine the limits of the patent monopoly, it renders the claims of the '846 Patent indefinite pursuant to 35 U.S.C. § 112, ¶ 2 as a matter of law. *Id.*

Cinram previously moved for summary judgment of non-infringement because the '846 Patent claims, if construed to encompass discs which transmit plainly seen light, would be invalid based on two different statutory grounds: (1) failing to meet the written description and

enablement requirements of 35 U.S.C. § 112, first paragraph, and (2) failing to be sufficiently definite under 35 U.S.C. § 112, second paragraph.  (Dkt#83, 08-cv-0515, pp. 2, 12, 21-25).  In its claim construction decision, the Court anticipated that the '846 patent claims, as construed, could be invalid under Section 112.  The Court determined that invalidity on written description and enablement grounds under Section 112, ¶ 1, raises issues of fact.  (Memorandum and Order on Claim Construction, Dkt #164, 08-cv-00515, pg. 18, n. 19).  However, the Court did not address the other ground for invalidity: indefiniteness under ¶ 2 of Section 112.[1]  As discussed below, indefiniteness under ¶ 2 of 112 is a legal issue resolved by the Court as the construer of patent claims, rather than an issue of fact for the jury.

Because Philips' own experts state that the claim construction for the term "non-transmissive" is subjective, Philips cannot raise any genuine issue of material fact precluding a legal conclusion that the asserted claims are indefinite and therefore invalid under ¶ 2 of Section 112.

I.   **UNDISPUTED FACTS**

Philips alleges that Cinram et al. infringe claims 1 through 5 of U.S. Patent No. 5,068,846.  Claim 1 is an independent claim stating that the claimed disc includes a "non-transmissive" optical structure, and claims 2 through 5 are dependent on claim 1 and thus also require the optical structure to be "non-transmissive."

The Court has construed the claim term "non-transmissive" to mean "an optical structure that reduces the transmission of radiant light to the greatest degree practicable consistent with the intended purpose."  (Dkt#164, 08-cv-0515, pg. 17).

---

[1]  The Court quoted *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244 (Fed. Cir. 2008), which addresses the reasons for the definiteness requirement.  However, the Court did so in the context of its Section 112, ¶ 1 analysis.

## II.   **ARGUMENT**

### A.   The Issue Of Indefiniteness Is Properly Resolved Through Summary Judgment.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.   Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   To avoid summary judgment, the non-moving party may not rely on allegations or denials but must set out specific facts showing a genuine issue for trial.   The Court decides the motion based on "evidence <u>actually</u> presented, not on assorted evidentiary might-have-beens."   *Chemical Eng. Corp. v. Essef Industries, Inc.*, 795 F.2d 1565, 1572 (Fed. Cir. 1986) (emphasis in original).

Whether a patent claim is definite is a matter of law "that is drawn from the court's performance of its duty as the construer of patent claims."   *Exxon Research & Eng. Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001) *quoting Personalized Media Commc'ns v. ITC.*, 161 F.3d 696, 705 (Fed. Cir. 1998); *Atmel Corp. v. Information Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999). The inventor "must inform the public . . . of the limits of the monopoly asserted" so if even a single phrase renders a claim indefinite, then that claim and every claim that depends from it is invalid as a matter of law. *General Elec. Co. v. Wabash Appliance Corp.*, 304 U.S. 364, 369 (1938); *Datamize*, 417 F.3d at 1350-51; 37 C.F.R. § 1.75(c).   Accordingly, an indefiniteness analysis of the claims requires no discovery or trial and is an issue that is proper for summary adjudication. *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) (affirming District Court's granting of summary judgment that patent claims were invalid for being indefinite).[2]

---

[2]   A separate and different issue, not addressed in this motion, is whether the claims also satisfy the written description or enablement requirement of the first paragraph of 35 U.S.C. § 112.

B.     Subjective Claim Terms Are Indefinite As A Matter Of Law.

As a condition to patentability, the specification of a patent must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2.  The purpose of this requirement is to ensure that the claims delineate the scope of the invention using language that gives the public adequate notice of the patentee's right to exclude.

> Because claims delineate the patentee's right to exclude, the patent statute requires that the scope of the claims be sufficiently definite to inform the public of the bounds of the protected invention, i.e., what subject matter is covered by the exclusive rights of the patent. Otherwise, competitors cannot avoid infringement, defeating the public notice function of patent claims.

*Halliburton Energy Services, Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008); *Athletic Alternatives, Inc. v. Prince Mfg., Inc.,* 73 F.3d 1573, 1581 (Fed. Cir. 1996) ("[T]he primary purpose of the requirement is 'to guard against unreasonable advantages to the patentee and disadvantages to others arising from uncertainty as to their [respective] rights.'") (quoting *General Electric Co. v. Wabash Appliance Corporation*, 304 U.S. 364, 369 (1938)). This statutory requirement is satisfied only when the claims "clearly distinguish what is claimed from what went before in the art and clearly circumscribe what is foreclosed from future enterprise." *United Carbon Co. v. Binney & Smith Co.,* 317 U.S. 228, 236 (1942).

When any of the claim requirements is subjective, the scope of the claims, and thus, "the limits of the monopoly asserted" cannot be determined.  *Permutit Co. v. Graver Co.,* 284 U.S. 52, 60 (1931) ("[t]he statute requires the patentee … to inform the public during the life of the patent of the limits of the monopoly asserted, so that it may be known which features may be safely used or manufactured without a license and which may not." ).  "The scope of the claim

language cannot depend solely on the unrestrained, subjective opinion of a particular individual purportedly practicing the invention." *Datamize*, 417 F.3d at 1350.

The Federal Circuit routinely finds patent claims to be indefinite when they lack an objective standard for enabling the public to determine the scope of the claimed invention. *Halliburton*, 514 F.3d at 1253 (a claim to a "fragile gel," without defining how fragile relative to prior art gels, was invalid as indefinite); *Honeywell Intern., Inc. v. International Trade Com'n*, 341 F.3d 1332, 1340 (Fed. Cir. 2003) (claim reciting a variable physical quality, without disclosing which of several methods for determining the physical quality should be used, was invalid as indefinite); *Datamize, LLC v. Plumtree Software, Inc.,* 417 F.3d 1342, 1350 (Fed. Cir. 2005) (claim containing a term that was "dependent on a person's subjective opinion" was invalid as indefinite).

> C.  The Asserted Claims of the '846 Patent Are Indefinite Because, As Philips Concedes, They Require Subjective Perception To Determine The Meaning Of The Term "Non-Transmissive."

Summary judgment declaring the asserted claims of the '846 Patent to be invalid as indefinite is warranted as a matter of law.  As discussed above, indefiniteness is an issue of law.  Moreover, Philips cannot raise a genuine issue of material fact underlying the legal conclusion because its own experts specifically state that the scope of the phrase "non-transmissive" must be determined from the subjective perception of an individual.  The following are excerpts from the expert reports of each of Philips' three technical expert witnesses, each confirming that the scope of the term "non-transmissive" is variable and subjective:

**Expert Report Of Robert Freedman:**

- [I]n my opinion, the Court's standard is <u>not an objective, quantitative, or absolute</u> <u>one</u>.  Rather, the Judge made <u>the standard subjective</u> and <u>qualitative</u> by rejecting the word "possible," instead opting for the term "practicable." (Carbo Decl, Exh. 1, pg. 13, ¶ 66) (emphasis added).

- I expect to testify that the Court's claim construction <u>allows for variability on a</u> <u>case-by-case basis</u>, depending on which replicator is making the accused CD-Disc; <u>the standard is not measured against what others are doing</u>.  This <u>standard is</u> <u>met by whatever process a replicator uses</u> to make the optical structure non-transmissive or reflective to the greatest degree <u>it finds</u> practicable to make CD-Discs that meet the Red Book specifications, <u>according to that replicator's internal</u> <u>criteria at that time</u>.  Thus, the 'greatest degree practicable consistent with the intended purpose' <u>is decided by each replicator</u> when it decides to make Red Book standards-compliant discs intended to be read by the end-users' CD players. That could be <u>a range depending on which manufacturer is making the CD-Disc.</u> (Carbo Decl, Exh. 1, pg. 14, ¶ 67).

- I expect to testify that based on my experience as a CD-Disc replicator, like the Defendants in this case, what is a 'practicable' reduction of transmissivity <u>will</u> <u>depend on commercial realities, limitations, and practicalities of making</u> <u>commercial CDs</u>, especially as the commercial CD-Disc manufacturing process depends on the available equipment and raw materials utilized in manufacturing discs. (Carbo Decl, Exh. 1, pg. 14, ¶ 68).

- Based on changes in technology, I expect to testify that what is practicable for making CDs for their intended purpose changes over time. (Carbo Decl, Exh. 1, pg. 15, ¶ 71).

- Thus, I expect to testify that each replicator has to decide independently, based on the equipment they have, their raw materials, and their manufacturing process and parameters, what is the greatest degree of metal thickness, and consequently the greatest degree of light reduction and reflection, practicable to make a disc that is consistently, across the entire disc, at least 70% reflective, but still cost effective. (Carbo Decl, Exh. 1, pg. 16, ¶ 74).

**Expert Report Of Alex Ignatiev:**

- The Thickness Of The Metal Layer Is A Subjective Determination Depending On The Manufacturer. (Carbo Decl, Exh. 2, pg. 7).

- The patent specifically states that '[t]he thickness of this metal lawyer is not of importance. . . .' In my opinion, that allows each manufacturer to subjectively determine how thick the metal layer should be on their CD-Discs in order to make a disc that is read in reflection and not in transmission. (Carbo Decl, Exh. 2, pg. 7, ¶ 27).

- Accordingly, I expect to testify that how much metal is deposited on a replicator's CD-Disc is decided on a manufacturer-by-manufacturer basis according to their individual determinations based on machine settings and adjustments when depositing the material. (Carbo Decl, Exh. 2, pg. 7, ¶ 28).

**Expert Report Of Dr. Paul Prucnal:**

- I expect to testify that according to the Court's construction the '846 patent is infringed by an otherwise infringing [sic] CD-Disc if that disc's optical structure reduces the transmission of radiant light to the greatest degree practicable for the purpose of creating a disc that meets industry standards for reading in reflection . . . runs and plays in a typical CD player, and <u>meets manufacturing and commercial goals as set individually by the different replicators.</u> (Carbo Decl, Exh. 3, pg. 17, ¶ 82).

- Thus, I expect to testify that a 'non-transmissive, radiation reflecting optical structure' disc according to the Court's construction is one which has enough metal to block light and increase reflectivity to the greatest degree a replicator finds practicable while still complying with the 'Red Book' specifications, including being consistently at least 70% reflective <u>considering manufacturing realities, and meeting an individual replicator's determination of what is commercially practicable from a cost and business perspective</u>. (Carbo Decl, Exh. 3, pg. 18, ¶ 86).

- I expect to testify that the thickness of metal layers in CD-Discs and the resulting degree of non-transmissivity and reflectivity <u>may change over time</u>. (Carbo Decl, Exh. 3, pg. 20, ¶ 94)

Therefore, according to Philips, in order to apply the Court's claim construction to determine infringement, a jury must improperly go beyond an evaluation of the accused products and assess each replicator's individual purpose and process for making them. In addition, any definition that the non-transmissivity of the CD-Discs required for infringement "changes over

time" makes the claim term "non-transmissive" indefinite as it would not be amenable to a reasonable and consistent construction.  In fact, one CD-Disc might infringe while another physically identical CD-Disc might not infringe, simply because the latter was manufactured by a different replicator, at a different time, or using physically identical raw materials purchased at a different price.

Accordingly, the claim limitation "non-transmissive" lacks an "objective anchor" as required by 35 U.S.C. §112, ¶ 2 because the patent does not give the public notice of the objective degree to which the transmission of radiant light must be reduced in order to fall within the scope of the claims.  *Rackable Systems, Inc. v. Super Micro Computer, Inc.*, 2006 WL 3065577, at *7-8 (N.D. Cal. Oct. 27, 2006) (finding claim term "intermittent" to be indefinite because it suggests a time frame "and a certain regularity that depends on a user's purpose."); *Romala Stone, Inc. v. Home Depot U.S.A., Inc.*, 2007 WL 2904110, at *6 (N.D. Ga. Oct. 1, 2007) (finding claim term "a price affordable to an average consumer" to be indefinite because "no objective standard is provided by which a person reading the patent could determine if he were infringing the patent.").  Because the '846 Patent fails to set objective bounds for the claimed invention, it leaves the public with an unacceptable uncertainty in determining which optical structures transmitting observable amounts of light are "non-transmissive" within the scope of the claims, and which optical structures transmitting observable amounts of light are not "non-transmissive" and are thus outside the scope of the claims.  This offends the public notice function of patents as it does not notify the public of the patentee's right to exclude.

As stated in *Datamize*, the meaning of claim terms "cannot depend on the undefined views of unnamed persons, even if they are experts, specialists, or academics."  *Datamize,* 417 F.3d at 1352-53.   Because, according to Philips, the "non-transmissive" claim limitation

involves a "subjective determination," the Court should find the asserted claims indefinite and invalid as a matter of law.

III.     **<u>CONCLUSION</u>**

Based on the facts and authorities set forth above, Cinram respectfully requests that the Court issue an order on summary judgment finding that the asserted claims of the '846 Patent are invalid as indefinite.

Respectfully submitted,

Dated: November 22, 2011          COOPER & DUNHAM LLP


                                   _/s Norman H. Zivin
                                   Norman H. Zivin (NZ-6053)
                                   Ivan Kavrukov (IK-4452)
                                   Tonia A. Sayour (TS-7208)
                                   Gregory J. Carbo (GC-8459)
                                   30 Rockefeller Plaza
                                   New York, New York 10112
                                   Tel: (212) 278-0400
                                   Fax: (212) 391-0525
                                   nzivin@cooperdunham.com
                                   ikavrukov@cooperdunham.com
                                   tsayour@cooperdunham.com
                                   gcarbo@cooperdunham.com

                                   Attorneys for Defendants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of November, 2011, I caused a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED CLAIMS ARE INVALID AS INDEFINITE PURSUANT TO 35 U.S.C. § 112, SECOND PARAGRAPH** to be served by email and first class mail, postage pre-paid, on the following attorneys for plaintiffs, addressed as follows:

> Edward D. Johnson
> MAYER BROWN LLP
> Two Palo Alto Square, Suite 300
> 3000 El Camino Real
> Palo Alto, California 94306-2112
> wjohnson@mayerbrown.com
>
> Vince P. Kovalick
> John F. Hornick
> Alicia Carney
> Nathan Evans
> Steve Hennessy
> FINNEGAN, HENDERSON, FARABOW,
>    GARRETT & DUNNER, L.L.P.
> 901 New York Avenue, N.W.
> Washington, D.C. 20001
> vince.kovalick@finnegan.com
> John.Hornick@finnegan.com
> Alicia.Carney@finnegan.com
> Nathan.Evans@finnegan.com
> Steve.Hennessy@finnegan.com
>
> Christopher Houpt
> Lisa Miller
> MAYER BROWN LLP
> 1675 Broadway
> New York, New York 10019
> choupt@mayerbrown.com
> lmiller@mayerbrown.com

> /s Eric M. Eisenberg
> Eric M. Eisenberg

12